UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RESEARCH COMMUNICATIONS, LTD., | ) | CASE NO.:  3:00cv2179-avc |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEREDITH CORPORATION, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| MEREDITH CORPORATION, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALERIE CRANE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S RENEWED MOTION TO COMPEL DISCOVERY</u>**

Meredith Corporation ("Meredith"), defendant in the above-captioned action, submits this memorandum of law in support of its Renewed Motion to Compel Discovery pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rules 7 and 37.  For the reasons discussed below, Meredith respectfully asks that the Court enter an Order compelling plaintiff, Research Communications, Ltd. ("RCL"), to produce the RCL Analysts Handbook (the "Handbook").

The relevant facts are contained in the accompanying Affidavit of Robert M. Callagy, sworn to on October 14, 2003 ("Callagy Aff."), and in the attachments thereto.

**ORAL ARGUMENT REQUESTED**

**PRELIMINARY STATEMENT**

For a second time, RCL's refusal to provide discovery has left defendant Meredith with no option but to seek the Court's intervention. Meredith first moved to compel discovery on July 31, 2002. Callagy Aff. ¶ 4, Exhib. B. That motion included a request for the very document – RCL's Handbook – that is the subject of this renewed motion. Callagy Aff. ¶ 4, Exhib. B, at 8. In its opposition, RCL certified to the Court that "the issues raised in Meredith's motion have been resolved or will be resolved without the need for Court intervention." Callagy Aff. ¶ 4, Exhib. C. Based on that certification, the Court on December 28, 2002 denied Meredith's motion to compel as moot. Callagy Aff. ¶ 4, Exhib. D.

Despite its certification, RCL has again adopted an obstructionist stance with respect to discovery and has flatly refused to produce anything more than a partial excerpt of the RCL Handbook. That excerpt falls well short of RCL's production obligation. First, the Handbook is clearly called for by Defendant Meredith Corporation's Request for Production of Documents to Plaintiff. Request No. 50, in particular, asks for "[a]ll . . . *manuals* . . . employed by RCL to constrain or instruct anyone performing data analysis . . . ." Callagy Aff. ¶ 2, Exhib. A.

Second, Dr. Bonita Soley, a former RCL researcher who worked on Meredith projects, testified in response to questions posed by RCL's counsel that she relied heavily upon the Handbook. Callagy Aff. ¶ 10, Exhib. K. Dr. Soley's testimony, which was cited in Meredith's first motion to compel, itself more than confirms the relevance of the Handbook. Moreover, third-party defendant Valerie Crane, the owner of RCL, acknowledged that the Handbook was a document Dr. Soley might have referred to, because it "sets out . . . what the different procedures are for studies and protocols that you follow . . . ." Callagy Aff. ¶ 10, Exhib. L. Over the past year, RCL's counsel has not yet been able to articulate an explanation of why Meredith is not

2

entitled to a document that RCL's own employee claimed was critical to her analyses and that RCL's owner confirms would have provided guidance.

Finally, RCL must produce the Handbook, because it has now provided at least a portion of the Handbook to at least one of its experts, Dr. Michael A. Grossman ("Dr. Grossman"), who then opined on RCL's data analysis.  Callagy Aff. ¶ 5, Exhib. N.  Meredith has requested, and is entitled to under Federal Rule of Civil Procedure 26(a)(2)(B), all materials furnished to such experts.  Without those materials, Meredith's ability to test the conclusions of RCL's experts will be substantially prejudiced.

Accordingly, RCL should be compelled to produce the Handbook in effect at the time the services were being rendered for RCL, which Plaintiff's counsel has acknowledged contains approximately 1,000 pages and does not contain any information dealing with employee benefits or the like.

## BACKGROUND

The issues in this case can be stated succinctly.  Plaintiff RCL claims that Defendant Meredith breached a contract with RCL by exercising a cancellation clause within that contract. Meredith, for its part, asserts that it had a right to exercise the cancellation clause and asserts affirmative defenses.

Meredith also brings counterclaims alleging that RCL committed fraud in inducing Meredith to enter into a relationship with RCL, and that RCL breached its obligations to Meredith in the way in which it performed under the contract.  In particular, Meredith alleges that RCL altered research results so as to make them useless or, worse, damaging.

3

A.     Meredith's Document Requests

On September 14, 2001, Meredith served its First Request for Production of Documents to RCL. Callagy Aff. ¶ 2, Exhib. A. In its document requests, Meredith sought material relevant to its claim that RCL conducted its research in a manner that grossly deviated from accepted industry norms and in ways designed to produce flawed results. Thus, among other things, Meredith requested the following:

> Request No. 50: All standards, manuals, or written procedures or policies employed by RCL to constrain or instruct anyone performing data analysis regarding how segmentation analysis should be performed, including but not limited to any such documents relating to factor analysis, cluster analysis, item analysis or scale creations and refinement, and any other statistical or data analysis procedures involved in performing a segmentation analysis.

Callagy Aff. ¶ 2, Exhib. A (emphasis added). In addition, Request No. 22 called for "[a]ll documents referring or relating to the education, training, and other qualifications of all persons employed by or affiliated with RCL who participated in performing services for Meredith . . . ." Callagy Aff. ¶ 2, Exhib. A (emphasis added). Request No. 49 requested "[t]o the extent not previously requested, with respect to each research study performed by RCL for Meredith . . . all documents referring or relating" to the "analyses done by RCL to provide a segmentation to Meredith." Callagy Aff. ¶ 2, Exhib. A

B.     Dr. Soley's Testimony Concerning the Handbook

That the Handbook falls within the above requests became clear during the June 27, 2002 deposition testimony of Dr. Soley. Callagy Aff. ¶ 10, Exhib. K. In response to the question from RCL's counsel, "did you receive any training at RCL in the use of cluster analysis?" Dr. Soley testified: "Well, RCL had their own set guidelines for settings, you know, that they wanted for the cluster analysis, which was in the manual, so you just followed those." Callagy Aff. ¶ 10, Exhib. K, at 36. Answering an additional question posed by counsel for RCL

concerning on-the-job training, Dr. Soley testified: "I relied on the manual." Callagy Aff. ¶ 10, Exhib. K, at 52.

Dr. Soley further elaborated on her use of the Handbook and its contents:

> It was pretty much an outline of all the different tasks that you would do. . . . I think the analyst's handbook was probably better than the manager's handbook, because it outlined all the statistical procedures, what exactly, you know, had to be done for each one. And it was very useful for that. And while doing the analyst task I relied on that quite a bit.

Callagy Aff. ¶ 10, Exhib. K, at 54-55.[1]

C. RCL's Continued Failure to Meet its Production Obligations

Although the relevance of the Handbook could not have been clearer, and although RCL had represented to this Court that it would resolve discovery issues without the need for judicial intervention, RCL continued to withhold the Handbook. RCL refused to produce the manual even after providing a portion to at least one of its experts, Dr. Grossman, who then identified and referred to the Handbook in his report. Callagy Aff. ¶ 5, Exhib. N. By letter dated July 15, 2003, Meredith's counsel informed opposing counsel that Meredith had not received the materials reviewed by Dr. Grossman, in connection with his June 27, 2003 report. Callagy Aff. ¶ 5, Exhib. E.

By letter dated August 4, 2003, counsel for RCL represented that "RCL has produced copies of the RCL Analysts Handbook pertaining to benefits segmentation studies." Callagy Aff. ¶ 6, Exhib. F. Counsel further represented that RCL would produce "any documents referenced" in the reports prepared by RCL's experts, Dr. Grossman and Suzanne Sell ("Sell"). However, as subsequent correspondence clarified, RCL did not interpret its production

---

[1] As noted above, Dr. Soley's testimony was confirmed by Valerie Crane, the owner of RCL, who testified that Dr. Soley could have relied on the Handbook and that it provides procedures and protocols for research analysis. Callagy Aff. ¶ 10, Exhib. L.

obligation to include the entire Handbook, but only a selected excerpt of one page on segmentation analysis. Callagy Aff. ¶¶ 7, 11.

By letter dated September 18, 2003, Meredith's counsel reiterated Meredith's request for the Handbook. Callagy Aff. ¶ 8, Exhib. H. As counsel explained, Meredith's affirmative defenses and counterclaims include claims of failure of performance and fraud. Thus, "[t]he entire RCL handbook, to the extent it deals with standards or guidelines for performance of services by RCL, would be relevant to these claims." Moreover, counsel pointed out that RCL's discovery obligations with respect to its experts includes all materials "provided to or received from RCL's experts" and not simply the specific documents relied upon by those experts. In a good faith attempt to reach a compromise, Meredith's counsel agreed to exclude portions of the Handbook dealing with employee compensation or benefits of which, it turned out, counsel for Plaintiff advised that there was none. Meredith's counsel cautioned that failure to produce the Handbook would leave Meredith no choice but to renew its motion to compel.

By letter dated September 25, 2003, RCL's counsel again refused to produce the Handbook and asserted that neither Request No. 50 of Meredith's first request for documents, nor any other Request, calls for its production. Callagy Aff. ¶ 9, Exhib. I. Yet, as Meredith's counsel pointed out in his letter of September 30, 2003, Request No. 50 calls for production of "All . . . *manuals* . . . employed by RCL to constrain or instruct anyone performing data analysis . . . ." (emphasis added). Callagy Aff. ¶ 10. Counsel further stated that the Handbook's relevance was demonstrated by RCL's counsel's examination of Dr. Bonita Soley concerning its contents, and by the fact that Dr. Grossman refers to the Handbook in his report. Finally, Meredith's counsel reminded opposing counsel that the case is governed by a protective order.

6

In a response letter, dated October 3, 3003, RCL's counsel again refused to produce the Handbook. Callagy Aff. ¶ 11, Exhib. M. Contrary to Meredith's document requests and the requirements of the Federal Rules of Civil Procedure, RCL's counsel maintained that the fact that RCL provided the Handbook or a portion thereof to one of its experts does not require disclosure of anything more than those portions of the Handbook actually relied upon by the RCL experts. The October 3 letter, and a subsequent conversation between counsel on October 8, made clear that further discussion between counsel would not be productive, and Meredith's counsel advised opposing counsel of Meredith's intent to bring this motion. Callagy Aff. ¶ 12.

## ARGUMENT

Federal Rule of Civil Procedure 26(b) states that the proper scope of discovery is broad and that it includes "any matter, not privileged, that is relevant to the claim or defense of any party." Further, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). In its scope, Rule 26 embodies long standing case law recognizing the importance of affording parties an opportunity to fully examine matters that might bear upon an action. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (construing relevance broadly to encompass any matter that bears on, or could reasonably lead to other matters that could bear on, any issue that is or may be in the case); see also Boutvis v. Risk Management Alternatives, Inc., 2002 WL 971666, *1, No. Civ. 301CV1933 (DJS) (D. Conn. May 3, 2002) ("In the Second Circuit, '[t]his obviously broad rule is liberally construed.'") (quoting David Steele Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991)).

533389_1

A.    RCL MUST PRODUCE THE HANDBOOK

The Handbook is called for by Meredith's Request for Documents, as confirmed by RCL's employee, Dr. Soley, who testified in response to questions posed by RCL's counsel that she relied upon the Handbook for training and to perform her analyses. Callagy Aff. ¶ 10, Exhib. K. In light of that testimony, Valerie Crane's testimony to the same effect, Callagy Aff. ¶ 10, Exhib. L, and because the quality of RCL's analyses, or grievous lack thereof, is relevant to all of the claims and defenses in this case, it is plain that that the Handbook itself is both highly relevant and reasonably calculated to lead to the discovery of admissible evidence. See, e.g., Boutvis, 2002 WL 971666, at *2 (granting motion to compel and holding that "plaintiff is entitled to discover the requested information, since it will enable him to test the truth of [defendant's] representations.").

Also without merit is RCL's counsel's assertion that disclosure is not required, pursuant to Meredith's requests for expert discovery, because "neither of RCL's experts *relied* upon the complete RCL handbook." Callagy Aff. ¶ 11, Exhib. M (emphasis added). The Federal Rules require production of all material *considered* by a testifying expert. See Fed. R. Civ. Pro. 26(a)(2)(B) (stating that written report must contain "the data or other information considered"). The advisory committee notes make plain that "considered" is not the same thing as "relied upon," stating that "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure . . . ." Advisory Committee Notes, 1993 Amendments.

Courts have routinely upheld the distinction between consideration and reliance and have provided that "all materials 'considered' by a testifying expert witness in forming her opinion are

8

533389_1

fully discoverable by the adverse party . . . ." <u>Messier v. Southbury Training Sch.</u> 1998 WL 422858, No. 3:94-CV-1706 (EBB), *1 (D. Conn. June 29, 1998).  As the <u>Messier</u> court observed, expert testimony "is often determinative of one or more central issues in a case "and "it is critical that an adverse party have an opportunity to explore any biases or unreliabilities that might affect an expert's objectivity." <u>Id.</u> (citation omitted).  In addition, "[t]he party seeking to compel the production of documents under Rule 26(a)(2)(B) 'should not have to rely on [the resisting party's] representation that . . . documents were not considered by the expert in forming his opinion.'" <u>In re Air Crash at </u>Dubrovnik, 2001 WL 7774333, No. MDL 1180, Civ 398CV2464AVC, *5 (D. Conn. June 4, 2001).

     Finally, RCL has in any case not preserved its right to object to production of the entire Handbook.  In response to Meredith's request concerning "all documents . . . provided to, relied upon, or received from any expert witness retained or utilized by you in connection with this matter," RCL agreed, subject only to privilege and general objections, to "produce copies of all documents <u>identified</u> in the expert reports of Ronald L. Nuttall and Suzanne L. Sell." Callagy Aff. ¶ 8, Exhib. O.  Dr. Grossman (whom RCL substituted for Dr. Nuttall) then proceeded to identify the Handbook in his expert report.  Callagy Aff. ¶ 5, Exhib. N.  Accordingly, by the terms of its own representation, RCL must produce the Handbook.

**CONCLUSION**

For the foregoing reasons, Meredith's renewed motion to compel should be granted.

Dated:  New York, New York
        October 16, 2003

                Respectfully submitted,


By  _____
        Albert Zakarian, Esq.
        Federal Bar Number ct04201
        DAY, BERRY & HOWARD LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        (860) 275-0303


        and

        Robert M. Callagy (*pro hac vice*)
        Federal Bar Number ct24386
        SATTERLEE STEPHENS BURKE & BURKE LLP
        230 Park Avenue
        New York, New York 10169
        (212) 818-9200

        Attorneys for Defendant/Counterclaim-Plaintiff Meredith Corporation

533389_1

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 16th day of October, 2003 by regular first class mail to all counsel and pro se parties as follows:

| | |
|---|---|
| Joseph T. Tanski, Esq.<br>David B. Mack, Esq.<br>Nixon Peabody LLP<br>101 Federal Street<br>Boston, Massachusetts 02110 | Charles W. Pieterse, Esq.<br>Whitman Breed Abbott & Morgan<br>100 Field Point Road<br>Greenwich, CT  06830 |
| Roger T. Stetson, Esq.<br>Belin Lamson McCormick Zumbach Flynn<br>A Professional Corporation<br>The Financial Center<br>666 Walnut Street Suite 2000<br>Des Moines, Iowa  50309-3989 | James G. Sawtelle, Esq.<br>Duncan Green Brown Langeness & Eckley,<br>A Professional Corporation<br>Capital Square<br>400 Locust Street Suite 380<br>Des Moines, Iowa  50309 |

_____
Albert Zakarian

533389_1

11