UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 16  P 4:04

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | CASE NO.: 3:00cv2179-avc |
| ) | US DISTRICT COURT |
| Plaintiff/Counterclaim-Defendant, ) | HARTFORD CT |
| ) | |
| v. ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
| Defendant/Counterclaim-Plaintiff, ) | |
| ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
| v. ) | |
| ) | |
| VALERIE CRANE, ) | |
| ) | |
| Third-Party Defendant. ) | |

## AFFIDAVIT OF ROBERT M. CALLAGY

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

ROBERT M. CALLAGY, being duly sworn, deposes and says:

1. I am a member of the firm of Satterlee Stephens Burke & Burke LLP, which has its offices at 230 Park Avenue, New York, New York 10169. (Telephone: 212-818-9200). I represent the defendant Meredith Corporation ("Meredith") and, pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rules 7 and 37, I submit this affidavit in support of Meredith's Renewed Motion to Compel Discovery. I have been admitted *pro hac vice* in this action.

2.  Meredith requests an Order compelling production from plaintiff Research Communications, Ltd. ("RCL") of the RCL Analysts Handbook ("Handbook") as called for by Defendant Meredith Corporation's Request for Production of Documents to Plaintiff (attached hereto as **Exhibit A**) as well as Meredith's requests for expert discovery and Federal Rule of Civil Procedure 26(a)(2)(B).

3.  Before seeking the Court's assistance, I made repeated attempts, over the course of several months, to obtain the requested document through good faith conferral with opposing counsel. The parties remain unable to agree, and with the depositions of RCL's expert witnesses Suzanne L. Sell and Michael A. Grossman scheduled for October 21, Meredith now seeks the Court's intervention.

4.  Meredith first moved to compel discovery on July 31, 2002 (attached hereto as **Exhibit B**). The motion to compel included a specific request for the Handbook. In its opposition, (attached hereto as **Exhibit C**), RCL certified to the Court that "the issues raised in Meredith's motion have been resolved or will be resolved without the need for Court intervention." Based on RCL's certification, the Court on December 28, 2002 denied Meredith's motion to compel as moot. See December 28, 2002 Order (attached hereto as **Exhibit D**).

5.  RCL did not produce the Handbook. By letter dated July 15, 2003, (attached hereto as **Exhibit E**), I informed opposing counsel that Meredith had not, among other things, received the materials reviewed by RCL's expert, Michael A. Grossman ("Grossman"), in connection with his June 27, 2003 report. The fifth footnote to Dr. Grossman's report (attached hereto as **Exhibit N**) contains the following citation: "RCL Analysts' Handbook P. 67."

6.  By letter dated August 4, 2003, (attached hereto as **Exhibit F**), counsel for RCL represented that "RCL has produced copies of the RCL Analysts Handbook pertaining to

2

533298_1

benefits segmentation studies." Counsel further agreed to produce "any documents referenced" in the reports prepared by RCL's experts, Michael Grossman and Suzanne Sell.

7. By letter dated September 3, 2003, (attached hereto as **Exhibit G**), I again requested production of the Handbook. RCL's counsel informed me subsequently that RCL had already produced an excerpt and would not agree to produce the entire Handbook.

8. By letter dated September 18, 2003, (attached hereto as **Exhibit H**), and referencing a telephone conversation earlier that week with Plaintiff's counsel, I reiterated Meredith's request for the Handbook. I stated that Meredith's affirmative defenses and counterclaims include claims of failure of performance and fraud, and that, therefore, "[t]he entire RCL handbook, to the extent it deals with standards or guidelines for performance of services by RCL, would be relevant to these claims." I further stated that Meredith's requests call for all materials "provided to or received from RCL's experts" and not simply the specific documents relied upon by those experts. (A copy of the relevant portions of Defendant Meredith Corporation's Third Set of Interrogatories Propounded to Plaintiff and Third-Party Defendant and Research Communication Ltd.'s Answers to Defendant Meredith Corporation's Third Set of Interrogatories is attached hereto as **Exhibit O**). In a good faith attempt to reach a compromise, I agreed to exclude portions of the Handbook dealing with employee compensation or benefits. I advised that failure to produce the Handbook would leave Meredith no choice but to renew its motion to compel.

9. By letter dated September 25, 2003, (attached hereto as **Exhibit I**) RCL's counsel again stated that RCL would not produce the entire Handbook and asserted that neither Request No. 50 of Meredith's first request for documents, nor any other request, calls for its production.

3

533298_1

10. I stated in my letter of September 30, 2003, (attached hereto as **Exhibit J**), that Request No. 50 calls for production of "All . . . *manuals* . . . employed by RCL to constrain or instruct anyone performing data analysis . . . ." (emphasis in original). I further stated that the Handbook's relevance was demonstrated by RCL's counsel's examination of Dr. Bonita Soley, an RCL researcher who worked on Meredith projects, concerning its contents, and by the fact that Dr. Grossman refers to the Handbook in his report. Finally, I reminded counsel that this case is governed by a protective order. The relevant portions of Dr. Soley's testimony are attached hereto as **Exhibit K**. Related testimony of third-party defendant Valerie Crane is attached hereto as **Exhibit L**.

11. In a response letter, dated October 3, 3003, (attached hereto as **Exhibit M**), RCL's counsel reiterated his client's refusal to produce the Hand book, stating that only a brief excerpt already produced is called for by Request No. 50. In apparent response to my request for the Handbook as a document provided to RCL's experts, counsel stated that "neither of RCL's experts relied upon the complete RCL handbook."

12. I spoke with RCL's counsel by telephone on October 8, 2003 and again informed him that Meredith intended to file a motion to compel. I also stated that, in addition to Request No. 50, the Handbook is responsive to other document requests and must be produced as a document that was provided to RCL's experts. After conferring, we were not able to resolve our disagreement.

_____
ROBERT M. CALLAGY

Sworn to before me this
14th day of October, 2003

_____
NOTARY PUBLIC

MICHELLE MASINO
Notary Public, State of New York
No. 24-4780501
Qualified in Kings County
Commission Expires 7/31/05