UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RESEARCH COMMUNICATIONS, LTD., | ) | CASE NO. 3:00CV2179-ACV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT MEREDITH |
| | ) | CORPORATION'S REQUEST FOR |
| MEREDITH CORPORATION, | ) | PRODUCTION OF DOCUMENTS |
| | ) | TO PLAINTIFF |
| Defendant. | ) | |

COMES NOW Defendant Meredith Corporation and hereby requests that Plaintiff Research Communications, Ltd., respond to the following request for production of documents, separately and fully, in writing and under oath, in accordance with Federal Rules of Civil Procedure 26 and 34.

The following definitions and instructions should be applied to each document request unless otherwise stated:

DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1.      "Meredith," as used herein, shall mean Meredith Corporation, any of Meredith's subsidiaries or parents, as well as each and every official of Meredith (whether elected or appointed), staff, agents, employees, and all other persons acting on behalf of Meredith.

2.      "Plaintiff" or "RCL" as used herein, shall mean Research Communication, Ltd., as well as each and every official of RCL (whether elected or appointed), staff, agents, employees, and all other persons acting on behalf of RCL.

| RECORD FOLDER | | | |
|---|---|---|---|
| Received Satterlee Stephens Burke & Burke | | | |
| MAIL | FAX | HAND | OTHER |
| 9/11/01 | | | |
| TO: | Rac | nof | Em2 |

3.    "Document," as used herein, shall mean the conveyance of information in any of the forms identified in Federal Rule of Civil Procedure 34, including, but not limited to, information transmitted by letter, telex or any other process, electric, electronic or otherwise and including any writings (whether printed, typed, handwritten or in other readable form), correspondence, memos, reports, contracts, diaries, logbooks, minutes or notes.

## INSTRUCTIONS

A.    Unless documents are produced as kept in the ordinary course of business, Plaintiff should identify, on a document by document basis, the document request(s) to which Plaintiff believes each document is responsive.  If documents are produced in the ordinary course of business, any file labels, names, markings, or titles also should be produced.

B.    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing a document, set forth all facts upon which the claim of privilege is based, and for each document as to which you claim any form of privilege, identify the date, subject matter, author(s), and recipient(s) of the documents, including all persons to whom the document has been provided or who have it in their possession.

C.    In answering these document requests, words used in the singular number shall include the plural number and words used in the plural number shall refer to the singular number as well.  Gender is to be wholly disregarded, the neuter referring as well to the male and the female, and the male and female referring to each other as well as to the neuter.

D.    The words "and" and "or" shall be construed conjunctively or disjunctively, as is necessary to make each document request inclusive rather than exclusive.

E.    This document request shall be deemed continuing so as to require additional response if further documents are produced or discovered between the time documents are produced and the time of trial, as provided by Federal Rule of Civil Procedure 26(e).

## REQUESTS

**REQUEST NO. 1:**  All documents referring or relating to any communication between Meredith and RCL.

**RESPONSE:**

**REQUEST NO. 2:**  All documents referring or relating to any communication between Meredith and Valerie Crane.

**RESPONSE:**

**REQUEST NO. 3:**  All documents referring or relating to communications between RCL or Crane and any third party concerning Meredith.

**RESPONSE:**

**REQUEST NO. 4:**  All documents referring or relating to any contract between Meredith and RCL, including but not limited to negotiations, draft contracts, and signed contracts.

**RESPONSE:**

**REQUEST NO. 5:**  All documents referring or relating to payments made by Meredith to RCL.

**RESPONSE:**

**REQUEST NO. 6:**  All documents referring or relating to bills or invoices submitted to Meredith by RCL.

**RESPONSE:**

**REQUEST NO. 7:** All documents referring or relating to all costs or expenses incurred by RCL in connection with each research study identified in RCL's answer to Interrogatory No. 11 of Meredith First Set of Interrogatories Directed to RCL.

**RESPONSE:**

**REQUEST NO. 8:** All documents referring or relating to the computation of costs overruns or "overage" amounts on studies performed by RCL for Meredith, including all correspondence relating thereto.

**RESPONSE:**

**REQUEST NO. 9:** All documents referring or relating to expenses incurred by RCL in connection with studies for Meredith that have not been completed.

**RESPONSE:**

**REQUEST NO. 10:** All documents referring or relating to travel and lodging expenses incurred by RCL or Valerie Crane in connection with services performed by RCL for Meredith.

**RESPONSE:**

**REQUEST NO. 11:** All documents referring or relating to services performed by RCL at WOFL-TV in Orlando, Florida.

**RESPONSE:**

**REQUEST NO. 12:** All documents referring or relating to services performed by RCL at KPDX-TV in Portland, Oregon.

**RESPONSE:**

**REQUEST NO. 13:** All documents referring or relating to services performed by RCL at KCTV in Kansas City, Missouri.

**RESPONSE:**

**REQUEST NO. 14:** All documents referring or relating to services performed by RCL at WSMV-TV in Nashville, Tennessee.

**RESPONSE:**

**REQUEST NO. 15:** All documents referring or relating to services performed by RCL at WHNS-TV in Greenville, South Carolina.

**RESPONSE:**

**REQUEST NO. 16:** All documents referring or relating to services performed by RCL at WNEM-TV in Flint, Michigan.

**RESPONSE:**

**REQUEST NO. 17:** All documents referring or relating to services performed by RCL at KVVU-TV in Las Vegas, Nevada.

**RESPONSE:**

**REQUEST NO. 18:** All documents referring or relating to services performed by RCL at WFSB-TV in Hartford, Connecticut.

**RESPONSE:**

**REQUEST NO. 19:** All documents referring or relating to services performed by RCL at WGCL-TV in Atlanta, Georgia, including any documents referring or relating to services performed by RCL for WGNX-TV in Atlanta, Georgia.

**RESPONSE:**

**REQUEST NO. 20:** All documents referring or relating to services performed by RCL in connection with "Lifestyles" studies performed by RCL in any of the markets listed in Requests No. 11 through 19.

**RESPONSE:**

**REQUEST NO. 21:** All documents referring or relating to services provided by RCL for Better Homes & Gardens television programs.

**RESPONSE:**

**REQUEST NO. 22:** All documents referring or relating to the education, training, and other qualifications of all persons employed by or affiliated with RCL who participated in performing services for Meredith, and all personnel or employment files for such persons.

**RESPONSE:**

**REQUEST NO. 23:** All documents referring or relating to any application for employment submitted to RCL by any person identified in RCL's answer to Interrogatory No. 12 of Meredith Corporation's First Set of Interrogatories to Plaintiff, including but not limited to any resume or curriculum vitae of each such person.

**RESPONSE:**

**REQUEST NO. 24:** All employment contracts between RCL and any person identified in RCL's answer to Interrogatory No. 12 of Meredith Corporation's First Set of Interrogatories to Plaintiff.

**RESPONSE:**

**REQUEST NO. 25:** All documents referring or relating to any financial statements, balance sheets, statements of income and retained earnings, income and expense reports, statements of cash flow, and state and federal income tax returns prepared by or on behalf of RCL from January 1, 1993, to the present.

**RESPONSE:**

**REQUEST NO. 26:** All documents referring to relating to Orbis Broadcasting, Inc.

**RESPONSE:**

**REQUEST NO. 27:** All documents referring to relating to Fisher-Merlis Television, Inc.

**RESPONSE:**

**REQUEST NO. 28:** All documents referring or relating to Steadfast Film & Television, Inc.

**RESPONSE:**

**REQUEST NO. 29:** All documents referring or relating to Continental Cablevision.

**RESPONSE:**

**REQUEST NO. 30:** All documents referring or relating to Laura Ann Brown.

**RESPONSE:**

**REQUEST NO. 31:** All documents referring or relating to Jeffry Fulp.

**RESPONSE:**

**REQUEST NO. 32:** All documents referring or relating to communications between Valerie Crane or RCL and Lawrence Emsweller.

**RESPONSE:**

**REQUEST NO. 33:** All documents referring or relating to "Emsweller Media Strategies, Inc.," and any other company formed or created by Lawrence Emsweller.

**RESPONSE:**

**REQUEST NO. 34:** All documents referring or relating to communications between Valerie Crane or RCL and John Loughlin.

**RESPONSE:**

**REQUEST NO. 35:** All documents referring or relating to communications between Valerie Crane or RCL and William T. Kerr.

**RESPONSE:**

**REQUEST NO. 36:** All documents referring or relating to communications between Valerie Crane or RCL and Chuck Cordray.

**RESPONSE:**

**REQUEST NO. 37:** All documents referring or relating to communications between Valerie Crane or RCL and John Zieser.

**RESPONSE:**

**REQUEST NO. 38:** All documents referring or relating to the March 1999 "Newsletter for Executives," including, but not limited to, documents relating to quotations of Meredith employees published in the newsletter.

**RESPONSE:**

**REQUEST NO. 39:** All documents referring or relating to RCL's 1998 "Corporate Profile."

**RESPONSE:**

**REQUEST NO. 40:** All documents referring or relating to requirements for employee participation in RCL's profit-sharing plan.

**RESPONSE:**

**REQUEST NO. 41:** All documents referring or relating to the deletion, destruction, or reformatting of e-mail, computer files, or documents of any kind in the custody of RCL which relate in any way to Meredith.

**RESPONSE:**

**REQUEST NO. 42:** All documents referring or relating to any policy of RCL concerning the destruction of e-mail, computer files, or documents of any kind in the custody or control of RCL.

- 8 -

**RESPONSE:**

**REQUEST NO. 43:**  All documents referring or relating to any policy of RCL concerning the provision to RCL clients of survey questionnaires and any other raw data gathered during research studies.

**RESPONSE:**

**REQUEST NO. 44:**  All documents referring or relating to work performed by RCL for Disney Televentures (including, but not limited to The Walt Disney Company and GTE, now known as Verizon)), including but not limited to communications between RCL and representatives of Disney Televentures concerning the quality of services performed by RCL.

**RESPONSE:**

**REQUEST NO. 45:**  All documents referring or relating to work performed by RCL for Scripps-Howard Broadcasting, Inc., including but not limited to communications between RCL and representatives of Scripps-Howard Broadcasting, Inc., concerning the quality of services performed by RCL.

**RESPONSE:**

**REQUEST NO. 46:**  All documents referring or relating to the quality of services performed by RCL for any client between 1991 and the present.

**RESPONSE:**

**REQUEST NO. 47:**  All documents referring or relating to communications between RCL and any other person or entity concerning Meredith's cancellation, suspension, or placing on hold of RCL's services for Meredith.

**RESPONSE:**

**REQUEST NO. 48:**  All documents referring or relating to communications between Valerie Crane and any other person or entity concerning litigation or potential litigation between Meredith and RCL, including but not limited to this action.

**RESPONSE:**

**REQUEST NO. 49:**  To the extent not previously requested, with respect to each research study performed by RCL for Meredith, please produce each of the following:

  (a)  All raw data gathered by RCL during the research

  (b)  Any computerized data file showing the data gathered before any respondents or variables were deleted.

  (c)  Any codebook for any data file responsive to item (b).

  (d)  All questionnaires used to gather or produce the data described in items (a) or (b).

  (e)  All other documents including information necessary to interpret the meaning of each individual data point provided in response to items (a) or (b).

  (f)  All documents referring or relating to specifications for any data cleaning used to delete individual respondents or particular variable values for individual respondents on the data described in items (a) and (b) prior to the segmentation analysis.

  (g)  All documents referring or relating to specifications for any variable recoding done on the data described in items (a) and (b) prior to segmentation analysis.

(h)    All documents referring or relating to any item analysis (i.e., scale variable analysis), if any, done prior to, in conjunction with, or subsequent to the factor analysis, and used to create scales or summary variable for later use in the cluster analysis.

(i)    All documents referring or relating to the factor analysis done on the variables.

(j)    All documents referring or relating to the specifications for the cluster analysis done of the summary scores used to the form the bases of segmentation.

(k)    All documents referring or relating to the final cluster assignment (*i.e.*, the assignment that was used in reporting the results and recommendations of Meredith) of each respondent.

(l)    All documents referring or relating to any other information necessary to reproduce the analyses done by RCL to provide a segmentation to Meredith.

(m)    All documents referring or relating to the sampling plan of the study.

(n)    All documents referring or relating to any weighting schemes used to weight the respondents' data, and the statistical rationales behind such schemes.

**RESPONSE:**

**REQUEST NO. 50:** All standards, manuals, or written procedures or policies employed by RCL to constrain or instruct anyone performing data analysis regarding how segmentation analysis should be performed, including but not limited to any such documents relating to factor

analysis, cluster analysis, item analysis or scale creation and refinement, and any other statistical or data analysis procedures involved in performing a segmentation analysis.

**RESPONSE:**

**REQUEST NO. 51:**   All written standards or procedures manuals or documents describing how sampling should be conducted.

**RESPONSE:**

**REQUEST NO. 51:**   Any document constituting an organizational chart or table of organization of RCL between 1991 and the present.

**RESPONSE:**

**REQUEST NO. 52:**   All documents referring or relating to contracts or subcontracts with persons or entities who performed services for Meredith, including but not limited to the contracts or subcontracts themselves.

**RESPONSE:**

**REQUEST NO. 53:**   All documents, not previously requested, referring or relating to information necessary to reproduce the procedures used by RCL in obtaining respondents for studies performed by RCL for Meredith.

**RESPONSE:**

Respectfully submitted,


Roger T. Stetson
Fed. Bar No. ct 22131
Steven M. Colloton
Fed. Bar No. ct 22863
Belin Lamson McCormick Zumbach Flynn,
A Professional Corporation
The Financial Center
666 Walnut Street Suite 2000
Des Moines, IA  50309-3989
Telephone:  (515) 243-7100
Telecopier: (515) 243-1408


James G. Sawtelle
Fed. Bar No. ct 22864
Duncan Green Brown Langeness & Eckley,
A Professional Corporation
Capital Square
400 Locust Street, Suite 380
Des Moines, Iowa 50309
Telephone:  (515) 288-6440
Telecopier: (515) 288-6448


Ralph G. Elliot
Fed. Bar No. ct 04242
Tyler Cooper & Alcorn, LLP
CityPlace – 35th Floor
Hartford, CT  06103-3488
Juris No. 00362
Tel.:  (860) 725-6200
Fax:  (860) 278-3802


ATTORNEYS FOR MEREDITH CORPORATION

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was
served upon the parties to this action by serving a copy upon each
of the attorneys listed below on ___9-19___, 2001 by

☒  U.S. Mail                    ☐  FAX

☐  Hand Delivered               ☐  Electronic Mail

☐  FedEx/ Overnight Carrier     ☐  Other

Joseph T. Tanski              Charles W. Pieterse
James A. Clifford             Whitman Breed Abbott & Morgan
Hutchins, Wheeler & Dittmar   100 Field Point Road
101 Federal Street            Greenwich, CT  06830
Boston, Massachusetts 02110

Signature: _____