SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200

47 MAPLE STREET
SUMMIT, NJ 07901
(908) 277-2221

FAX (212) 818-9606, 9607
www.ssbb.com

E-Mail: rcallagy@ssbb.com
Direct Dial: (212) 404-8701

July 15, 2003

David B. Mack, Esq.
Nixon Peabody, LLP
101 Federal Street
Boston, Massachusetts 02110

    Re:    <u>RCL v. Meredith Corporation</u>

Dear David:

    We are in receipt of a copy of a report from Michael A. Grossman, dated June 27, 2003, which did not include the underlying production materials Mr. Grossman reviewed to formulate his opinion, including the RCL handbook. We also note that you have not supplied the items requested in Mr. Sawtelle's letter of November 6, 2002 (copy enclosed). Finally, it does not appear that we have received any underlying data supporting the segmentation study prepared by RCL for station WGNX. If you contend otherwise, kindly identify the same by Bates Number.

    Sincerely,

    Robert M. Callagy

RMC:tdr
Enclosure

bcc:  John S. Zieser, Esq.
       James G. Sawtelle, Esq.

523904_1

November 6, 2002

Writer's Direct E-Mail Address:
JSawtelle@duncangreenlaw.com

**VIA FACSIMILE**
David B. Mack
Hutchins, Wheeler & Dittmar
101 Federal Street
Boston, Massachusetts 02110

RE:   RESEARCH COMMUNICATIONS LIMITED V. MEREDITH CORPORATION
      U.S. District Court, District of Connecticut Case No. 3:00CV2179-ACV

Dear David:

As you know, Judge Smith has requested that the parties cease further work on this matter until at least November 12, 2002, when we understand that Joe Tanski is to provide information in furtherance of the mediation effort. To that end, RCL has asked, and Meredith has agreed, to extend the time for RCL to produce the materials that are the subject of my letter dated October 16, 2002.

As we approach Ms. Sell's deposition (now set for Tuesday, November 19th in Boston), it is clear that we also need information regarding what documents have been provided to, relied upon, or received from her. RCL has answered Meredith's Third Set of Interrogatories, No. 3, (which calls for the identification of all such materials) by stating that copies of the same will be produced. However, we have not received any such materials, either in answer to this Interrogatory, or in response to Meredith's Fourth Request for Production of Documents, No. 3 (which specifically seeks the production of these documents). I also note that RCL has objected to the identification of these documents on privilege grounds, however we have not been supplied with a privilege log identifying the same, in accordance with Fed. R. Civ. P. 26(b)(5).

In any case, given the present moratorium on further trial preparation until the parties have fully explored settlement, coupled with Meredith's need to receive these materials sufficiently in advance of Ms. Sell's deposition to permit an opportunity to fully examine them in preparation for the same, I believe it makes the most sense for us to simply reschedule Ms. Sell's deposition to a later date. In that manner, the parties can direct their efforts at resolution

David B. Mack
July 15, 2003
Page 2

through settlement and, if that endeavor is not successful, RCL may furnish the requested information in accordance with its discovery obligations without violating the Court's directive.

Please let me know your position on this matter as soon as possible, so that we may plan accordingly.

Thank you for your cooperation.

                    Very truly yours,

                    James G. Sawtelle

JGS:slm

CC: John S. Zieser, Vice-President, General Counsel and Secretary