# NIXON PEABODY LLP
### ATTORNEYS AT LAW

101 Federal Street
Boston, Massachusetts 02110-1832
(617) 345-1000
Fax: (617) 345-1300

David B. Mack
Direct Dial: (617) 345-6141
E-Mail: dmack@nixonpeabody.com

October 3, 2003

**VIA FACSIMILE (212) 818-9606**

Robert M. Callagy, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169-0079

Re: Research Communications, Ltd. v. Meredith Corporation
(USDC D Conn. Civil Action No.: 300 CV 1279 AVC)

Dear Mr. Callagy:

I am writing in response to your letter dated September 30, 2003 regarding the production of the RCL handbook. Before addressing the issues raised in your letter, it should be noted that the discovery deadline in this case was July 30, 2002 and Meredith's request for the complete handbook comes nearly thirteen months after RCL produced the portion of the handbook relating to factor and cluster analyses and benefit segmentation studies on September 9, 2002. Meredith's request comes far too late.

Turning to your letter, each argument set forth therein is without merit. First, document request no. 50, as I have stated before, does not seek production of the entire handbook. Rather it is specifically tailored to that portion of the handbook relating to benefit segmentation studies:

> All standards, manuals, or written procedures or policies employed by RCL to constrain or instruct anyone performing data analysis regarding how segmentation analysis should be performed, including but not limited to any such documents relating to factor analysis, cluster analysis, item analysis or scale creation and refinement, and any other statistical or data analysis procedures involved in performing a segmentation analysis.

The complete handbook (a document in excess of a thousand pages) is not responsive to request no. 50 and you have not directed me to any other request to which the complete handbook is responsive.

NIXON PEABODY LLP

    Second, your contention that in response to the motion to compel RCL's counsel misrepresented that "issues raised in Meredith's motion have been resolved or will be resolved without the need for Court intervention" is without merit. On or about September 9, 2002 I produced the then current portion of the handbook pertaining to benefits segmentation studies. There is no other portion of the handbook responsive to request no. 50 and no request for any other portion of the handbook was made by Meredith between September 9, 2002 until your request a year later.

    Third, neither of RCL's experts relied upon the complete RCL handbook. Ms. Sell did not rely upon the handbook at all and Mr. Grossman reviewed and relied upon only that portion of the handbook already produced to Meredith.

    Finally, the fact that Bonita Soley generally referenced the handbook during her deposition does not require RCL to produce it. In any event, Ms. Soley was deposed on June 27, 2003 fifteen months ago, and RCL on September 9, 2002 produced the aforementioned portion of the handbook to which MMs. Soley's testimony pertains.

    Discovery in this case, with the exception of the depositions of Tim Coffey and Geraldine Laybourne and RCL's experts, has been closed since July 30, 2002. Meredith has made no effort to seek additional discovery since that time and RCL is not prepared to re-open discovery. Meredith has caused an immense amount of time and expense on needless discovery. Enough is enough.

                                                           Very truly yours,

                                                           David B. Mack

cc:    Valerie Crane, Ph.D.
        Joseph C. Tanski, Esq.

1314360