UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., <br>     Plaintiff/Counterclaim-Defendant, <br> v. <br> MEREDITH CORPORATION, <br>     Defendant/Counterclaim-Plaintiff. <br> and <br> MEREDITH CORPORATION, <br>     Third-Party Plaintiff, <br> v. <br> VALERIE CRANE, <br>     Third-Party Defendant. | CASE NO. 3:00CV2179-AVC <br><br> DEFENDANT MEREDITH CORPORATION'S THIRD SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF AND THIRD-PARTY DEFENDANT |

COMES NOW Defendant and Third-Party Plaintiff Meredith Corporation ("the Defendant") and hereby serves the attached Interrogatories to be answered under oath by Plaintiff Research Communications, Ltd and Third-Party Defendant Valerie Crane. The answers to these Interrogatories are to be supplemented pursuant to Federal Rule of Civil Procedure 26(e), and if further or different information from the answers is or becomes available, such information is requested to be forwarded to the attorney for the Defendant. Where knowledge or information in possession of the Plaintiff or the Third-Party Defendant is requested, such request includes knowledge of agents of the Plaintiff or the Third-Party Defendant. The "Definitions" and "Instructions" submitted with the Defendant's First Set of Interrogatories are incorporated herein by reference.

<u>INTERROGATORY NO. 2</u>: Identify all documents or other materials provided to, relied upon, or received from any expert witness retained or utilized by you in connection with this matter.

<u>ANSWER</u>:

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MEREDITH CORPORATION, <br><br> Defendant, <br><br> and <br><br> MEREDITH CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> VALERIE CRANE, <br><br> Defendant. | CASE NO 3:00CV2179-AVC |

## RESEARCH COMMUNICATION LTD.'S ANSWERS TO DEFENDANT MEREDITH CORPORATION'S THIRD SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Research Communications, Ltd. ("RCL"), by its undersigned counsel, responds to defendant Meredith Corporation's ("Meredith") Third Set Of Interrogatories (the "Interrogatories") as follows:

### GENERAL OBJECTIONS AND RESPONSES

1. RCL objects to the Interrogatories to the extent that they seek to impose obligations and duties beyond those required by Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Connecticut.

HWD2 1019942v1

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing objections and without waiving them, RCL responds to the Interrogatories as set forth below. Each individual interrogatory answer specifically restates and incorporates each of the General Objections set forth above, irrespective of whether any or all of the General Objections are specifically referenced in the interrogatory answer. Each answer is made subject to, and without waiver of, the General Objections

INTERROGATORY NO. 1: Identify all witnesses you intend to call at trial and set forth the substance of the expected testimony of each.

ANSWER NO. 1:

RCL objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving this objection or the general objections set forth above, RCL refers to and incorporates by reference the following documents:

1. Plaintiff's and Third Party Defendant's List of Trial Witnesses, dated June 21, 2002;

2. Letter to James G. Sawtelle, Esq. and Roger T. Stetson, Esq., dated July 24, 2002, from David B. Mack; and

3. Letter to James G. Sawtelle, Esq. and Roger T. Stetson, Esq., dated July 29, 2002, from David B. Mack.

RCL reserves the right to amend this list as it deems appropriate in light of evidence presented in discovery or at trial.

INTERROGATORY NO. 2: Identify all documents or other materials provided to, relied upon, or received from any expert witness retained or utilized by you in connection with this matter.

HWD2 1019942v1

ANSWER NO. 2:

RCL objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving this objection or the general objections set forth above, RCL will produce copies of all documents identified in the expert reports of Ronald L. Nuttall and Suzanne L. Sell to the extent such documents have previously not been produced.

HWD2 1019942v1