UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | |
| Plaintiff, ) | |
| v. ) | |
| MEREDITH CORPORATION, ) | CASE NO 3:00CV2179-AVC |
| Defendant, ) | |
| and ) | |
| MEREDITH CORPORATION, ) | |
| Plaintiff, ) | |
| v. ) | |
| VALERIE CRANE, ) | |
| Defendant. ) | |

## PLAINTIFF RESEARCH COMMUNICATIONS, LTD.'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO COMPEL DISCOVERY

Plaintiff Research Communications, Ltd. ("RCL") opposes Meredith Corporation's ("Meredith") Renewed Motion to Compel Production of the RCL Analysts Handbook ("Handbook"). In further support of its opposition, RCL relies upon the Affidavit of David B. Mack ("Mack Aff."). For the following reasons, Meredith's "renewed" motion to compel should be denied.

BOS1320897.1                                                                                                                                                807908/125695

### I. Meredith Improperly Seeks to Re-Open Discovery More than a Year After the Discovery Cutoff.

RCL respectfully submits that it is unnecessary for the Court to delve into the substantive arguments set forth in Meredith's motion. The timing of Meredith's motion and the procedural history of this three year old case dispose of Meredith's "renewed" motion to compel. Meredith's motion should be denied for the simple reason that the motion comes way, way too late. Discovery in this case closed on July 30, 2002, fifteen months ago.[1] On July 31, 2002, Meredith filed a motion to compel production of certain documents, including the RCL Analysts' Handbook ("Handbook"). Meredith contended fifteen months ago, as it does now, that the Handbook is responsive to Request No. 50 to Meredith's First Request for Production of Documents ("Request 50"). See Mack Aff., Ex. B. As of the time of Meredith's July 31, 2002 motion to compel, RCL had objected to production of the Handbook on the basis, in part, that the entire Handbook (hundreds of pages in length) was not responsive to any Meredith document request, including Request 50, and because the alleged improper research practices to which Meredith's defenses relate are limited to certain types of statistical analyses such that production of the entire Handbook was unwarranted. See infra section II.B.

In response to Meredith's July 2002 motion to compel, RCL and Meredith discussed issues raised in Meredith's motion. Notwithstanding (and reserving) its relevancy objection, on September 9, 2002, RCL produced the portion of the Handbook pertaining to certain types of research studies that were sought in Request 50. See Mack Aff., Ex. C. *That production was*

---

[1] The Court, by order dated September 8, 2003 ("September 2003 Order") allowed Meredith to conduct the deposition of certain rebuttal witnesses identified in RCL's list of witnesses shortly before the discovery cutoff. See Mack Affidavit, Ex. A. The September 2003 Order does not grant Meredith the opportunity to re-open discovery as it seeks to do so here.

*more than thirteen months ago.* For the next nine months, Meredith did not make any further requests relating to the Handbook.

In July 2003, however, Mr. Callagy, newly appearing in the case in January 2003, contacted RCL's counsel and inquired about the Handbook.[2] See Callagy Aff., Ex. E. Mr. Callagy's inquiry was purportedly prompted by the receipt of the expert report of Michael Grossman in late June 2003. Id.[3] Mr. Grossman, however, did not rely upon the entire Handbook sought by Meredith in this motion. See Grossman Depo., pp. 17-18, 72, 74 (Mack Aff., Ex. D). Rather, as clearly stated in his report, Mr. Grossman relied upon only that portion of the Handbook pertaining to factor and cluster analysis, the portion produced to Meredith in September 2002. See Mack Aff., Ex. E, p. 2 ("I have reviewed . . . that portion of the RCL Analysts' Handbook pertaining to market segmentation analyses."). Meredith's current contention that Mr. Grossman relied upon or reviewed the entire Handbook (see Meredith Memo., p.3) is unfounded and indeed is flatly contradicted by Mr. Grossman's report and his deposition testimony. Meredith, to be blunt, is using Mr. Grossman's report as a pretext for re-opening discovery long ago closed. For nearly a year after RCL produced the portion of the Handbook responsive to Request 50, Meredith sat on its hands. It should not be permitted, at this extremely late date, to re-open discovery. For this reason alone, Meredith's renewed motion to compel should be denied.

---

[2] Mr. Callagy's relatively recent appearance in this case, of course, is not a legitimate basis to re-open discovery. Moreover, Meredith's Iowa-based counsel (James Sawtelle) has been involved in this case from the outset and continues to participate in the case; indeed both Mr. Callagy and Mr. Sawtelle were present at the October 21, 2003 deposition of RCL's experts.

[3] Mr. Grossman was retained by RCL because Ronald Nutall, who initially was retained by RCL, unexpectedly passed away in 2002.

## II.   The Substantive Arguments Raised in Meredith's Motion are Devoid of Merit.

Due to the late filing of Meredith's motion, the Court need not address the specific arguments in Meredith's motion regarding the relevance *vel non* of the Handbook. In any event, Meredith's arguments are without merit for a number of reasons: (i) the Handbook in its entirety is not responsive to any document request; (ii) the Handbook, with the exception of that portion produced to Meredith in September 2002 (thirteen months ago), is irrelevant to any of the claims or defenses asserted in this action; and (iii) RCL does not possess the Handbook as it existed at the time RCL last performed work for Meredith in 2000; therefore, assuming *arguendo* Meredith did request the Handbook, RCL does not possess any document responsive to such request.

### A.   Meredith Did Not Request a Copy of the Complete Analysts Handbook In Any Discovery Request.

Meredith primarily relies upon Request 50 in support of its argument that it requested production of the complete Handbook. Meredith argues that Request 50 was a broad request for any manual relating to any RCL research procedure. Request 50, contrary to Meredith's contention, is specifically tailored to a particular type of research conducted by RCL for Meredith:

> All standards, manuals, or written procedures or policies employed by RCL to constrain or instruct anyone performing *data analysis regarding how segmentation analysis should be performed*, including but not limited to any such documents *relating to factor analysis, cluster analysis, item analysis or scale creation and refinement*, and any other statistical or data analysis procedures involved *in performing a segmentation analysis*.

Mack Aff., Ex. B, p. 19 (emphasis supplied).

Thus, Request 50 seeks written procedures maintained by RCL regarding "how segmentation analysis should be performed," such as "factor analysis, cluster analysis, item analysis or scale creation and refinement." Request No. 50 is narrow and specific. It is not, as

Meredith suggests, a broad request for the entire Handbook, which consists of hundreds of pages of research practices utilized by RCL during the course of its business.

Meredith also now relies upon Request No. 22, which provides:

> All documents referring or relating to the education, training and other qualifications of all persons employed by or affiliated with RCL who participated in performing services for Meredith, and all personnel or employment files for such persons.

This request seeks documents pertaining to the qualifications of the RCL individuals who worked on studies for Meredith. This request does not seek documents pertaining to the training of RCL researchers received after they joined RCL. That this request does not seek the Handbook is evidenced by the fact that Meredith, in its July 2002 motion to compel, did not rely upon or cite Request 22. See July 31, 2002 Meredith Memorandum in Support of its Motion to Compel (Callagy Aff., Ex. B). Meredith's belated contention that the entire Handbook is responsive to Request 22 is without merit.[4]

**B.    The Handbook is Irrelevant to Meredith's Claims or Defenses in this Action.**

Assuming *arguendo* Meredith requested the complete Handbook, the Handbook, aside from the portion produced in September 2002, is irrelevant to any claim or defense asserted by Meredith in this action. The thrust of Meredith's defenses and counterclaims, insofar as they pertain to RCL's research, is that RCL employed improper research practices in performing benefits segmentation studies, in particular for Meredith's television station in Atlanta, WGNX (the call letters were later changed to WGCL).[5] Meredith's "star" witness is a former disgruntled

---

[4]   RCL objected to Request 22 "to the extent it seeks the production of documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence." As explained in section II.B infra, the Handbook, with the exception of the portion produced in September 2002, is irrelevant to Meredith's claims or defenses in this action.

[5]   Although Meredith has alleged fraud in the inducement, such allegation pertains to an alleged representation of RCL's President, Valerie Crane, concerning a "successful business relationship with the Walt Disney Company." Meredith's fraud claim/defense has nothing to do with RCL's research practices.

RCL employee, Bonita Soley. Meredith relies heavily upon Ms. Soley's testimony – at her *June 27, 2002 deposition* – in support of its allegations that RCL "manipulated" research data on studies for Meredith. Meredith, sixteen months after Ms. Soley's deposition, now seeks to use Ms. Soley's testimony as a lever in its effort to obtain the complete Handbook. Like Meredith's reliance upon Mr. Grossman's report, Meredith's reliance upon Ms. Soley's testimony is misplaced. Ms. Soley's testimony concerning alleged "manipulation of data" or "removal of variables" from certain statistical analyses relates entirely to the benefits segmentation study conducted by RCL for the Atlanta station. Ms. Soley's testimony, similar to Request 50, is narrow; it relates specifically to the statistical procedures discussed in the portion of the Handbook *produced more than a year ago.* Had Meredith believed that other portions of the Handbook were pertinent to Ms. Soley's testimony or to other defenses or claims of Meredith in this action, it certainly would have (and should have) taken some action after RCL in September 2002 produced the portion pertaining to benefits segmentation studies. Meredith's argument all of a sudden that the entire Handbook is pertinent to its claims and defenses is specious.

C.     **RCL Does Not Possess a Copy of the Handbook as it Existed in 2000**.

Assuming arguendo that the complete Handbook is responsive to any Meredith document request, Meredith's motion nonetheless must be denied because RCL does not possess a copy of the Handbook as it existed at the time RCL last performed work for Meredith in 2000. See Mack Aff., Ex. C. The Handbook is maintained electronically and has been changed dozens of times since RCL last worked for Meredith.

III.    **Meredith's Discovery Efforts in this Case Have Been Exhaustive.**

Meredith's effort to conduct further discovery should be viewed in the context of the discovery Meredith has already conducted. Meredith suggests that it has somehow been denied

meaningful discovery concerning RCL's research practices. Nothing could be further from the truth. Meredith's discovery efforts have included the following:

- The hiring of a private investigator who has contacted dozens of former RCL employees, and current and former RCL clients, in an effort to create the appearance of impropriety with regard to work of RCL for clients other than Meredith.
- Depositions of fifteen individuals presently or formerly affiliated with RCL.[6]
- Four sets of document requests (the first of which contained 53 individual requests), in response to which RCL produced or made available more than 70,000 pages of documents.
- Four sets of interrogatories, including a twenty-three part interrogatory pertaining to specific statistical techniques, to which RCL responded in detail *two years ago*. See Mack Aff., Ex. E, and in particular Interrogatory No. 14.
- Requests for admission.

Despite conducting fifteen depositions, including those of senior RCL researchers and Dr. Crane, Meredith can point to only a single page of deposition testimony relating to the Handbook. See Callagy Aff., Ex. L (Crane Dep., p. 100).[7] Meredith's belated contention that the Handbook is somehow vital to its case is bogus.[8]

WHEREFORE, for the foregoing reasons, RCL requests that Meredith's motion to compel be denied and that Meredith, pursuant to Fed. R. Civ. P. 37(a)(4)(B), be ordered to pay the reasonable attorneys' fees and expenses incurred by RCL in opposing this motion.

---

[6] In addition, Meredith subpoenaed RCL's accountants and counsel representing RCL in this case.

[7] RCL, not Meredith, conducted the deposition of Ms. Soley.

[8] Meredith's reliance upon the Grossman Report is equally specious. Mr. Grossman relied upon only that portion of the Handbook produced to Meredith in September 2002. See Mack Aff., Ex. E. Mr. Grossman confirmed this at his deposition. See Grossman Dep., p. 17-18, 72, 74. (Mack Aff., Ex. D).

RESEARCH COMMUNICATIONS, LTD.

By its Attorneys,

Date: November 4, 2003

*[signature]*

Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 345-1000

Charles W. Pieterse   Ct. 01577
WHITMAN, BREED, ABBOTT & MORGAN
100 Field Point Road
P.O. Box 2250
Greenwich, CT 06836
(203) 869-3800