UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 NOV -5  A 10: 09

US DISTRICT COURT
HARTFORD CT

|  |  |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | |
| Plaintiff, ) | |
| v. ) | |
| MEREDITH CORPORATION, ) | CASE NO 3:00CV2179-AVC |
| Defendant, ) | |
| and ) | |
| MEREDITH CORPORATION, ) | |
| Plaintiff, ) | |
| v. ) | |
| VALERIE CRANE, ) | |
| Defendant. ) | |

## <u>AFFIDAVIT OF DAVID B. MACK</u>

I, David B. Mack, on oath depose and say:

1.     I am an attorney at the law firm of Nixon Peabody LLP, which represents

Research Communications, Ltd.  and Valerie Crane (collectively "RCL") in this action.  I submit

this affidavit in support of RCL's opposition to Meredith Corporation's Motion to Compel

Production of the RCL Analysts' Handbook.

2.     Attached hereto as <u>Exhibit A</u> is a true and accurate copy of an order dated

September 8, 2003 pertaining to Meredith's Motion to Strike Additional Trial Witnesses.

B1324027.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | CASE NO. 3:00CV2179-AVC |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
| Defendant/Counterclaim-Plaintiff. ) | |
| ) | |
| ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VALERIE CRANE, ) | |
| ) | |
| Third-Party Defendant. ) | SEPTEMBER 27, 2002 |

**DEFENDANT'S MOTION TO STRIKE ADDITIONAL TRIAL WITNESSES
IDENTIFIED BY PLAINTIFF AND THIRD-PARTY DEFENDANT**

**Preliminary Statement**

Defendant Meredith Corporation ("Meredith") hereby moves in response to Ms.
Crane and Research Communications, Ltd.'s ("RCL's") last-minute identification of nine
(9) new trial witnesses on the eve of the deadline for completion of discovery. Because
such disclosure was untimely and has prevented Meredith from deposing these witnesses
prior to the discovery deadline in this action, Meredith contends that any testimony to be
offered by these witnesses should be excluded in its entirety.

ORAL ARGUMENT IS NOT REQUESTED

The motion is denied without prejudice to its refiling, if desired, or
the court shall authorize a limited re-opening of the discovery period that
is until November 10, 2003 for depositions of the witnesses identified herein.

SO ORDERED.

Alfred V. Covello, U.S.D.J.

COUNSELLORS AT LAW

# HUTCHINS, WHEELER & DITTMAR

A PROFESSIONAL CORPORATION

101 FEDERAL STREET, BOSTON, MASSACHUSETTS 02110
TELEPHONE: 617-951-6600  FACSIMILE: 617-951-1295

DAVID B. MACK
DBM@HUTCH.COM
617-951-6731

November 16, 2001

***VIA Federal Express***

Roger T. Stetson, Esq.
Belin Lamson McCormick Zumbach & Flynn
666 Walnut Street - Suite 2000
Des Moines, Iowa 50309-3989

Re:    *Research Communications, Ltd. v. Meredith Corporation*

Dear Mr. Stetson:

Enclosed please find Plaintiff's Objections and Responses to Meredith's First Request for Production of Documents. The documents are available for inspection and copying at my office. Please let me know when you would like to inspect the documents.

I expect to have the Answers to Interrogatories to you early next week.

Very truly yours,

David B. Mack

DBM/prl
Enclosure

cc:    Service List
       Joseph C. Tanski, Esq.
       Ms. Valerie Crane

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>MEREDITH CORPORATION, )<br><br>Defendant, )<br><br>and )<br><br>MEREDITH CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>VALERIE CRANE, )<br><br>Defendant. ) | CASE NO 3:00CV2179-AVC |

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO MEREDITH'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Research

Communications ("RCL") hereby responds to defendant Meredith Corporation's ("Meredith")

First Request For Production of Documents (the "Request") as follows:

### GENERAL OBJECTIONS AND RESPONSES

1.     RCL objects to the Request to the extent it seeks to impose obligations and duties

beyond those required under Rules 26 and 34 of the Federal Rules of Civil Procedure and the

Local Rules of the District of Connecticut.

HWD2 940310v1

2.    RCL objects to the Request to the extent it is overly broad, unduly burdensome, and/or seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.    RCL will not produce documents to the extent the Request seeks production of documents subject to the attorney-client privilege or the work product immunity doctrine, or which are otherwise not subject to discovery under the Federal Rules of Civil Procedure.  To the extent that any document which is subject to privilege or immunity is inadvertently produced, such production is not to be construed as a waiver of the applicable protection, and such document(s) should be immediately returned to counsel for RCL.

4.    RCL objects to the Request to the extent it seeks confidential or proprietary business information.

5.    RCL objects to the Request to the extent it seeks the production of documents that are already in the possession of Meredith or equally available to Meredith.

6.    RCL objects to the Request to the extent it seeks documents authored or received outside the time period covered by the subject matter of this lawsuit.

7.    RCL objects to the definition of the term "all" and the use of the phrase "all documents" in the Request because the use of such terminology results in requests that do not describe with reasonable particularity the documents requested and are overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

8.    RCL objects to the Request to the extent it assumes the truth of facts not proven or facts not in evidence.

9.    Subject to and without waiving the objections presented herein RCL will make available for inspection documents in response to the Request that have been located after a diligent search.  Counsel for Meredith should contact counsel for RCL to arrange for such inspection.  RCL's production of any documents does not admit, suggest, or imply that these or any other documents are responsive to a particular request, and does not waive any objections RCL may raise.

10.    Counsel for RCL is prepared to discuss the objections presented herein with counsel for defendant Meredith for the purpose of resolving any disputes that may arise without need for intervention by the Court.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing objections and without waiving them, RCL responds as set forth below.  Each individual document response restates and specifically incorporates therein each of the foregoing General Objections, irrespective of whether any or all of the General Objections is specifically referenced in the individual document response.

REQUEST FOR PRODUCTION NO. 1:

All documents referring or relating to any communication between Meredith and RCL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to any communication between Meredith and Valerie Crane.

HWD2 940310v1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents referring or relating to communication between RCL or Crane and any third party concerning Meredith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents referring or relating to any contract between Meredith and RCL, including but not limited to negotiations, draft contracts, and signed contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

All documents referring or relating to payments made by Meredith to RCL.

HWD2 940310v1

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

RCL objects to the request to the extent it seeks the production of documents that are

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-

privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 6:

All documents referring or relating to bills or invoices submitted to Meredith by RCL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

RCL objects to the request to the extent it seeks the production of documents that are

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-

privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 7:

All documents referring or relating to all costs or expenses incurred by RCL in
connection with each research study identified in RCL's answer to Interrogatory 11 of Meredith
First Set of Interrogatories.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

RCL objects to the request to the extent it seeks the production of documents that are

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-

privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 8:

All documents referring or relating to the computation of costs overruns or "overage"
amounts on studies performed by RCL for Meredith, including all correspondent relating thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 9:

All documents referring or relating to expenses incurred by RCL in connection with studies for Meredith that have not been completed.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 10:

All documents referring or relating to travel and lodging expenses incurred by RCL or Valerie Crane in connection with services performed by RCL for Meredith.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 11:

All documents referring or relating to services performed by RCL at WOFL-TV in Orlando, Florida.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 12:

All documents referring or relating to services performed by RCL at KPDX-TV in Portland, Oregon

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 13:

All documents referring or relating to services performed by RCL at KCTV in Kansas City, Missouri.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 14:

All documents referring or relating to services performed by RCL at WSMV-TV in Nashville, Tennessee.

HWD2 940310v1

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

      RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 15:

      All documents referring or relating to services performed by RCL at WHNS-TV in Greenville, South Carolina.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

      RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 16:

      All documents referring or relating to services performed by RCL at WNEM-TV in Flint, Michigan.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

      RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 17:

      All documents referring or relating to service performed by RCL at KVVU-TV in Las Vegas, Nevada.

8

HWD2 940310v1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 18:**

All documents referring or relating to services performed by RCL at WFSB-TV in Hartford, Connecticut.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 19:**

All documents referring or relating to services performed by RCL at WGCL-TV in Atlanta, Georgia, including any documents referring or relating to services performed by RCL for WGNX-TV in Atlanta, Georgia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 20:**

All documents referring or relating to services performed by RCL in connection with "Lifestyles" studies performed by RCL in any of the markets listed in Requests No. 11 through 19.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

      RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 21:**

      All documents referring or relating to services provided by RCL for Better Homes & Gardens television programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

      RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 22:**

      All documents referring or relating to the education and training of all persons employed by or affiliated with RCL who participated in performing services for Meredith, and all personnel or employment files for such persons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

      RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

HWD2 940310v1

<u>REQUEST FOR PRODUCTION NO. 23</u>:

All documents referring or relating to any application for employment submitted to RCL by any person identified in RCL's answer to Interrogatory No. 12 of Meredith Corporation's First Set of Interrogatories to Plaintiff, including but not limited to any resume or curriculum vitae of each such person.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 23</u>:

RCL objects to this request on the ground that it seeks the production of documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

<u>REQUEST FOR PRODUCTION NO. 24</u>:

All employment contracts between RCL and any person identified in RCL's answer to Interrogatory No. 12 of Meredith Corporation's First Set of Interrogatories to Plaintiff.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 24</u>:

RCL objects to this request on the ground that it seeks the production of documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

<u>REQUEST FOR PRODUCTION NO. 25</u>:

All documents referring or relating to any financial statements, balance sheets, statements of income and retained earnings, income and expense reports, statements of cash flow, and state and federal income tax returns prepared by or on behalf of RCL from January 1, 1993, to the present.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25</u>:

RCL objects to this request on the ground and to the extent it seeks production of documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged documents in its possession, custody or control responsive to this request which have been prepared by or on behalf of RCL from January 1, 1998 to the present.

11

REQUEST FOR PRODUCTION NO. 26:

    All documents referring or relating to Orbis Broadcasting, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

    RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 27:

    All documents referring or relating to Fisher-Merlis Television, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

    RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 28:

    All documents referring or relating to Steadfast Film & Television, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

    RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 29:

    All documents referring or relating to Continental Cablevision.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

    RCL objects to this request on the ground that it seeks the production of documents

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence.

REQUEST FOR PRODUCTION NO. 30:

    All documents referring or relating to Laura Ann Brown.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

    RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 31:

All documents referring or relating to Jeffry Fulp.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 32:

All documents referring or relating to communication between Valerie Crane or RCL and Lawrence Emsweller.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 33:

All documents referring or relating to "Emsweller Media Strategies, Inc.," and any other company formed or created by Lawrence Emsweller.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 34:

All documents referring or relating to communications between Valerie Crane or RCL and John Louglin.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 35:

HWD2 940310v1

All documents referring or relating to communications between Valerie Crane or RCL and William T. Kerr.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 36:

All documents referring or relating to communications between Valerie Crane or RCL and Chuck Cordray.

RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 37:

All documents referring or relating to communications between Valerie Crane or RCL and John Zieser.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 38:

All documents referring or relating to the RCL March 1999 "Newsletter for Executives", including, but not limited to, documents relating to quotations of Meredith employees published in the newsletter.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 39:

All documents referring or relating to RCL's 1998 "Corporate Profile."

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 40:

All documents referring or relating to requirements for employee participation in RCL's profit-sharing plan.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

RCL objects to this request on the ground that it seeks the production of documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 41:

All documents referring or relating to the deletion, destruction, or reformatting of e-mail, computer files, or documents of any kind in the custody of RCL which relate in any way to Meredith.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 42:

All documents referring or relating to any policy of RCL concerning the destruction of e-mail, computer files, or documents of any kind in the custody or control of RCL.

HWD2 940310v1

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 43:

All documents referring or relating to any policy of RCL concerning the provision to RCL clients of survey questionnaires and any other raw data gathered during research studies.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 44:

All documents referring or relating to work performed by RCL for Disney Televentures (including, but not limited to The Walt Disney Company and GTE, now known as Verizon), including but not limited to communications between RCL and representatives of Disney Televentures concerning the quality of services performed by RCL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

RCL objects to this request on the ground that it seeks the production of documents

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence.

REQUEST FOR PRODUCTION NO. 45:

All documents referring or relating to work performed by RCL for Scripps-Howard Broadcasting, Inc., including but not limited to communications between RCL and representatives of Scripps-Howard Broadcasting, Inc., concerning the quality of services performed by RCL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

RCL objects to this request on the ground that it seeks the production of documents

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence.

REQUEST FOR PRODUCTION NO. 46:

All documents referring or relating to the quality of services performed by RCL for any client between 1991 and the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

RCL objects to this request on the grounds and to the extent that it is vague and

ambiguous and seeks the production of documents neither relevant to this action nor reasonably

calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 47:

All documents referring or relating to communications between RCL and any other person or entity concerning Meredith's cancellation, suspension, or placing on hold of RCL's services for Meredith.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 48:

All documents referring or relating to communications between Valerie Crane and any other person or entity concerning litigation or potential litigation between Meredith and RCL, including but not limited to this action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

RCL objects to this request on the ground that it seeks the production of documents

subject to the attorney-client privilege and/or the work-product doctrine. RCL does not possess

any non-privileged documents responsive to this request.

REQUEST FOR PRODUCTION NO. 49:

To the extent not previously requested, with respect to each research study performed by RCL for Meredith, please produce each of the following:

    (a)    All raw data gathered by RCL during the research.

    (b)    Any computerized data file showing the data gathered before any respondents or variables were deleted.

(c)     Any codebook for any data file responsive to item (b).

(d)     All questionnaires used to gather or produce the data described in items (a) or (b).

(e)     All other documents including information necessary to interpret the meaning of each individual data point provided in response to items (a) or (b).

(f)     All documents referring or relating to specifications for any data cleaning used to delete individual respondents or particular variable values for individual respondents on the data described in items (a) and (b) prior to the segmentation analysis.

(g)     All documents referring or relating to specifications for any variable recoding done on the data described in items (a) and (b) prior to segmentation analysis.

(h)     All documents referring or relating to any item analysis (i.e., scale variable analysis), if any, done prior to, in conjunction with, or subsequent to the factor analysis, and used to create scales or summary variable for later use in the cluster analysis.

(i)     All documents referring or relating to the factor analysis done on the variables.

(j)     All documents referring or relating to the specifications for the cluster analysis done of the summary scores used to form the bases of segmentation.

(k)     All documents referring or relating to the final cluster assignment (i.e., assignment used in reporting the results and recommendations of Meredith) of each respondent.

(l)     All documents referring or relating to any other information necessary to reproduce the analyses done by RCL to provide a segmentation to Meredith.

(m)     All documents referring or relating to the sampling plan of the study.

(n)     All documents referring or relating to any weighing schemes used to weigh the respondents' data, and the statistical rationales behind such schemes.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

RCL objects to the request to the extent it seeks the production of documents that are

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 50:

All standards, manuals, or written procedures or policies employed by RCL to constrain or instruct anyone performing data analysis regarding how segmentation analysis should be performed, including but not limited to any such documents relating to factor analysis, cluster analysis, item analysis or scale creation and refinement, and any other statistical or data analysis procedures involved in performing a segmentation analysis.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 51.

Any document constituting an organizational chart or table of organization of RCL between 1991 and the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

RCL does not possess any documents responsive to this request.

REQUEST FOR PRODUCTION NO. 52:

All documents referring or relating to contracts or subcontracts with persons or entities who performed services for Meredith, including but not limited to the contracts or subcontracts themselves.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

REQUEST FOR PRODUCTION NO. 53:

All documents, not previously requested, referring or relating to information necessary to reproduce the procedures used by RCL in obtaining respondents for studies performed by RCL for Meredith.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

RCL objects to the request to the extent it seeks the production of documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing, RCL will make available for inspection and copying all non-privileged responsive documents in its possession, custody or control.

Respectfully Submitted,

Joseph C. Tanski    Ct. 22211
HUTCHINS, WHEELER & DITTMAR
101 Federal Street
Boston, Massachusetts  02110
(617) 951-6600


Charles W. Pieterse    Ct. 01577
WHITMAN, BREED, ABBOTT & MORGAN
100 Field Point Road
P.O. Box 2250
Greenwich, CT 06836
(203) 869-3800

Dated:  November 19, 2001          Counsel for Plaintiff
Boston, Massachusetts              Research Communications, Ltd.


CERTIFICATE OF SERVICE

I certify that a true copy of this document was served upon (each party appearing pro se and) the attorney of record for each party by mail) (hand) on _____

(Signature)

overnight
|
Sheehan

HWD2 940310v1