COUNSELLORS AT LAW
# HUTCHINS, WHEELER & DITTMAR
A PROFESSIONAL CORPORATION

101 FEDERAL STREET, BOSTON, MASSACHUSETTS 02110
TELEPHONE: 617-951-6600  FACSIMILE: 617-951-1295
www.hutch.com

September 9, 2002

**EXPRESS MAIL**

James G. Sawtelle, Esq.
Duncan, Green, Brown, Langeness and Eckley, P.C.
400 Locust Street, Suite 380
Des Moines, IA 50309-2331

    Re:    Research Communications, Ltd. v. Meredith Corp.
             U.S. District Court, Dist. of Conn., Case No. 3:00CV2179-AVC

Dear Jim:

    Enclosed are additional documents responsive to the particular document requests identified in Meredith's Motion to Compel (request nos. 44 and 50), namely (a) additional documents relating to RCL's work for Disney TeleVentures (most of which are copies of invoices or copies of proposals that pre-dated execution of the original contract); and (b) a copy of the section of the RCL manual pertaining to factor and cluster analyses. As I have previously explained, the manual was withheld on relevance grounds because the manual, and in particular the section pertaining to factor and cluster analysis, is not identical to the manual as it existed at the time studies were conducted for Meredith. RCL has agreed to produce the current version of this section of the manual to avoid the cost and expense associated with responding to the substance of the motion to compel.

    In light of this supplemental production and the supplemental interrogatory answer pertaining to RCL's work for DTV, which I served on September 3, I believe Meredith's motion to compel is now moot. Please so notify the Court or, if my understanding is incorrect, contact me to discuss any outstanding issues raised by your motion.

    Thank you for your cooperation.

                                    Very truly yours,

                                    David B. Mack

cc:    Joseph C. Tanski, Esq. (w/o encl.)
        Ms. Valerie Crane (w/o encl.)

```
                                                    1

                             VOLUME:  I
                             PAGES:   1 through 132
                             EXHIBITS: See Index


             UNITED STATES DISTRICT COURT

                DISTRICT OF CONNECTICUT

******************************
RESEARCH COMMUNICATIONS, LTD., )
               Plaintiff,      )
                               )
     VS.                       )
                               )
MEREDITH CORPORATION,          )
               Defendant.      )
     AND                       )      CASE NO.
                               )      3:00CV2179-AVC
MEREDITH CORPORATION,          )
               Plaintiff,      )
                               )
     VS.                       )
                               )
VALERIE CRANE,                 )
               Defendant.      )
******************************
```

**DEPOSITION OF MICHAEL GROSSMAN**, a witness called on behalf of Meredith Corporation, taken pursuant to the provisions of the Federal Rules of Civil Procedure, before Kathleen M. McHugh, a Registered Professional/Certified Shorthand Reporter (#120093) and Notary Public in and for the Commonwealth of Massachusetts, at the offices of Nixon Peabody LLP, 101 Federal Street, Boston, Massachusetts, on Tuesday, October 21, 2003, commencing at 3:10 p.m.

```
             COPLEY COURT REPORTING
                101 Tremont Street
          Boston, Massachusetts 02108
                 (617) 423-5841
```

                                                              17

1    Q.   What have you reviewed?
2    A.   Let's see.  May I refer to the report?
3    Q.   Sure.
4    A.   I have gone over the two sections from
5  the RCL Analysts' Handbook -- for the Stenographer
6  that's S apostrophe.  That's the factor analysis
7  and the cluster analysis section.
8    Q.   Can I stop you there?  How many pages
9  does the Analysts' Handbook consist of which you
10 have reviewed?
11   A.   About a half a dozen.
12            MR. TANSKI:  Objection.  Are you
13 looking for the number of pages of the book or the
14 number of pages that he's reviewed?
15            MR. SAWTELLE:  Fair question.
16   Q.   Do you know how many pages the
17 Analysts' Handbook consists of in its entirety?
18   A.   No, sir, not exactly, certainly more
19 than I have.
20   Q.   And you've reviewed approximately how
21 many pages of the Analysts' Handbook?
22   A.   I was about to say I've actually got to
23 review about a half dozen pages.  I believe page
24 67 is referenced here.  That's about the middle of

1   the factor analysis section, so I'd say it's three
2   to four pages and another three to four pages in
3   cluster analysis.
4               If you told me it was between four and
5   ten pages or four and 12 pages, you've got it
6   bracketed.
7       Q.   Have you reviewed any portions of the
8   RCL Analysts' Handbook in addition to those pages
9   relating exclusively to factor analysis or cluster
10  analysis?
11      A.   No, sir.  I assume it would be quite a
12  daunting task that I was not paid for.
13      Q.   But, in any case, you would approximate
14  that you've reviewed six pages, plus or minus, of
15  the Analysts' Handbook?
16      A.   Yes.  To be exact, I've reviewed the
17  two sections on factor analysis and on cluster
18  analysis.
19      Q.   What else did you review in preparation
20  for your deposition?
21      A.   Oh, I also reviewed the reports to
22  Meredith for Atlanta, Orlando and Las Vegas.
23  Those were would be about one-inch-thick green,
24  spiral-bound or not spiral but the plastic binding

1  and they were rejected by them.
2      Q.   And that's what was represented to you
3  by Ms. Crane and Ms. Crohan?
4      A.   That's correct, sir.
5      Q.   Did you undertake any efforts to
6  confirm that other than to take the word of
7  Ms. Crane and Ms. Crohan?
8      A.   No, sir.
9      Q.   Is there anything in the RCL manual
10 that you've reviewed which directs the analysts
11 not to include attitudinal variables or activism
12 variables in a factor analysis for a Benefits
13 Segmentation Study?
14          MR. TANSKI:  Objection.
15     A.   I've only reviewed the factor analysis
16 and cluster analysis sections.  The factor
17 analysis section would be appropriate to answer
18 that question.  I do not have it in front of me,
19 however, I believe it says somewhere in the
20 section only benefits should be included in a
21 Benefits Segmentation Study.
22          It's also fairly logical and should be
23 apparent to anyone who has at least a master's
24 level or even a bachelor's level that in doing a

1    A.    Well, I object. I can't answer that
2  question without having it in front of me. I
3  believe it is. I think my memory is that it's
4  included in the factor analysis section. If you
5  have a copy of it, I will go to it and take a look
6  at it.
7    Q.    Okay. Is there anything in the RCL
8  Handbook which you can recall which instructs an
9  analyst on how to distinguish between a benefit
10 variable and attitudinal variable?
11   A.    I can't answer that question because
12 it's beyond the scope of my work, my research and
13 assignment. I suspect that the RCL Handbook is
14 extremely comprehensive and that somewhere in
15 there it may do it.
16        I did not read any sections other than
17 the factor analysis and the cluster analysis
18 sections so I can't testify to what else is in the
19 handbook.
20   Q.    So you've not seen anything in the
21 handbook, in other words, that would instruct an
22 analyst how to distinguish between an attitudinal
23 variable and a benefits variable; is that fair?
24        MR. TANSKI: Objection. I cannot