UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | CASE NO.: 3:00cv2179-avc |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
| Defendant/Counterclaim-Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
| v. ) | |
| ) | |
| VALERIE CRANE, ) | |
| ) | |
| Third-Party Defendant. ) | NOVEMBER 17, 2003 |

**REPLY BRIEF IN FURTHER SUPPORT OF**
**DEFENDANT'S RENEWED MOTION TO COMPEL DISCOVERY**

Meredith Corporation ("Meredith"), defendant in the above-captioned action, submits this reply brief in further support of its Renewed Motion to Compel Discovery pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rules 7 and 37. For the reasons set forth in its memorandum of law and in this reply brief, Meredith again respectfully asks that the Court enter an Order compelling plaintiff, Research Communications, Ltd. ("RCL"), to produce the RCL Analysts Handbook (the "Handbook").

Relevant facts are contained in the Supplemental Affidavit of Robert M. Callagy, sworn to November 14, 2003 ("Callagy Supp. Aff.").

537751_3

**ORAL ARGUMENT REQUESTED**

**PRELIMINARY STATEMENT**

Plaintiff Research Communications, LTD.'s Opposition to Defendant's Renewed Motion to Compel Discovery ("Opposition") fails to cite a single case or to address many of Meredith's arguments. The Opposition instead offers four conclusory arguments, each of which is devoid of merit:

(1) that Meredith has not timely requested the Handbook, notwithstanding Meredith's prior filing of a motion to compel, notwithstanding RCL's certification to the Court that it would produce the Handbook, and notwithstanding the Handbook's relevance in subsequent expert discovery;

(2) that despite a document request calling for "[a]ll standards, manuals, or written procedures," Meredith never actually requested the Handbook;

(3) that RCL should be entitled to select excerpts of the Handbook and to produce only those excerpts; and,

(4) that RCL need not produce the Handbook, because RCL has failed to preserve a copy of the Handbook "as it existed at the time RCL last performed work for Meredith in 2000."

These arguments are addressed in turn.

**ARGUMENT**

**A.    Meredith's Renewed Motion to Compel is Timely**

RCL contends that Meredith's renewed motion is too late, regardless of its merit, because Meredith allowed nine months to elapse from September 2002, when RCL produced excerpts of the Handbook, and July 2003, when Meredith next inquired about the Handbook. Opposition at 3. RCL's argument sounds in equity and fails for at least two reasons.

First, RCL cannot claim an equitable entitlement to withhold the Handbook after certifying to the Court and to Meredith, in response to Meredith's motion to compel production of documents (including the Handbook), that "the issues raised in Meredith's motion have been resolved or will be resolved without the need for Court intervention." Callagy Aff. ¶ 4, Exhibs.

C. RCL's Opposition fails to acknowledge the existence of the certification and admits only that in response to Meredith's motion, "RCL and Meredith discussed issues raised in Meredith's motion." Opposition at 2. In fact, and in disregard of its certification to the Court, RCL subsequently refused to produce more than a partial excerpt of the RCL Handbook. The issues had already been "discussed" before Meredith brought its motion to compel production of items including the Handbook. If RCL was unwilling to produce the Handbook, its certification was disingenuous at best.[1]

Thus, having refused to produce the Handbook despite its certification to the Court, RCL now asks the Court to find that it is too late for Meredith to seek production of the Handbook. RCL does not claim that production would pose a burden or would be unfairly prejudicial and offers no other equitable justification for withholding the Handbook. No authority is or could be

---

[1] RCL's reliance upon a September 9, 2002 letter it sent to Meredith's counsel regarding the Handbook, <u>after</u> the date of Meredith's motion to compel, is equally disingenuous. Mack Aff. Exhib. C. As RCL is aware, its offer to produce excerpts of its Handbook was not acceptable to Meredith. Indeed, counsel for Meredith responded to this letter by correspondence dated October 16, 2002, stating as follows:

> "Meredith has no desire to waste the resources of the Court with this discovery dispute. We simply want the subject information to be produced, and not in piecemeal fashion so as to compromise its utility in these proceedings. Accordingly, I implore you to see that your clients furnish the subject materials *in their entirety*, at which time we will be happy to see that the pending motion is withdrawn." (emphasis added).

Callagy Supp. Aff. Exhib. A. In response, RCL requested additional time to produce the subject materials, which counsel for Meredith confirmed by letter dated November 6, 2002. Callagy Supp. Aff. Exhib. A. In this correspondence, Meredith also stressed the need for RCL to produce, in response to other outstanding discovery requests, copies of all documents "provided to, relied upon, or received from" its expert, Ms. Sell. Although RCL did not dispute that it possessed such an obligation, it simply refused to produce the requested materials, which necessitated the postponement of Ms. Sell's deposition (originally set for November 19, 2002). Shortly thereafter, the Court on December 29, 2002 denied Meredith's motion to compel as moot, "Because RCL's counsel has certified that the documents requested have been fully produced . . . ." In light of Ms. Sell's recent deposition testimony, there cannot be any dispute that the entire Handbook should have been produced by RCL pursuant to its discovery obligations, a fact which was known to RCL all along.

3

537751_3

cited for the remarkable proposition that a party should not, as a matter of equity, be forced to abide by representations it has made to a court.

Second, RCL's equitable argument lacks merit because, as RCL admits, Meredith's renewed inquiry about the Handbook "was purportedly prompted by the receipt of the expert report of Michael Grossman in late June 2003." Opposition at 3. As discussed further in plaintiff's memorandum of law in support of the renewed motion to compel, there is nothing "purported" about Meredith's entitlement under Federal Rule of Civil Procedure 26(a)(2)(B) to all materials furnished to RCL's experts. RCL provided at least a portion of the Handbook to Dr. Michael A. Grossman ("Dr. Grossman"), who then opined on RCL's data analysis. Callagy Aff. ¶ 5, Exhib. N. Accordingly, even if RCL might otherwise oppose Meredith's further inquiry into the Handbook as untimely, RCL's reintroduction of the Handbook into the case via its experts precludes any such argument. See Messier v. Southbury Training Sch. 1998 WL 422858, No. 3:94-CV-1706 (EBB), *1 (D. Conn. June 29, 1998).

### B.  Meredith's Document Requests Require Production of the Handbook

RCL asserts that Meredith has never actually asked for production of the entire Handbook. The Court need look no further than RCL's Opposition to see that the Handbook is, in fact, called for by Defendant Meredith Corporation's Request for Production of Documents to Plaintiff. Request No. 50, cited in full by RCL, asks for "[a]ll . . . manuals . . . employed by RCL to constrain or instruct anyone performing data analysis . . . ." Callagy Aff. ¶ 2, Exhib. A (emphasis added). RCL chooses to add emphasis elsewhere, but there is no gainsaying the fact that the request, by its terms, calls not for all relevant excerpts, but for "[a]ll . . . manuals."[2]

---

[2] In addition, RCL fails to respond to Meredith's argument that the Handbook is also called for by other document requests. For example, Request No. 22 called for "[a]ll documents referring or relating to the education, training, and other qualifications of all persons employed by or affiliated with RCL who participated in performing services for Meredith . . . ." Callagy

4

537751_3

In addition, RCL's response to Meredith's requests for expert discovery itself constitutes agreement to produce the Handbook. RCL agreed, subject only to privilege and general objections, to "produce copies of all documents <u>identified</u> in the expert reports of Ronald L. Nuttall [replaced by Dr. Grossman] and Suzanne L. Sell." Callagy Aff. ¶ 8, Exhib. O. Dr. Grossman has identified the Handbook in his expert report. Callagy Aff. ¶ 5, Exhib. N. Accordingly, RCL must produce the Handbook.

### C.  RCL May Not Decide Which Excerpts it Wishes to Produce

Meredith is not required to accept RCL's word regarding what portions of the Handbook were considered by its experts and/or are relevant to Meredith's claims. <u>See, e.g.</u>, <u>In re Air Crash at Dubrovnik</u>, 2001 WL 777433, No. MDL 1180, Civ 398CV2464AVC, *5 (D. Conn. June 4, 2001). Without reviewing the entire Handbook, Meredith cannot assess, for example, whether RCL withheld (or whether its experts failed to consider) material that would have altered the experts' conclusions. <u>Cf.</u> <u>Messier</u>, 1998 WL 422858, at *1 (stating that "expert testimony is often determinative of one or more central issues in a case" and "it is critical that an adverse party have an opportunity to explore any biases or unreliabilities that might affect an expert's objectivity") (citation omitted).

Any attempt to parse responsive from non-responsive portions is dubious, in any case, in light of the testimony of Dr. Bonita Soley, a former RCL researcher who worked on Meredith projects. Dr. Soley testified in response to questions posed by RCL's counsel that she relied heavily upon the Handbook for training and to perform her analyses. Callagy Aff. ¶ 10, Exhib. K. RCL contends that Dr. Soley's testimony should not be credited, because she is "a former

---

Aff. ¶ 2, Exhib. A (emphasis added). Request No. 49 requested "[t]o the extent not previously requested, with respect to each research study performed by RCL for Meredith . . . all documents referring or relating" to the "analyses done by RCL to provide a segmentation to Meredith." Callagy Aff. ¶ 2, Exhib. A.

5

537751_3

disgruntled employee," Opposition at 5-6, but that is a credibility determination for trial and not a legitimate basis for opposing a discovery request.  Moreover, the testimony of the owner of RCL, Valerie Crane, was to the same effect, Callagy Aff. ¶ 10, Exhib. L.  Ms. Crane testified that the Handbook "sets out . . . what the different procedures are for studies and protocols that you follow . . . ."  Id.

The October 21, 2003 deposition testimony of Ms. Sell and Mr. Grossman has further underscored not only the relevance of the Handbook to the claims at issue in this matter, but also the importance of the Handbook to Meredith's ability to challenge RCL's experts.  Ms. Sell testified, for example, that RCL specifically invited her to review the Handbook *in its entirety*, although she chose not to do so.  Callagy Supp. Aff., Exhib. B, at 45-48.  Ms. Sell further testified that, "[n]ot having seen the manual," she did not know whether RCL followed its own manual with respect to cluster analysis procedures.  Callagy Supp. Aff., Exhib. B, at 137.  Without access to the Handbook, Meredith was not able to explore in detail the extent to which that failure undermined the reliability of Ms. Sell's conclusions.

Similarly, Mr. Grossman testified that he reviewed only selected portions of the Handbook provided to him by RCL. Callagy Supp. Aff., Exhib. C, at 33-34.  Thus, the decision not to consider other portions was made, for all practical purposes, by the defendant RCL.  Mr. Grossman conceded that other parts of the Handbook might have been relevant.  Callagy Supp. Aff., Exhib. C, at 74-75.  Without access to the Handbook, Meredith was not able to explore this line of questioning further.  Unless and until Meredith receives the Handbook, it will lose a potentially valuable tool for cross-examining Ms. Sell and Mr. Grossman regarding the materials they evaluated and the conclusions they reached.

6

537751_3

### IV.  RCL's Apparent Failure to Preserve Documents Does Not Excuse Non-Production and May Require Further Relief

Notwithstanding the fact that it has made the Handbook available to its experts, RCL blithely states that it cannot in any event produce the Handbook in response to appropriate discovery requests, because it does not possess the Handbook as it existed during the relevant time period. According to RCL, the "Handbook is maintained electronically and has been changed dozens of times since RCL last worked for Meredith." Opposition at 6. This requires further explanation. Meredith's attempts to obtain RCL's Handbook date back at least as far as September 14, 2001, when Meredith served its First Request for Production of Documents to RCL. Callagy Aff. ¶ 2, Exhib. A. At a minimum, RCL must have maintained a copy of the Handbook as of that date, and clearly maintained a copy of the Handbook when it was offered to its expert, Ms. Sell, in April 2002. Indeed, RCL's counsel, by letter dated September 9, 2002, acknowledged that he was aware of the issue. Mack Aff. Exhib. C.

If RCL has not made any effort to preserve the Handbook, RCL must explain to the Court its failure to do so. Such a failure on RCL's part would raise a great many questions. Has RCL violated the Court's Document Preservation Order of February 7, 2001? What version of the Handbook was offered to Ms. Sell? What version of the Handbook was provided to Mr. Grossman? Meredith is entitled to discover whether RCL's experts were provided with information prepared after this litigation commenced, and, if so, whether they were ever told that the information did not exist at the time of the procedures they were asked to review.[3] Without knowing the full extent of the problem, as suggested by RCL's disturbing revelation in its Opposition, it is not possible for Meredith to do more here than raise questions.

---

[3] It is worth noting in this regard that Ms. Sell testified she chose not to review the Handbook, believing that it would not be relevant unless she "could be assured that it was the handbook that was in effect in 1999 when Doctor Soley conducted the analysis." Callagy Supp. Aff., Exhib. B, at 148-49.

7

537751_3

**CONCLUSION**

For the foregoing reasons, Meredith respectfully requests that its renewed motion to compel be granted.

Dated: New York, New York
November 17, 2003

Respectfully submitted,

SATTERLEE STEPHENS BURKE & BURKE LLP

By:_____
Robert M. Callagy (*pro hac vice*)
Fed. Bar No. ct 24386
230 Park Avenue
New York, New York  10169
Telephone:  (212) 818-9200
Telecopier:  (212) 818-9606
E-Mail:  rcallagy@ssbb.com

and

James Sicilian, Esq.
Fed. Bar No. ct 05608
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut  06103-3499
Telephone:  (860) 275-0303
Telecopier:  (860) 275-0343
E-Mail:  jsicilian@dbh.com

Attorneys for Defendant/Counterclaim-Plaintiff
Meredith Corporation