Exhibit A

LAW OFFICES
**DUNCAN, GREEN, BROWN, LANGENESS & ECKLEY**
A PROFESSIONAL CORPORATION

380 CAPITAL SQUARE
400 LOCUST STREET
DES MOINES, IOWA 50309-2331
FACSIMILE (515) 288-6448
TELEPHONE (515) 288-6440

H.R. "RANDY" DUNCAN
BRENT B. "CHRIS" GREEN•
GREGORY R. BROWN
JAMES B. LANGENESS
STEPHEN R. ECKLEY†
R. MATHIESON DUNCAN‡
MARICLARE THINNES CULVER
JAMES G. SAWTELLE‡
BRADLEY C. OBERMEIER
MICHELE M. GREUBEL•
JAMES W. STEINBERG
LYNN M. GAUMER•†

OF COUNSEL
TIMOTHY S. ECKLEY
MARTIN J. KENWORTHY‡

COLORADO OFFICE
600 SEVENTEENTH STREET
SUITE 2800 SOUTH
DENVER, COLORADO 80202-5402
TELEPHONE: (303) 634-2280
FACSIMILE: (303) 634-2278

ALSO ADMITTED IN:
•NEW YORK
†MISSOURI
‡DISTRICT OF COLUMBIA
•ILLINOIS
‡COLORADO
‡SOUTH DAKOTA
•OHIO

Writer's Direct E-Mail Address:
JSawtelle@duncangreenlaw.com

October 16, 2002

David B. Mack
Hutchins, Wheeler & Dittmar
101 Federal Street
Boston, Massachusetts 02110

RE: RESEARCH COMMUNICATIONS LIMITED V. MEREDITH CORPORATION
U.S. District Court, District of Connecticut Case No. 3:00CV2179-ACV

Dear David:

I am writing to confirm receipt of your client's supplemental document production (Bates Nos. 39339-39448).

First, with respect to those portions of the RCL manual that have been provided (Bates Nos. 39441-39448), I note that your clients have marked these materials "Confidential – Counsel Eyes Only." As such, please allow this correspondence to serve as notice, pursuant to paragraph 9(e) of the Stipulation and Order Governing Confidential Information and Documents, that Meredith intends to make these materials available to Dr. A. Dwayne Ball, whose contact information you already possess. Should you require a copy of Dr. Ball's acknowledgement that he has read the Stipulation and Order, please let me know and I will provide you with the same. Also, for purposes of enabling us to determine whether the documents produced consist of all documents in RCL's control that are responsive to Request No. 50, please advise whether or not there exist any other portions of the RCL manual which relate specifically to item analysis, scale creation and refinement, or any other statistical or data analysis procedure (apart from cluster analysis and factor analysis) involved in performing a segmentation analysis.

Second, with respect to your clients' production of additional documents relating to RCL's work for Disney (Bates Nos. 39339-39440), we still have not received Ms. Crane's "redraft" of the settlement agreement which accompanied her letter to Mr. Longarzo dated September 22, 1997 (Bates No. 39408). Given that Ms. Crane apparently retained copies of every other document that she exchanged with Mr. Longarzo during this time period, it is strange that we do not yet have this item. Please advise.

David B. Mack
October 16, 2002
Page 2

    Also, it appears that this supplemental production relates exclusively to work performed by RCL for Disney TeleVentures. Request No. 44, however, also seeks any documents relating to work performed for The Walt Disney Company. In their Supplemental Answer to Interrogatory No. 26, your clients have correctly interpreted this language to encompass Disney subsidiaries and affiliates. Further, if I understand your clients' recent court filings correctly, they now maintain that because RCL "was conducting research for other Disney companies at the same time it was working for DTV," Ms. Crane reasonably believed that her statements to Mr. Kerr in April 1998 were truthful. See Memorandum in Support of Motion for Summary Judgment on Meredith's Counterclaims and Third-Party Complaint, pp. 6-7, 19-20. As such, I believe there can be little doubt that Meredith is entitled to receive all documents relating to this additional work for Disney, as more fully described in RCL's Supplemental Answer to Interrogatory No. 26.

    Meredith has no desire to waste the resources of the Court with this discovery dispute. We simply want the subject information to be produced, and not in piecemeal fashion so as to compromise its utility in these proceedings. Accordingly, I implore you to see that your clients furnish the subject materials in their entirety, at which time we will be happy to see that the pending motion is withdrawn.

    Thank you for your cooperation.

Very truly yours,

James G. Sawtelle

JGS/mm

cc: John S. Zieser, Vice-President, General Counsel and Secretary

**LAW OFFICES**
**DUNCAN, GREEN, BROWN, LANGENESS & ECKLEY**
A PROFESSIONAL CORPORATION

380 CAPITAL SQUARE
400 LOCUST STREET
DES MOINES, IOWA 50309-2331
FACSIMILE (515) 288-6448
TELEPHONE (515) 288-6440

H. R. "RANDY" DUNCAN
BRENT B. "CHRIS" GREEN*
GREGORY R. BROWN
JAMES B. LANGENESS
STEPHEN R. ECKLEY†
P. MATHIESON DUNCAN∆
MARICLARE THINNES CULVER
JAMES C. SAWTELLE
BRADLEY C. OBERMEIER
MICHELE M. GREUBEL*
JAMES W. STEINBERG
LYNN M. GAUMER*

OF COUNSEL
TIMOTHY S. ECKLEY
MARTIN J. KENWORTHY*

COLORADO OFFICE
600 SEVENTEENTH STREET
SUITE 2800 SOUTH
DENVER, COLORADO 80202-5402
TELEPHONE (303) 634-2280
FACSIMILE (303) 634-2278

ALSO ADMITTED IN:
• NEW YORK
† MISSOURI
∆ DISTRICT OF COLUMBIA
• ILLINOIS
  COLORADO
  SOUTH DAKOTA
* OHIO

**Writer's Direct E-Mail Address:**
JSawtelle@duncangreenlaw.com

November 6, 2002

**VIA FACSIMILE**
David B. Mack
Hutchins, Wheeler & Dittmar
101 Federal Street
Boston, Massachusetts 02110

RE: RESEARCH COMMUNICATIONS LIMITED V. MEREDITH CORPORATION
U.S. District Court, District of Connecticut Case No. 3:00CV2179-ACV

Dear David:

As you know, Judge Smith has requested that the parties cease further work on this matter until at least November 12, 2002, when we understand that Joe Tanski is to provide information in furtherance of the mediation effort. To that end, RCL has asked, and Meredith has agreed, to extend the time for RCL to produce the materials that are the subject of my letter dated October 16, 2002.

As we approach Ms. Sell's deposition (now set for Tuesday, November 19th in Boston), it is clear that we also need information regarding what documents have been provided to, relied upon, or received from her. RCL has answered Meredith's Third Set of Interrogatories, No. 3, (which calls for the identification of all such materials) by stating that copies of the same will be produced. However, we have not received any such materials, either in answer to this Interrogatory, or in response to Meredith's Fourth Request for Production of Documents, No. 3 (which specifically seeks the production of these documents). I also note that RCL has objected to the identification of these documents on privilege grounds, however we have not been supplied with a privilege log identifying the same, in accordance with Fed. R. Civ. P. 26(b)(5).

In any case, given the present moratorium on further trial preparation until the parties have fully explored settlement, coupled with Meredith's need to receive these materials sufficiently in advance of Ms. Sell's deposition to permit an opportunity to fully examine them in preparation for the same, I believe it makes the most sense for us to simply reschedule Ms. Sell's deposition to a later date. In that manner, the parties can direct their efforts at resolution

David B. Mack
November 6, 2002
Page 2

through settlement and, if that endeavor is not successful, RCL may furnish the requested information in accordance with its discovery obligations without violating the Court's directive.

Please let me know your position on this matter as soon as possible, so that we may plan accordingly.

Thank you for your cooperation.

Very truly yours,

James G. Sawtelle

JGS:slm

CC: John S. Zieser, Vice-President, General Counsel and Secretary