UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | |
| ) | |
|     Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
|     Defendant/Counterclaim-Plaintiff, ) | CASE NO.:  3:00CV2179-AVC |
| ) | |
| ) | |
| MEREDITH CORPORATION, ) | |
| ) | |
| v. ) | |
| ) | |
| VALERIE CRANE, ) | |
| ) | |
|     Third-Party Defendant. ) | MAY 7, 2004 |

**MOTION IN LIMINE TO EXCLUDE LAY OPINIONS**
**CONCERNING THE VALUE OF RCL'S RESEARCH STUDIES**

    Meredith Corporation ("Meredith"), defendant in the above-captioned action, moves in limine to exclude any lay opinion evidence offered by plaintiff Research Communications, Ltd. and third-party defendant Valerie Crane (collectively, "RCL") concerning the value or quality of the research studies performed by RCL. Neither Ms. Crane nor any other RCL employee has been designated as an expert in this matter and, therefore, could only seek to offer lay opinion testimony as to the value or quality of RCL's research. For the same reason, statements of any Meredith employees offered by RCL concerning RCL's research would also constitute lay opinion testimony, even assuming such hearsay would be admissible. For the reasons discussed below, any lay opinion testimony from whatever source concerning the value or quality of RCL's

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

research studies is without any foundation and must be excluded under Federal Rules of Evidence 403 and 701.

In addition, RCL's failure to produce and admitted failure to preserve an internal handbook ("the Handbook"), which contained detailed guidance concerning RCL's research procedures, further requires exclusion of testimony concerning the value or quality of RCL's research. Without access to the Handbook, Meredith cannot effectively cross-examine any witness' testimony concerning RCL's research.

## ARGUMENT

### I.

### RCL CANNOT LAY A FOUNDATION FOR LAY OPINION TESTIMONY CONCERNING THE VALUE OF RCL'S RESEARCH

**A.    THE LEGAL STANDARD**

The proponent of any evidence must establish a proper foundation for the evidence before a court may admit it. See Lurie v. Wittner, 228 F.3d 113, 134 (2d Cir.2000), cert. denied, 532 U.S. 943, 121 S.Ct. 1404, 149 L.Ed.2d 347 (2001) ("The requirement that a proper foundation be laid for the admission of evidence serves that purpose [of preventing the confusion of issues] among others, and is well established.").

Proper foundation includes proof of relevance pursuant to Federal Rule of Evidence 402; proof of personal knowledge required under Federal Rule of Evidence 602; and, with respect to lay opinions, proof that such opinion is "rationally based on the perception of the witness" as required by Federal Rule of Evidence 701. United States v. Rea, 958 F.2d 1206 (2d Cir. 1992); United States v. Harwood, 998 F.2d 91, 97 (2d Cir. 1993). In addition, lay opinion testimony must be "helpful" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

The proponent of the evidence bears the burden of establishing, by a preponderance of the evidence, the admissibility of evidence. See Bourjaily v. United States, 483 U.S. 171 (1987); Federal Rule of Evidence 104(a).

### B. RCL CANNOT SATISFY THE LEGAL STANDARD AND THEREFORE CANNOT OFFER LAY OPINION TESTIMONY

Neither Valerie Crane nor any other RCL employee has been designated as an expert witness, and so any opinion testimony concerning the value of RCL's research must satisfy the above foundation requirements for lay opinions. Failure to designate a potential expert precludes expert testimony, because, under Federal Rule of Civil Procedure 26(a)(2)(A), a party "shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." See Applera Corp. v. MJ Research Inc., 220 F.R.D. 13, 19 (D. Conn. 2004) (excluding expert testimony offered by witnesses, including named defendants, who were not identified as expert witnesses).

The Connecticut District Court's decision in Applera is directly on point. In that case, the Court observed that any witness, even a party employee, that intended to offer expert testimony must be identified as such under Fed. R. Civ. Pro. 26(a)(2)(A). The Court stated that a party's "refusal to identify even the named defendants as 'experts' . . . appears to have been a calculated decision . . . but one of high risk given its representation that the [parties'] testimony is 'likely to be opinion testimony based on . . . scientific and technical expertise . . . .'" Applera, 220 F.R.D. at 19. The Court concluded that such testimony "squarely runs up against Fed. R. Evid. 701(c)'s limitation on the scope of lay opinion testimony." Id. The Court further stated that "the amendments to Fed. R. Evid. 701 in 2000 were designed to prevent exactly what [party] now attempts to do – call expert witnesses in the guise of laypersons to offer opinion testimony on

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

[matters requiring technical expertise]." Id. For the same reasons, RCL should not be permitted to offer expert opinions via lay witnesses.

Lay opinion testimony in this case would lack any objective basis, because the relevant issues turn upon an assessment of industry standards for research methodology including sophisticated statistical concepts. The Second Circuit has held that a witness who does not identify objective bases for his opinion fails completely to meet the requirements of Rule 701 because there "is no way for the court to assess whether it is rationally based on the witness's perceptions" and "because the opinion does not help the jury but only tells it in conclusory fashion what it should find" United States v. Rea, 958 F.2d 1206 (2d Cir. 1992); see also United States v. Garcia, 291 F.3d 127 (2d Cir. 2002) (trial court abused its discretion in allowing lay opinion testimony where proffering party did not lay a foundation to explain basis of witness' opinion on defendant's knowledge of code which witness claimed they spoke in); United States v. Glenn, 312 F.3d 58 (2d Cir. 2002) (witness who observed, from a distance, a bulge that was only three or four inches long and two inches wide, lacked sufficient "first-hand knowledge or observation" to enable him to reach conclusion that the bulge was caused by a gun).

Moreover, as discussed above, Rule 701 was amended in 2000 to limit lay witness opinion testimony to that which is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Advisory Committee Notes to the 2000 amendments state that the purpose for such change was "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing" and to ensure "that a party will not evade the expert witness disclosure requirements set forth in Fed. R.Civ.P. 26 . . . by simply calling an expert witness in the guise of a

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

layperson." Advisory Committee Notes to 2000 amendments to Federal Rule of Evidence 701; see also Applera, 220 F.R.D. at 19.

The distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in everyday life", while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." State v. Brown, 836 S.W.2d 530, 549 (1992) (the court in Brown indicated that a lay witness with experience could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma). Here, the questions concerning research methodology and statistics are not the subject of everyday reasoning but require specialized knowledge.

Indeed, because of the technical nature of the RCL Reports, only someone with specialized knowledge could give a meaningful opinion as to the quality or usefulness of the RCL reports. Without the specialized knowledge needed to interpret the reports, an opinion by a layperson to the effect that the RCL Reports were "good" or the research was "valuable" would be conclusory and superficial and of no use to the trier of fact. Add to the equation lack of any foundation as to the principles and methods the declarant used in coming to that opinion and the testimony becomes unfairly prejudicial, as that term is used in Rule 403.

C.  **TESTIMONY CONCERNING STATEMENTS OF MEREDITH <u>EMPLOYEES IS HEARSAY AND MUST BE EXCLUDED</u>**

It follows that if RCL employees including Valerie Crane may not offer opinion testimony concerning the value of RCL's research, RCL may not circumvent that restriction by offering hearsay testimony concerning statements made by Meredith employees. First any statements made by Meredith employees concerning the value of RCL's research would be hearsay. Fed. R.

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

Evid. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

Even to the extent some such statements might constitute party admissions pursuant to Fed. R. Evid. 801(d)(2), that would merely avoid the hearsay problem, but not the fundamental defect discussed above: lay opinion testimony concerning the value of RCL's research is utterly without foundation. Because none of the former Meredith employees identified on RCL's witness list had specialized training or expertise in the field of marketing research methodology (and would readily admit as much), such testimony would be especially without basis.

The recent Seventh Circuit decision in Aliotta v. National R.R. Passenger Corp., 315 F.3d 756 (7th Cir. 2003) is directly on point. The Seventh Circuit noted that the 2000 Amendment reigning in the use of Rule 701 with respect to lay opinions involving "scientific, technical or other specialized knowledge," specifically indicated that the court could properly exclude statements tendered as party admissions:

> [W]e see no good reason why unqualified and unreliable scientific knowledge should be exempted from the expert evidence rules simply because the speaker is an employee of a party-opponent. (footnote omitted). Rule 801(d)(2) does not protect [a party's] unreliable scientific testimony from exclusion under Rule 701(c) and 702, and [the party's] statements, as offered for the truth of the matter contained in them (i.e., the existence of a dangerous "vacuum effect"), were properly excluded.

For the same reason, any statements by former Meredith employees concerning the validity or reliability of RCL's research must also be excluded.

Even if the Court were somehow to conclude that statements made by Meredith employees were admissible under Rule 701, such statements should still be excluded, because the prejudice would outweigh any minimal probative value. The Second Circuit has expressly adopted the position that even if statements of lay opinions are admissible under the opinion rule,

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

they can be excluded via Rule 403 if they are found to be more prejudicial than probative. <u>United States v. Rea</u>, 958 F.2d 1206 (2d Cir. 1992) ("even those lay opinions that pass Rule 701's dual test of admissibility may be excluded by the court under Fed.R.Evid. 403 if the court determines that the admission of the opinion will be cumulative or a waste of time, or that its helpfulness is substantially outweighed by the danger of unfair prejudice to the party opposing admission of the evidence"). <u>See also</u> <u>United States v. Harwood</u>, 998 F.2d 91, 97 (2d Cir. 1993) (holding that hearsay evidence not offered for the truth of the matter contained can still be excluded for unfair prejudice).

### D.  RCL'S FAILURE TO PRESERVE THE HANDBOOK WARRANTS EXCLUSION OF <u>TESTIMONY CONCERNING VALUE OF RCL'S RESEARCH</u>

Moreover, as discussed in more detail in Meredith's motion in limine to exclude RCL's experts, RCL has destroyed a critical document. Meredith's renewed motion to compel production of the Handbook, which Meredith has demanded since September 2001, is currently pending before the Court. However, on November 4, 2003, RCL responded to Meredith's motion by stating that the document could not be produced as it existed at the time, because the "Handbook is maintained electronically and has been changed dozens of times since RCL last worked for Meredith." Opposition at 6. Thus, RCL effectively admitted to a gross violation of this Court's February 7, 2001 document preservation order, attached as Exhibit A to the Affidavit of Benjamin Means ("Means Aff."), sworn to May 6, 2004, and submitted with Meredith's motion in limine to exclude RCL's experts. The Order directed preservation of all relevant documents, including "electronic files."

Meredith respectfully submits that because RCL has conceded that it is unable to comply with any order compelling production of the Handbook as it existed during the relevant time

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

period, and because it is clear that RCL has exhibited a reckless disregard for the orders of this Court – to the prejudice of Meredith's ability to defend itself in this action – RCL should be prohibited from introducing any testimony concerning the value of its research.

## CONCLUSION

For the foregoing reasons, Meredith respectfully requests that its motion in limine to exclude lay opinion testimony, whether direct or hearsay, concerning the value of RCL's research be granted.

Dated: Hartford, Connecticut
May 7, 2004

Respectfully submitted,

By:_____
James Sicilian, Esq.
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut  06103-3499
(860) 275-0303

and

Robert M. Callagy, Esq. (*pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York  10169
(212) 818-9200

Attorneys for Defendant/Counterclaim-Plaintiff
Meredith Corporation

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

# **C E R T I F I C A T I O N**

       THIS IS TO CERTIFY that a copy of the foregoing was sent on May 7, 2004, by first-class mail to all counsel and pro se parties as follows:

| | |
|---|---|
| Joseph T. Tanski, Esq.<br>David B. Mack, Esq.<br>Nixon Peabody LLP<br>101 Federal Street<br>Boston, Massachusetts 02110 | Charles W. Pieterse, Esq.<br>Whitman Breed Abbott & Morgan<br>100 Field Point Road<br>Greenwich, CT  06830 |
| Christopher M. Miller<br>Belin Lamson McCormick Zumbach Flynn<br>A Professional Corporation<br>The Financial Center<br>666 Walnut Street Suite 2000<br>Des Moines, Iowa  50309-3989 | James G. Sawtelle, Esq.<br>Duncan Green Brown Langeness & Eckley,<br>A Professional Corporation<br>Capital Square<br>400 Locust Street Suite 380<br>Des Moines, Iowa  50309 |

                                              _____
                                              James Sicilian

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**