UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**
2004 MAY 14  A 9:39
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br>    Plaintiff and )<br>    Counterclaim Defendant, )<br>v. )<br>  )<br>MEREDITH CORPORATION, )<br>    Defendant and )<br>    Counterclaim Plaintiff, )<br>  and )<br>    ) CASE NO 3:00CV2179-DFM<br>MEREDITH CORPORATION, )<br>    Third-Party Plaintiff, )<br>v. )<br>  )<br>VALERIE CRANE, )<br>    Third-Party Defendant. ) | |

### RESEARCH COMMUNICATION LTD.'S AND VALERIE CRANE'S EMERGENCY MOTION TO PERMIT DISCLOSURE OF "ATTORNEYS-EYES" DOCUMENTS TO VALERIE CRANE

Under the terms of the Stipulation and Order Governing Confidential Information and Documents, a copy of which is attached hereto as Exhibit A, Meredith Corporation ("Meredith") has denied a request by counsel to Research Communications, Ltd. and Third-Party Defendant Valerie Crane (collectively, "RCL") for permission to disclose documents labeled "Confidential-Attorneys' Eyes Only" to RCL's President, Ms. Crane. The documents sought to be disclosed are research reports prepared by vendors other than RCL for the same stations for which RCL conducted research. These documents were produced by Meredith in mid-April 2004.

In this action, RCL seeks to collect amounts due under a contract. Meredith does not simply deny that it had an obligation to pay for RCL's research. Meredith attacks the validity, utility and value of RCL's research. Meredith alleges that RCL's research was flawed and that it justifiably relied to its detriment on the RCL research in making substantial investments and expenditures.

BOS1377623.1

Meredith alleges that RCL engaged in a pattern of unprofessional and unethical conduct inconsistent with industry standards and that the results of the RCL research were not supported by the data. In support of its case, Meredith intends to call as an expert Richard Haynes, who works for Frank Magid Associates ("Magid"). According to Meredith's witness list (p. 14 of joint trial memorandum), "Mr. Haynes is employed by the firm Frank N. Magid Associates, which has been engaged by Meredith for the purpose of providing research services at television stations within the Meredith Broadcasting Group where similar work was previously provided by RCL." Purportedly, Mr. Haynes will render an opinion that RCL's research is inconsistent with industry standards. RCL is entitled to challenge Mr. Haynes' opinion and whether his own research is consistent with accepted industry standards.

To defend itself against Meredith's serious allegations, RCL requested, and Meredith produced, research reports prepared for the Meredith stations by vendors subsequent to Meredith's termination of its relationship with RCL, including Magid. Meredith labeled such documents as Highly Confidential pursuant to paragraph 7 of the Confidentiality Order.

On April 23, 2004, pursuant to paragraph 9 of the Confidentiality Order, RCL's counsel requested permission to disclose these documents to Ms. Crane. See Ex. B hereto. On April 26, 2004, Meredith refused, citing three grounds, none of which is sufficient to deny her access to these documents. See Ex. C hereto. First, Meredith contends that Ms. Crane is not an expert, there is no need for her to review the reports and any testimony regarding such reports would be inadmissible hearsay. Whether Ms. Crane has been designated as an expert witness or will testify to the contents of the reports is irrelevant. Meredith seeks nearly $5,000,000 in damages from RCL and Ms. Crane individually. The reports of other research vendors are critical to RCL's and Ms. Crane's defense. RCL and Ms. Crane are entitled to prepare against Meredith's allegations concerning the accuracy,

utility and validity of RCL's research. Part of such defense includes the examination of the research conducted by other vendors vis-à-vis RCL's research for the same stations years earlier, including Mr. Haynes of Magid, who is one of Meredith's designated experts. Ms. Crane spent many hundreds of hours over the course of more than two years providing research services to Meredith. No one is in a better position than she is to determine the extent, if any, to which these other vendors' (including Magid) research differs, in form or substance from the RCL research. Her analysis of the research of other vendors will assist RCL's counsel in preparing RCL's expert's testimony and will also assist counsel in preparing cross-examination of Meredith's fact and expert witnesses.

Meredith also argues that RCL's engagement of an expert obviates the need to disclose the reports to Ms. Crane. This too is a bogus argument. Ms. Crane, because of her intimate involvement in the research conducted for Meredith, will provide invaluable assistance to RCL's expert and RCL's counsel in analyzing the usefulness of the reports prepared by vendors other than RCL and rebutting Meredith's allegations that RCL's research, by contrast, was inaccurate and useless. It would be both more expensive, and less effective, for RCL's expert to have to conduct this analysis herself.

Finally, Meredith contends that disclosing the research to Ms. Crane will risk disclosure of such research to Meredith's competitors because RCL provides research to Meredith's competitors. This argument is without merit because RCL does not do any work for any competitor of Meredith in any market in which a Meredith television station operates and has not done so since September 2000, when RCL last worked for Meredith. See Affidavit of Valerie Crane filed herewith. Ms.

Crane also would execute the acknowledgment attached to the Confidentiality Order binding herself to its conditions.[1]

Having alleged that RCL's research was invalid, inaccurate and useless, Meredith has made the research reports of other vendors relevant to this action. Meredith cannot be permitted to use the Confidentiality Order as a means of frustrating RCL's and Ms. Crane's defense to Meredith's allegations. That is clearly what Meredith is doing here. If Ms. Crane is permitted to review the reports, she will be prohibited from disclosing them to anyone. RCL does not do work for any broadcast television in any market in which Meredith operates. Meredith's concern about the research being leaked to its competitors is specious.

For the foregoing reasons, RCL requests that the Court permit RCL's counsel to disclose to Ms. Crane research reports of vendors other than RCL that have been produced by Meredith in this matter.

---

[1] Meredith refers to deposition testimony of Ms. Crane that RCL "provides" research services to one of Meredith's competitors, E.W. Scripps. See Ex. C. Ms. Crane did not so testify. Rather, she testified that she had spoken to a former general manager of a Scripps station for which she had worked in the mid-1990s about allegations of Meredith that Scripps was dissatisfied with RCL's work. The Scripps station was in Tulsa, OK, not in any Meredith market. RCL did work for Scripps – nearly ten years ago and in cities in which Meredith does not operate. Meredith's contention that RCL does work for Meredith's competitors is false.

Dated:   April 30, 2004

RESEARCH COMMUNICATIONS, LTD.

By its Attorneys,

Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY, LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000

Charles W. Pieterse   Ct. 01577
WHITMAN, BREED, ABBOTT & MORGAN
100 Field Point Road
P.O. Box 2250
Greenwich, CT 06836
(203) 869-3800

CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that a true copy of the above document was served upon the attorneys of record for each other party as follows :

James G. Sawtelle, Esq.
Duncan, Green, Brown,
 Langeness & Eckley
600 Seventeenth Street
Suite 2800 South
Denver, Colorado 80202-5402

Robert M. Callagy, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169-0079

by first class mail on April 30, 2004.

David B. Mack