UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br>    Plaintiff and )<br>    Counterclaim Defendant, )<br>v. )<br> )<br>MEREDITH CORPORATION, )<br>    Defendant and )<br>    Counterclaim Plaintiff, )<br>  and )<br> )<br>MEREDITH CORPORATION, )<br>    Third-Party Plaintiff, )<br>v. )<br> )<br>VALERIE CRANE, )<br>    Third-Party Defendant. ) | CASE NO 3:00CV2179-DFM |

## AFFIDAVIT OF DAVID B. MACK

I, David B. Mack, on oath depose and say:

1. I am an attorney at the law firm of Nixon Peabody LLP, which represents Research Communications, Ltd. and Valerie Crane (collectively "RCL") in this action. I submit this affidavit in support of RCL's Emergency Motion to Compel Production of Exit Interviews Conducted of Former Meredith Employees Concerning the RCL Research.

2. Attached hereto as <u>Exhibit A</u> is a true and accurate copy of Meredith Corporation's Amended Answer with Counterclaims and Third-Party Complaint dated June 26, 2002.

3. Attached hereto as <u>Exhibit B</u> is a true and accurate copy of RCL's Second Request for Production of Documents.

4. Attached hereto as <u>Exhibit C</u> is a true and accurate copy of RCL's First Request for Production of Documents.

BOS1324027.2

5. In connection with the deposition of a former employee of Meredith Corporation who worked for Meredith's television station in Hartford, Connecticut, RCL learned that such employee had completed an exit interview and that at such interview the subject of RCL's research was raised. This discovery prompted RCL, on February 12, 2004, to request that Meredith produce exit interviews for any employees identified in a list of former Meredith employees who were involved in the research. A true and accurate copy of the letter dated February 12, 2004 is attached hereto as <u>Exhibit D</u>.

6. Meredith in response requested a list of the former employees in whose exit interviews RCL was interested. <u>See</u> letter dated March 11, 2004 from James Sawtelle to me, attached hereto as <u>Exhibit E</u>. RCL provided the list requested by Meredith the following day. <u>See</u> <u>Exhibit F</u>.

7. Having not received the exit interviews despite telephone requests after March 12, 2004, RCL's counsel on or abut April 5, 2004, contacted Meredith's counsel inquiring as to the status of the production, as well as other matters. During this conversation, RCL requested that Meredith produce exit interviews pertaining to the research or to a station's performance, as Meredith has made certain claims against RCL in which it has alleged that RCL is responsible for the stations' allegedly poor financial performance. Meredith's counsel agreed that he would consider RCL's request.

8. Ultimately, of the fifty individuals identified in the list of former employees involved in the RCL research, Meredith produced the exit interview with respect to only one employee.

9. RCL's counsel wrote Meredith's counsel on April 20, 2004 requesting that the remaining exit interviews be produced. Meredith responded on April 23, 2004 that it was

refusing to produce the exit interviews on the basis of relevancy. See <u>Exhibits G and H</u>, respectively.[1]

10. Attached hereto as <u>Exhibit I</u> is a true and accurate copy of Meredith's Answers to RCL's Fourth Set of Interrogatories.

11. Pursuant to Local Rule 9(c), I certify that I have conferred with counsel to Meredith, James Sawtelle, in an effort in good faith to resolve by agreement the issues raised by RCL's motion to compel, but have been unable to reach agreement.

Signed under the penalties of perjury this 30th day of April, 2004.

*/s/ David B. Mack*
David B. Mack

### CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that a true copy of the above document was served upon the attorneys of record for each other party as follows :

> James G. Sawtelle, Esq.
> Duncan, Green, Brown,
>   Langeness & Eckley
> 600 Seventeenth Street
> Suite 2800 South
> Denver, Colorado 80202-5402
>
> Robert M. Callagy, Esq.
> Satterlee Stephens Burke & Burke LLP
> 230 Park Avenue
> New York, NY 10169-0079

by first class mail on April 30, 2004.

*/s/ David B. Mack*
David B. Mack

---

[1] Meredith contended in its April 23 letter that I had willfully violated the Court's Confidentiality Order by disclosing the exit interview to my client. I did not disclose the interview to my client and responded to Mr. Sawtelle to that effect the same day.