UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEREDITH CORPORATION, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> MEREDITH CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VALERIE CRANE, ) <br> ) <br> Defendant. ) <br> ) | CASE NO 3:00CV2179-DFM |

FILED 2004 MAY 14 A 9:38 U.S. DISTRICT COURT HARTFORD, CT.

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
TERI DENSON FROM TESTIFYING AT TRIAL**

Plaintiff Research Communications, Ltd. and third-party defendant Valerie Crane (collectively, "RCL") move *in limine* to preclude Teri Denson from testifying in this matter on behalf of Meredith Corporation ("Meredith").

Meredith intends to call Ms. Denson in support of its counterclaim, third-party claim and defense that RCL, through its President, Dr. Crane, fraudulently induced Meredith into executing the contract at issue by falsely stating to William Kerr, Meredith's Chief Executive Officer, that: "RCL was capable of providing services of the highest quality . . . [and] that she and her company enjoyed a number of successful business relationships with other large media concerns,

BOS1372907.2

including The Walt Disney Company." The thrust of Meredith's fraudulent inducement claim/defense is that Dr. Crane touted her relationship with Disney to Mr. Kerr notwithstanding that she knew that Disney and RCL had had a dispute concerning the quality of RCL's research. Meredith intends to have Ms. Denson testify that she reviewed RCL's work and found it less than satisfactory.

In order to prove its fraudulent inducement claim/defense, however, Meredith must demonstrate, *inter alia,* that at the time Dr. Crane made the alleged statement to Mr. Kerr regarding RCL's relationship with Disney, Dr. Crane knew that such statement was not true. In order to prove that Dr. Crane knew the falsity of the statement she allegedly made to Mr. Kerr, Meredith must demonstrate that someone at Disney told Dr. Crane that Disney was not pleased with RCL's work or something of that ilk.

RCL denies every single allegation of Meredith relating to Meredith's fraudulent inducement counterclaim/defense and further disputes that even if the allegations prove to be true that such facts constitute a legally cognizable claim. Even assuming *arguendo,* however, that (a) Dr. Crane made such a statement; (b) such statement was false; and (c) Dr. Crane knew such statement was false, Ms. Denson nevertheless should be precluded from testifying because she never communicated with Dr. Crane or anyone else at RCL concerning RCL's work for Disney, or for that matter concerning anything else. Ms. Denson acknowledged at her deposition that she had never met or spoken to Dr. Crane until the deposition itself in July 2002, which Dr. Crane attended. Ms. Denson also testified that she never met anyone at RCL, nor spoke by telephone with anyone at RCL. See Denson Deposition, pp. 50-56, 64, 71-72, 81 attached hereto as <u>Exhibit A</u>. Whatever Ms. Denson thought of RCL's work for Disney is entirely irrelevant if such thoughts were never conveyed by her to Dr. Crane or anyone at RCL. According to her

deposition testimony, such thoughts were not communicated and therefore will not tend to show Dr. Crane's state of mind at the time of the alleged misrepresentation. Having never spoken to, nor met with, anyone at RCL, Ms. Denson has nothing to add to this case. Her testimony would be pure hearsay because at best she could only testify that someone at Disney told her that someone at Disney told Dr. Crane or someone else at RCL that Disney was not pleased with RCL's work.

For the foregoing reasons, RCL requests that the Court preclude Teri Denson from testifying in this matter and grant RCL such other relief as is just or appropriate.

Dated:   April 30, 2004                    RESEARCH COMMUNICATIONS, LTD.

                                           By its Attorneys,

                                           /s/ Joseph C. Tanski

                                           Joseph C. Tanski   Ct. 22211
                                           David B. Mack   Ct. 23151
                                           NIXON PEABODY, LLP
                                           100 Summer Street
                                           Boston, Massachusetts 02110
                                           (617) 345-1000

                                           Charles W. Pieterse   Ct. 01577
                                           WHITMAN, BREED, ABBOTT & MORGAN
                                           100 Field Point Road
                                           P.O. Box 2250
                                           Greenwich, CT 06836
                                           (203) 869-3800

## CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that a true copy of the above document was served upon the attorneys of record for each other party as follows :

> James G. Sawtelle, Esq.
> Duncan, Green, Brown,
>   Langeness & Eckley
> 600 Seventeenth Street
> Suite 2800 South
> Denver, Colorado 80202-5402
>
> Robert M. Callagy, Esq.
> Satterlee Stephens Burke & Burke LLP
> 230 Park Avenue
> New York, NY 10169-0079

by first class mail on April 30, 2004.

_____
David B. Mack