UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) )<br><br>Plaintiff, )<br> )<br>v. )<br> )<br>MEREDITH CORPORATION, )<br> )<br>Defendant, )<br> )<br>and )<br> )<br>MEREDITH CORPORATION, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>VALERIE CRANE, )<br> )<br>Defendant. )<br> ) | CASE NO 3:00CV2179-DFM |

**FILED**

U.S. DISTRICT COURT
HARTFORD, CT.
2004 MAY 14  A 9:38

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE RICHARD HAYNES FROM TESTIFYING AT TRIAL

Plaintiff Research Communications, Ltd. and third-party defendant Valerie Crane (collectively, "RCL") move *in limine* to preclude Richard Haynes from testifying in this matter on behalf of Meredith Corporation ("Meredith"). Mr. Haynes, the Senior Vice President of Research for Frank N. Magid Associates, a competitor of RCL which has apparently conducted research for Meredith, should be precluded from testifying because he was identified as an expert witness on June 6, 2003, more than a year after the deadline required for such disclosure under

BOS1372906.1

the Court's Scheduling Order, as amended.[1] This case has been pending since November 2000. Two years of extensive discovery was conducted, during which dozens of depositions were conducted by both parties. The Court's Scheduling Order required the parties to designate by March 31, 2002 all trial experts and provide opposing counsel with reports from retained experts with respect to claims on which it bears the burden of proof. The deadline with respect to rebuttal experts was July 31, 2002. See Exhibit A. Prior to the March 31, 2002 deadline, Meredith designated seven purported expert witnesses. Mr. Haynes was not one of them. More than fourteen months later, Meredith filed a Substituted Designation of Expert Witness, in which it stated that Mr. Haynes, through his firm's work for Meredith:

> has acquired and will continue to acquire first-hand knowledge concerning matters at issue in this action including, without limitation, the nature of the research services provided by RCL to Meredith Corporation, the implementation of business decisions by Meredith Corporation based on the reliability of the information and conclusions presented by RCL, the utility of such research services to Meredith Corporation, the performance of the various television stations within the Meredith Broadcasting Group that relied in the validity of the RCL research services and the measures undertaken by Meredith Corporation to address those issues arising from its relationship with RCL relating to the performance of its television broadcast stations.

See Exhibit B hereto.

This is the precise subject matter of five other proposed expert witnesses identified by Meredith on March 29, 2002. Meredith should not be permitted to designate an expert witness more than a year after the deadline established by the Court. Like RCL, Meredith should be limited to using only those experts it designated within the time ordered by the Court (of which there are six others).

---

[1]   RCL and Dr. Crane do not waive, and expressly reserve, their right to challenge the competency of Mr. Haynes to render opinions on the subject matters identified in the Substituted Designation of Expert Witness and the reliability of any opinion he may render in the event this motion is denied. In addition, RCL and Dr. Crane reserve their right to preclude Mr. Haynes and any other expert witness from testifying on the grounds that Meredith failed to furnish an expert report in accordance with Fed. R. Civ. P. 26. RCL and Dr. Crane expressly reserve each of these rights with respect to any other purported expert Meredith may call to testify in this matter.

For the foregoing reasons, RCL requests that the Court preclude Richard Haynes from testifying in this matter and grant RCL such other relief as is just or appropriate.

Dated:     April 30, 2004

RESEARCH COMMUNICATIONS, LTD.

By its Attorneys,

Joseph C. Tanski    Ct. 22211
David B. Mack    Ct. 23151
NIXON PEABODY, LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000

Charles W. Pieterse    Ct. 01577
WHITMAN, BREED, ABBOTT & MORGAN
100 Field Point Road
P.O. Box 2250
Greenwich, CT 06836
(203) 869-3800

## CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that a true copy of the above document was served upon the attorneys of record for each other party as follows :

> James G. Sawtelle, Esq.
> Duncan, Green, Brown,
>  Langeness & Eckley
> 600 Seventeenth Street
> Suite 2800 South
> Denver, Colorado 80202-5402
>
> Robert M. Callagy, Esq.
> Satterlee Stephens Burke & Burke LLP
> 230 Park Avenue
> New York, NY 10169-0079

by first class mail on April 30, 2004.

David B. Mack

BOS1372906.1