IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RESEARCH COMMUNICATIONS, LTD., | ) | CASE NO. 3:00CV2179-AVC |
| Plaintiff/Counterclaim-Defendant, | ) | |
| v. | ) | |
| MEREDITH CORPORATION, | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |
| MEREDITH CORPORATION, | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| VALERIE CRANE, | ) | |
| Third-Party Defendant. | ) | MAY 14, 2004 |

OPPOSITION TO RESEARCH COMMUNICATION LTD.'S AND VALERIE CRANE'S MOTION TO PRECLUDE DR. TERI A. DENSON FROM TESTIFYING AT TRIAL

RCL and Ms. Crane move in limine to preclude Dr. Teri A. Denson from testifying at trial on the grounds that any testimony she might offer would be irrelevant or hearsay because she never met with or spoke to Ms. Crane prior to this lawsuit. RCL's motion is without merit and must be denied.

Meredith has asserted by way of defense/counterclaims in this matter that it was induced to enter into the contract with RCL that is the subject of litigation, through false statements made by Ms. Crane to Meredith's chief executive officer, Mr. Bill Kerr. Specifically, during an interview with Mr. Kerr in April 1998, Ms. Crane responded to questions regarding her experience working with major media concerns by stating that

her company enjoyed a successful business relationship with The Walt Disney Company. As set forth in the attached Affidavit signed by Mr. Kerr (TAB A), it was based upon the strength of Ms. Crane's representation that he allowed Meredith to contract with RCL as a supplier of market research and consulting services. Meredith will prove at trial that Ms. Crane's representation was false, and that she knew it to be false at the time she made this statement to Mr. Kerr.

The testimony of Dr. Teri A. Denson is directly relevant to Meredith's claim of fraudulent inducement, and specifically to the issue of whether Ms. Crane's statement to Mr. Kerr was false. As Dr. Denson explained in her deposition, she holds both a masters degree and a Ph.D. in educational psychology and research design. During 1997, she was employed by Disney as an independent research consultant, relative to an endeavor known as Disney TeleVentures. Denson Deposition, pp. 8-9 (TAB B). In that capacity, she was assigned to review the research design and prepare post-analyses of a segmentation study being conducted by RCL. Denson Deposition, pp. 9-11 (TAB B). Throughout her assignment, Dr. Denson worked with Disney TeleVenture's director of research, Ms. Zorina Pelant. Ultimately, Dr. Denson and Ms. Pelant determined that the research conclusions presented by RCL to Disney could not be confirmed by the underlying data, and were therefore useless to Disney. Denson Depo., pp. 30-33 (TAB B). As such, "the original purpose of the study" that was performed for Disney by RCL had not been met. Id. (TAB B).

Dr. Denson's testimony becomes all the more relevant when viewed in the context of Ms. Crane's response to the testimony of Disney TeleVenture's director of research, Ms. Pelant. During her deposition, Ms. Pelant confirmed that she worked

closely with Dr. Denson in reviewing the work of RCL, and in trying to "salvage" something out of the RCL work product to "make it actionable." Pelant Depo., pp. 75-79 (TAB C). In sum, her assessment of RCL's work was consistent with that of Dr. Denson in that "the analysis was inadequate, the results weren't actionable, and [Disney] spent a lot of money for something that [it] probably could have done a lot less expensively." Pelant Depo., p. 137 (TAB C). Ms. Pelant further testified that she and others at Disney personally conveyed to Ms. Crane that Disney was dissatisfied with the work of RCL. Pelant Depo., pp.59-63, 71 (TAB C). As a result of the dispute between Disney and RCL over the poor quality of RCL's work, Ms. Pelant testified that the two parties actually entered into a Settlement Agreement on October 3, 1997, *just months prior* to Ms. Crane's representations to Mr. Kerr. Pelant Depo., p. 81 (TAB C).[1]

In response, Ms. Crane dismissed Ms. Pelant's criticisms of RCL's work as nothing more than her own subjective opinions, and not reflective of the views of Disney TeleVentures. Crane Depo., pp. 302-303 (TAB D). As such, the testimony of Dr. Denson becomes highly relevant, insofar as it serves to corroborate the testimony of Ms. Pelant that Disney – not just Ms. Pelant – was rightfully dissatisfied with the work of RCL. F.R.Evid. 401 ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). The fact that Dr.

---

[1] In an Affidavit sworn to March 20, 2002 filed with the Court, Ms. Crane testified that the Settlement Agreement was, in fact, a "new contract" designed to account for costs incurred in connection with the expansion of RCL's scope of work at the request of Disney. This statement was refuted by Ms. Pelant, who testified that the parties' Settlement Agreement was the product of Disney's desire to end its relationship with RCL. Pelant Depo., pp. 71-72. It was further refuted by the director of business and legal affairs for Disney TeleVentures, Jerry Longarzo, who testified that the impetus for the Settlement Agreement was the fact that Disney was "very dissatisfied" with the performance of RCL, and that the parties sought to avoid litigation to resolve their differences. Longarzo Depo., pp. 31-33, 61-68.

Denson did not personally communicate Disney's dissatisfaction to Ms. Crane does not render her testimony any less relevant, nor would her testimony constitute hearsay.

For the foregoing reasons, Meredith requests that the Court enter an Order denying RCL and Ms. Crane's motion in limine to preclude Dr. Teri A. Denson from testifying in this matter, and for such further and additional relief as the Court deems just and equitable in the premises.

Dated: May 14, 2004.

Respectfully submitted,

MEREDITH CORPORATION

By:_____
    James Sicilian
    (ct05608)
    DAY, BERRY & HOWARD LLP
    CityPlace I
    Hartford, Connecticut  06103-3499
    Phone:  (860) 275-0100
    Fax:     (860) 275-0343
    email:   jsicilian@dbh.com

and

Robert M. Callagy (*pro hac vice*)
(ct24386)
SATTERLEE STEPHENS BURKE &
    BURKE LLP
230 Park Avenue
New York, New York  10169
Phone:  (212) 818-9200
Fax:     (212) 818-9606
email:   rcallagy@ssbb.com

Attorneys for Defendant/Counterclaim-Plaintiff
Meredith Corporation

## **CERTIFICATION**

       THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 14th day of May, 2004, by first class mail to all counsel and pro se parties as follows:

Joseph T. Tanski, Esq.  
David B. Mack, Esq.  
Nixon Peabody LLP  
101 Summer Street  
25th Floor  
Boston, Massachusetts 02110

Charles W. Pieterse, Esq.  
Whitman Breed Abbott & Morgan  
100 Field Point Road  
Greenwich, CT  06830

Christopher M. Miller, Esq.  
Belin Lamson McCormick Zumbach Flynn  
A Professional Corporation  
The Financial Center  
666 Walnut Street Suite 2000  
Des Moines, Iowa  50309-3989

James G. Sawtelle, Esq.  
Duncan Green Brown Langeness &  
    Eckley  
A Professional Corporation  
Capital Square  
400 Locust Street Suite 380  
Des Moines, Iowa  50309

_____  
James Sicilian