UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RESEARCH COMMUNICATIONS, LTD., | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEREDITH CORPORATION, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff, | ) | |
| | ) | CASE NO.:  3:00CV2179-AVC |
| | ) | |
| | ) | |
| MEREDITH CORPORATION, | ) | |
| | ) | MAY 14, 2004 |
| v. | ) | |
| | ) | |
| VALERIE CRANE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**OPPOSITION TO MOTIONS IN LIMINE TO PRECLUDE
RICHARD HAYNES FROM TESTIFYING AT TRIAL AND
TO PRECLUDE KEVIN O'BRIEN, DOUGLAS LOWE OR
RICHARD HAYNES FROM OFFERING EXPERT OPINIONS
THAT RCL'S RESEARCH CAUSED MEREDITH'S STATIONS'
RATINGS AND/OR FINANCIAL PERFORMANCE TO DECLINE**

Meredith Corporation ("Meredith"), by its attorneys, submits this memorandum

of law in opposition to two related motions in limine filed by Plaintiff Research

Communications, Ltd. and third-party defendant Valerie Crane (collectively, "RCL").

**I.**

**MEREDITH PROPERLY DESIGNATED RICHARD HAYNES**

RCL argues in a motion in limine before this Court that Richard Haynes should be

precluded from testifying at trial for the sole reason that he was identified as an expert

1

"more than a year after the deadline required for such disclosure . . . ." RCL fails to mention, however, that Meredith Corporation's Substituted Designation of Expert Witness, which occurred without objection almost a year ago, did nothing more than substitute Mr. Haynes for John Quarderer, who had previously been designated. RCL Motion, Exhib. B. As per the substituted designation, "Mr. Haynes will offer the <u>same</u> testimony as his predecessor." <u>Id.</u> (emphasis added).

RCL cannot possibly claim any prejudice, because it never sought to depose Mr. Haynes' predecessor. For that reason, RCL's reference in its motion to a designation made after "extensive discovery" and "dozens of depositions" is especially disingenuous. <u>See</u> <u>Encyclopedia Brown Prods. Ltd. v. Home Box Office, Inc.</u>, 1999 WL 126460, at * 2 (S.D.N.Y. 1999) (finding that substitution of witness would not cause prejudice as "plaintiffs never sought to take the depositions of the . . . original witnesses, and thus cannot be said to have developed any reliance interest in the precise testimony given at such a pretrial interrogation").

## II.

### KEVIN O'BRIEN, DOUGLAS LOWE AND RICHARD HAYNES MAY PROPERLY TESTIFY THAT RCL'S RESEARCH CAUSED MEREDITH'S STATION RATINGS AND FINANCIAL PERFORMANCE TO DECLINE

RCL's motion to preclude testimony that RCL's research caused Meredith's station ratings and/or financial performance to decline appears to rest largely upon a willful misunderstanding of <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), and of the nature of the testimony that may be offered by a witness whose expertise is based upon experience rather than specialized scientific knowledge.

Under Federal Rule of Evidence 702, which governs the admissibility of expert

testimony,

> If scientific, technical or other specialized knowledge will assist the trier
> of fact to understand the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience, training, or
> education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Civ. Pro. 702.  Daubert assigns to judges the "gatekeeping" obligation to ensure

that expert testimony is reliable and sets forth factors "that a trial court may consider" but

that list of factors "neither necessarily nor exclusively applies to all experts or in every

case." Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999) (discussing Daubert);

cf. United States v. Salameh, 152 F.3d 88, 129 (2d Cir. 1998) (holding that "expert

testimony is proper under Rule 702 if it illuminates matters 'not within the common

knowledge of the average juror'") (citation omitted).

Courts have recognized in particular that expert testimony based upon experience

in a particular industry may not be susceptible to analysis under the Daubert factors, and

yet may be helpful to the jury.  Thus, "[i]n many cases, 'the relevant reliability concerns

may focus upon personal knowledge or experience.'" Katt v. City of New York, 151 F.

Supp. 2d 313, 353 (S.D.N.Y. 2001) (quoting Rivera v. Mill Hollow Corp., 2000 WL

1175001 (S.D.N.Y. 2000) (additional citations omitted)).  In Katt, the court affirmed the

admissibility of expert testimony concerning retaliatory police practices, even though it

was based upon experience rather than scientific study.  Id. at 356 ("[T]hat an expert's

opinion is not based on statistical studies does not render that opinion inadmissible . . .

."); see also Liriano v. Hobart Corp., 949 F. Supp. 171, 177 (S.D.N.Y. 1996) ("Expert

opinion based on personal experience cannot always be evaluated on the basis of 'rate of error', 'peer review' or 'general acceptance' in the relevant scientific community.").[1]

In this case, Meredith's witnesses have first hand knowledge of matters at issue. Meredith properly designated those witnesses as experts, in addition, because they bring a wealth of experience concerning the use of market research in connection with the broadcast television industry and the objective means by which to measure the value of market research presented to the client that will be helpful to the jury. Meredith's witnesses will testify that the reason to do research is to try to increase audience share as reflected in ratings. In order to assess whether Meredith derived any benefit from RCL's research, Meredith's witnesses will testify that the only objective criterion is to examine whether ratings improved. Meredith's witnesses will further testify, based upon their first hand knowledge and technical expertise, that ratings and revenue in fact declined.

RCL's objections concerning the methodological basis for those opinions may properly be explored during cross-examination, but RCL's suggestion that Meredith's experts, whose expertise is based upon experience not scientific training, must satisfy each and every Daubert factor has no basis in the caselaw and must be rejected. See e.g., Katt, 151 F. Supp. 2d at 357 (noting that cross-examination was proper vehicle for exploring fact that expert's opinion not based on statistical studies).[2]

---

[1] To the extent Liriano suggested that Daubert would not apply at all to non-scientific expert testimony, that suggestion has been overruled by the Supreme Court's decision in Kuhno Tire. However, the court's fundamental point that the criteria for scientific testimony may not be applicable to experience-based testimony is strongly supported by Kuhno Tire, which, as discussed above, makes clear that the Daubert factors should not be blindly applied in assessing the reliability of expert testimony. See Kuhno Tire, 526 U.S. at 141 (stating that "the test of reliability is 'flexible'").

[2] Moreover, RCL's motion, which is styled as a motion to exclude testimony from all of Meredith's experts, in fact only discusses the testimony of Kevin O'Brien. Thus, even if the Court were to grant RCL's motion, it should be treated as a motion only to exclude Mr. O'Brien's testimony concerning a cause and effect relationship between research and ratings. Finally, it should be noted that RCL's suggestion that expert reports were required for these witnesses, who were not retained as experts, has no basis. See Rule

4

## CONCLUSION

For the foregoing reasons, RCL's motions in limine concerning Richard Haynes,

Kevin O'Brien, and Douglas Lowe should be denied.

Respectfully submitted,

MEREDITH CORPORATION


By:_____
        James Sicilian
        (ct05608)
        DAY, BERRY & HOWARD LLP
        CityPlace I
        Hartford, Connecticut  06103-3499
        Phone:  (860) 275-0100
        Fax:     (860) 275-0343
        email:   jsicilian@dbh.com

and

        Robert M. Callagy (*pro hac vice*)
        (ct24386)
        SATTERLEE STEPHENS BURKE &
            BURKE LLP
        230 Park Avenue
        New York, New York  10169
        Phone:  (212) 818-9200
        Fax:     (212) 818-9606
        email:   rcallagy@ssbb.com

Attorneys for Defendant/Counterclaim-Plaintiff
Meredith Corporation

---

26(a)(2) Advisory Committee Notes to the 1993 Revisions ("The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.").

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 14th day of May, 2004, by first class mail to all counsel and pro se parties as follows:

Joseph T. Tanski, Esq.
David B. Mack, Esq.
Nixon Peabody LLP
101 Summer Street
25th Floor
Boston, Massachusetts 02110

Charles W. Pieterse, Esq.
Whitman Breed Abbott & Morgan
100 Field Point Road
Greenwich, CT  06830

Christopher M. Miller, Esq.
Belin Lamson McCormick Zumbach Flynn
A Professional Corporation
The Financial Center
666 Walnut Street Suite 2000
Des Moines, Iowa  50309-3989

James G. Sawtelle, Esq.
Duncan Green Brown Langeness &
    Eckley
A Professional Corporation
Capital Square
400 Locust Street Suite 380
Des Moines, Iowa  50309

_____
James Sicilian