UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., <br><br>Plaintiff, <br><br>v. <br><br>MEREDITH CORPORATION, <br><br>Defendant, <br><br>and <br><br>MEREDITH CORPORATION, <br><br>Plaintiff, <br><br>v. <br><br>VALERIE CRANE, <br><br>Defendant. | CASE NO 3:00CV2179-DFM |

**OPPOSITION OF RESEARCH COMMUNICATIONS, LTD. AND VALERIE CRANE TO MEREDITH CORPORATION'S MOTION TO EXCLUDE TESTIMONY OF EXPERTS SUZANNE SELL AND MICHAEL A. GROSSMAN**

Meredith's motion ("Meredith's Expert Preclusion Motion") to exclude testimony of Suzanne Sell and Michael A. Grossman, experts identified by Research Communications, Ltd. and Valerie Crane (collectively "RCL"), is based on two grounds. First, Meredith contends, despite sworn testimony of RCL's experts to the contrary, that RCL's experts considered portions of an RCL handbook not produced during discovery. Second, Meredith asserts that Meredith has been unable to obtain testimony from one of Meredith's witnesses, Bonita Soley, to rebut RCL's contention that two faulty syntaxes were prepared under the supervision of Ms.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

Soley. Neither of these grounds has any merit. Exclusion of testimony by RCL's experts would cause extreme prejudice to RCL. Meredith's motion should be denied. In support of its opposition, RCL relies on the Affidavit of David Mack filed herewith.[1]

## ARGUMENT

### I. SUZANNE SELL DID NOT CONSIDER THE RCL HANDBOOK; MICHAEL A. GROSSMAN CONSIDERED ONLY THE SIX PAGES OF THE RCL HANDBOOK PRODUCED TO MEREDITH.

Meredith's Expert Preclusion Motion is based on the foundation that RCL's experts considered portions of an RCL handbook that were not produced to Meredith (Meredith's Expert Preclusion Motion, pp. 1-2, 5-6 and 8). That foundation is demonstrably false.

Ms. Sell testified at her deposition, unequivocally, that she did not ever see the RCL handbook (Suzanne Sell deposition testimony, pp. 45-49, Ex. A to Mack Aff.). Mr. Grossman testified at his deposition, unequivocally, that he "reviewed" approximately six pages of the RCL handbook consisting of the factor analysis and cluster analysis section and that he reviewed no other sections of the handbook (Michael Grossman deposition testimony, pp. 16-18, 74, Ex. B to Mack Aff.)). These six pages of the handbook were produced to Meredith on September 9, 2002, more than a year prior to Mr. Grossman's deposition. See Mack Aff. ¶4 and Ex. C.[2]

Since Ms. Sell did not even look at the RCL handbook, Meredith's motion to preclude her testimony on that basis that RCL did not produce the handbook must be denied. Similarly,

---

[1] On September 9, 2002, RCL produced the portion of the handbook pertaining to certain statistical analyses performed on RCL research for Meredith. Mack Aff., ¶ 4 and Ex. C. Meredith filed a motion to compel production of the entire RCL handbook, opposed by RCL, which is pending before the Court. For purposes of Meredith's Expert Preclusion Motion, it is not necessary for the Court to reach the issues addressed in the motion to compel because neither RCL expert witness considered any portion of the handbook other than that portion produced during discovery.

[2] Mr. Grossman did not read the other portions of the handbook because they were beyond the scope of his assignment. In the words of Mr. Grossman "[I]t would be quite a daunting task that I was not paid for." (Grossman deposition, p. 18, Ex. B to Mack Aff.). Similarly Ms. Sell testified that she did not even ask to see
*(Footnote continued on next page)*

BOS1381087.1                                                2

because RCL produced to Meredith the entire section of the RCL handbook which Mr. Grossman reviewed, Meredith's motion to preclude Mr. Grossman's testimony also must fail.

Meredith's argument that the Federal Rules of Evidence require production of all materials <u>considered</u> by an expert, not just materials <u>relied</u> on by the expert (Meredith's Expert Preclusion Motion, pp. 5-6) leads nowhere. As detailed above, Ms. Sell did not <u>consider</u> the handbook at all. She never even saw the handbook. Mr. Grossman <u>considered</u> only the six page factor and cluster analysis section which was produced to Meredith. Mr. Grossman never saw the other portions of the handbook.

<u>In Re Aircrash at Dubrovnik,</u> No. MDL 1180, Civ. 398 CV 2464 AVC, 2001 WL 7774333, *5 (D.Conn. June 4, 2001) relied upon by Meredith (Meredith's Expert Preclusion Motion, p. 6) is entirely inapposite. Meredith is <u>not</u> being asked "to rely on [the resisting party's] representation that . . . documents were not considered by the expert in forming his opinion". To the contrary Meredith has the sworn testimony of Ms. Sell in a deposition <u>conducted by Meredith</u> that Ms. Sell did not consider the handbook at all and the sworn testimony of Mr. Grossman in a deposition <u>conducted by Meredith</u> that Mr. Grossman considered only the six page section on factor and cluster analysis produced to Meredith more than a year in advance of Mr. Grossman's deposition. Meredith's citation to <u>Aircrash at Dubrovnik</u> is (at best) misleading.

Meredith's assertion that Meredith sought production of all documents "provided to or received from" RCL's experts and all documents identified in RCL's expert reports, and that Mr. Grossman identified the handbook in his expert report (an assertion which is not true – <u>see</u>

---

*(Footnote continued from previous page)*
the RCL handbook because "I didn't feel I needed to" and that she "looked at a great deal of other material and made conclusions based on the other material." (Suzanne Sell deposition, pp. 45-47, Ex. A Mack Aff.).

below) also leads nowhere. The only portion of the handbook provided to or relied upon by Mr. Grossman was given to Meredith. No portion of the handbook was provided to or relied upon by Ms. Sell (see above). Contrary to Meredith's statement, Mr. Grossman did not "identify the handbook in his expert report" (Meredith's Expert Preclusion Motion, p. 6). Rather Mr. Grossman's report states that he reviewed "that portion of the RCL Analysts' handbook pertaining to market segmentation analysis". (Report of Mr. Grossman (Ex. C to Meredith's Expert Preclusion Motion) pp. 2, 10). Mr. Grossman's deposition testimony unequivocally confirms that Mr. Grossman reviewed only the six page section on factor and cluster analysis (Exhibit B to Mack Aff.).

Preclusion of testimony by RCL's experts based on the dispute between RCL and Meredith over production of the entire RCL handbook is entirely inappropriate. Except for the factor – cluster analysis section of the handbook considered by Mr. Grossman (which section was provided to Meredith) neither of RCL's experts considered or relied on the handbook. Although Mr. Grossman considered a six page section of the handbook, Meredith was not prejudiced as to Mr. Grossman. Meredith could have questioned Mr. Grossman about that portion of the handbook as much as Meredith saw fit. Meredith had those portions of the handbook.

Contrary to the situation in Valentine v. Mercedes-Benz Credit Corp., 1999 WL 787657 (S.D.N.Y. 1999) relied on by Meredith (see Meredith's Expert Preclusion Motion, pp. 8-9), RCL's experts will not be presenting an opinion or otherwise testifying based on their

examination of evidence that was not available to Meredith or its experts. Accordingly preclusion of RCL's experts is not justified.[3]

II. **MEREDITH'S ATTEMPT TO USE RCL'S RECENT PRODUCTION OF AN SPSS FILE TO PRECLUDE MR. GROSSMAN'S TESTIMONY IS A RUSE. MEREDITH HAS HAD NEARLY A YEAR TO DEPOSE BONITA SOLEY AND PUT "ON THE RECORD" ANY DENIAL BY HER THAT SHE WAS RESPONSIBLE FOR THE TWO SYNTAXES REVIEWED BY MR. GROSSMAN.**

Meredith argues that because an electronic SPSS file was only recently produced by RCL, Mr. Grossman's testimony should be entirely excluded or excluded insofar as identifying Ms. Soley or anyone working at her direction as the author of the syntaxes referred to in Mr. Grossman's report (Meredith's Expert Preclusion Motion, pp. 10-12).

Ms. Soley was contacted by Meredith and identified by Meredith in its interrogatory answers as the witness who contends that certain requests made of her on a benefits segmentation study for Atlanta were inappropriate. Meredith retained Foley & Lardner in Washington, DC to represent Ms. Soley.[4] Meredith has known all along that those RCL witnesses involved in the Atlanta study and who supervised Ms. Soley's work criticized Ms. Soley's work on that project and her understanding of how to perform a certain statistical analysis called a factor analysis. In May 2002 and July 2002, about a year prior to receiving Mr.

---

[3] Meredith argues that RCL's experts should be barred from testifying on account of the fact that RCL allegedly destroyed or failed to preserve the handbook in violation of the Court's preservation order (Meredith's Expert Preclusion Motion, 6-10). This argument deserves no consideration given that RCL's experts did not review or consider that part of the RCL handbook Meredith alleges was not preserved. In any event, Meredith's argument that RCL violated the preservation order is bogus. The preservation order directed RCL to "preserve and maintain all computer and electronic files relating to the defendant Meredith Corporation and its employees." The preservation order was obviously intended to cover e-mails, correspondence and research relating to Meredith, not documents such as the handbook used by RCL in the ordinary course of its business for every client. Moreover, Meredith's document request specifically related to manuals pertaining to particular statistical analyses. To the extent the handbook can be said to "relate to Meredith" under the preservation order, RCL complied with the order by producing that portion requested by Meredith during discovery.

[4] Meredith contacted Bonita Soley prior to RCL's noticing Bonita Soley's deposition and attempted to get Bonita Soley to sign an affidavit in support of Meredith's case. Meredith has agreed to pay Bonita Soley's

*(Footnote continued on next page)*

Grossman's report, Valerie Crane and Beth Rabin testified at length concerning Ms. Soley's performance on the Atlanta study. See Crane Depo., pp. 271-79 and Rabin Depo., pp. 56-67, attached to the Mack Aff. as Exs. F and G, respectively. Moreover, RCL located the syntax examined by Mr. Grossman shortly after Ms. Soley's deposition and delivered such syntax to Meredith on July 23, 2002. Mack Aff., ¶ 10 and Ex. I. Meredith's argument that it had no opportunity until June 2003 to question Ms. Soley on such syntax is without merit.

In any event, Meredith could have taken Bonita Soley's deposition after receiving Mr. Grossman's report in June 2003 by issuing a witness subpoena out of the district in which Ms. Soley resided. Meredith elected not to do so. Apparently, Meredith has spoken to Ms. Soley since receiving Mr. Grossman's report. See Meredith's Expert Preclusion Motion, p. 11 ("Ms. Soley denies that she created the syntaxes evaluated by Mr. Grossman . . ."). Meredith could have and should have taken Bonita Soley's deposition if Meredith wanted her alleged denial "on the record."

Meredith's attempt to use RCL's recent production of the SPSS system file as a ground to exclude Mr. Grossman's testimony is a ruse. Meredith was free long ago to put on the record whatever Ms. Soley wanted to testify to with respect to the syntaxes in question and indeed Meredith probably has the ability to put her testimony on the record now.

## CONCLUSION

Unlike Meredith, RCL timely served comprehensive, detailed expert reports containing "a complete statement of all opinions to be expressed and the basis and reasons therefor," consistent with Fed. R. Civ. P. 26(a)(2)(B). Meredith's attempt to preclude RCL's experts from

---

*(Footnote continued from previous page)*
attorneys' fees in this case and to indemnify her against any loss in connection with this matter. See Mack Aff., Ex. H.

testifying is understandable from Meredith's point of view. The comprehensive, Rule 26-compliant reports of Ms. Sell and Mr. Grossman (Mack Aff., Ex. D) thoroughly demolish Meredith's baseless counterclaims and the flimsy, conclusory reports of Meredith's expert (A. Dwayne Ball) on which such counterclaims are based (Mack Aff., Ex. E). There is no legitimate ground to exclude the opinions of RCL's experts.

For the forgoing reasons, RCL respectfully requests that the Court deny Meredith's Expert Preclusion Motion and that the Court award such further relief including attorneys' fees and costs as the Court deems appropriate.

Respectfully submitted,

RESEARCH COMMUNICATIONS, LTD. AND
VALERIE CRANE
By their Attorneys,

Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated: May 14, 2004

## CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that on May 14, 2004 I delivered by federal express a true copy of the above document was served upon the attorneys of record for each other party:

James G. Sawtelle, Esq.
Duncan, Green, Brown,
  Langeness & Eckley
600 Seventeenth Street
Suite 2800 South
Denver, Colorado 80202-5402

Robert M. Callagy, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York  10169-0079

James Sicilian, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut  06103-3499

David B. Mack