UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAY 18 P 1: 53

U.S. DISTRICT COURT
HARTFORD, CT.

|  |  |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | |
| Plaintiff, ) | |
| v. ) | |
| MEREDITH CORPORATION, ) | CASE NO 3:00CV2179-DFM |
| Defendant, ) | |
| and ) | |
| MEREDITH CORPORATION, ) | |
| Plaintiff, ) | |
| v. ) | |
| VALERIE CRANE, ) | |
| Defendant. ) | |

**OPPOSITION OF RESEARCH COMMUNICATIONS, LTD. AND
VALERIE CRANE TO MEREDITH CORPORATION'S
MOTION TO EXCLUDE LAY OPINION TESTIMONY CONCERNING
THE VALUE OR QUALITY OF RCL'S RESEARCH STUDIES**

Meredith's motion ("Meredith's Lay Opinion Preclusion Motion") to exclude any lay opinion testimony concerning the value or quality of research studies performed by Research Communications, Ltd. ("RCL") and Valerie Crane (collectively "RCL") is based on three grounds. First, Meredith asserts that testimony of Valerie Crane, other RCL employees, and Meredith employees concerning the value or quality of research studies performed by RCL is inadmissible under Federal Rule of Evidence 701. Second, Meredith asserts that testimony of Meredith employees concerning the value or quality of research studies performed by RCL

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

constitutes inadmissible hearsay. Third, Meredith asserts that RCL's alleged failure to preserve portions of an RCL handbook warrants exclusion of <u>all</u> testimony concerning the value or quality of RCL's research. None of these grounds has any merit. Lay opinion testimony concerning the value or quality of research studies performed by RCL is admissible under Federal Rule of Evidence 701 and its exclusion would cause extreme prejudice to RCL. Meredith's motion should be denied.

## ARGUMENT

### I. TESTIMONY OF VALERIE CRANE AND OTHER RCL EMPLOYEES CONCERNING THE VALUE OR QUALITY OF RESEARCH STUDIES PERFORMED BY RCL IS ADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 701.

Meredith argues that RCL cannot lay the proper foundation for lay opinion testimony concerning the value or quality of RCL's research. Meredith's Lay Opinion Preclusion Motion is based on a misapplication of Federal Rule of Evidence 701. Rule 701 provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 701 permits lay opinion testimony concerning value or quality as long as such testimony is based on knowledge derived from the witness' position in the business and not from specialized experience and training. Applera Corp. v. MJ Research Inc., 220 F.R.D. 13, 19 n.7 (D. Conn. 2004) (citing Fed. R. Evid. 701 Advisory Committee Notes (2000)); see also Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., 320 F.3d 1213, 1222-23 (11th Cir. 2003) (citing Fed. R. Evid. 701 Advisory Committee Notes (2000)) (distinguishing opinion testimony based on "particularized knowledge that the witness has by virtue of his or her position in the

business" (admissible under Rule 701) from opinion testimony based on "experience, training or specialized knowledge within the realm of an expert" (admissible under Rule 702)).

Contrary to Meredith's assertion (Meredith Lay Opinion Preclusion Motion, p. 5), testimony of Valerie Crane and other RCL employees concerning the value or quality of research studies performed by RCL is "of a type traditionally and properly considered lay witness testimony" because it is "not based on specialized knowledge subject to Rule 702." Tampa Bay Shipbuilding, 320 F.3d at 1223. The Second Circuit has repeatedly admitted similar testimony under Rule 701. See, e.g., United States v. Flaharty, 295 F.3d 182, 198-99 (2d Cir. 2004) (testimony of co-conspirator as to estimated amount of income derived from drug enterprise admissible under 701); Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 265 (2d Cir. 1995) (testimony of company president as to estimated lost profits admissible under Rule 701); United States v. Rivera, 22 F.3d 430, 433-35 (2d Cir. 1994) (testimony of mill supervisor as to productivity and profitability calculations derived from organization's records admissible under Rule 701). Valerie Crane has been involved full time in providing research for media companies for over twenty-five years. Other RCL employees have similar experience in the business. Such testimony, which will be based on particularized knowledge that the witnesses have by virtue of their position in the business, falls squarely within the ambit of Rule 701.

Lay opinion testimony concerning the value or quality of research studies performed by RCL may be admitted as long as it satisfies the rational-basis and helpfulness requirements of Rule 701. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911 (2d Cir. 1997). "The rational-basis requirement 'is the familiar requirement of first-hand knowledge or observation.'" United States v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992) (quoting Fed. R. Evid. 701 Advisory Committee Notes (1972)). The "helpfulness requirement is designed to provide 'assurance[]

against the admission of opinions which would merely tell the jury what result to reach.'" Id. Where, as here, Valerie Crane and other RCL employees can testify as to the value or quality of RCL's research studies based on "particularized knowledge" that they have "by virtue of [their] position in the business," such testimony is considered sufficiently helpful to be admissible under Rule 701. Tampa Bay Shipbuilding, 320 F.3d at 1222-23; see also Lightfoot, 110 F.3d at 912; Securitron, 65 F.3d at 265; Rivera, 22 F.3d at 434-35.

## II. TESTIMONY OF MEREDITH EMPLOYEES CONCERNING THE VALUE OR QUALITY OF RESEARCH STUDIES PERFORMED BY RCL IS ADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE 701 AND 801(d)(2).

Meredith argues that testimony of Meredith employees concerning the value or quality of research studies performed by RCL constitutes inadmissible hearsay (Meredith Lay Opinion Preclusion Motion, p. 5-6). This argument must also fail. Statements made by Meredith employees concerning the value or quality of research studies performed by RCL constitute admissions by a party opponent and, therefore, are admissible under Federal Rule of Evidence 801(d)(2). See, e.g., United States v. Amato, 356 F.3d 216, 220 (2d Cir. 2004). Further, as set forth above, testimony concerning the value or quality of research studies performed by RCL is "of a type traditionally and properly considered lay witness testimony" because it is "not based on specialized knowledge subject to Rule 702." Tampa Bay Shipbuilding, 320 F.3d at 1223. RCL will offer evidence of statements by Meredith employees as to the value or quality of RCL's research studies based on "particularized knowledge" that those Meredith employees have "by virtue of [their] position in the business." Such testimony is admissible under Rule 701. Tampa Bay Shipbuilding, 320 F.3d at 1222-23; see also Lightfoot, 110 F.3d at 912; Securitron, 65 F.3d at 265; Rivera, 22 F.3d at 434-35.

### III. RCL'S ALLEGED FAILURE TO PRESERVE PORTIONS OF AN RCL HANDBOOK DOES NOT WARRANT EXCLUSION OF ANY TESTIMONY CONCERNING THE VALUE OR QUALITY OF RCL'S RESEARCH.

Finally, Meredith argues that RCL's alleged failure to preserve portions of an RCL handbook warrants exclusion of all testimony concerning the value or quality of RCL's research (Meredith Lay Opinion Preclusion Motion, p. 7-8). As set forth in RCL's Opposition to Meredith's Motion to Compel the Handbook and in RCL's Opposition to Meredith's Expert Preclusion Motion (incorporated herein by reference), this argument is specious.

Contrary to Meredith's assertion (Meredith Lay Opinion Preclusion Motion, p. 7), RCL did not violate this Court's preservation order with respect to the RCL handbook. The preservation order directed RCL to "preserve and maintain all computer and electronic files relating to the defendant Meredith Corporation and its employees." The preservation order was obviously intended to cover e-mails, correspondence, and research relating to Meredith, not documents such as the handbook used by RCL in the ordinary course of its business for every client. Moreover, Meredith's document request specifically related to manuals pertaining to particular statistical analyses. To the extent the handbook can be said to "relate to Meredith" under the preservation order, RCL complied with the order and produced that portion of the handbook requested by Meredith during discovery. Meredith had the unfettered right to depose present and former employees of RCL about RCL's research for Meredith. Meredith deposed senior RCL personnel about the research for Meredith, including Valerie Crane, Beth Rabin, Susan Crohan, and Donna LaCourse. Meredith's private investigator contacted a number of additional RCL former employees, as well as current and former clients of RCL, about RCL's research. Meredith deposed both of RCL's experts and has designated several experts of its own to testify about the value or quality of RCL's research.

In light of the limited scope of Meredith's request as to the handbook (which was complied with) and Meredith's extensive discovery into the value and quality of RCL's research, Meredith's suggestion that the failure to preserve the entire handbook justifies the extreme prejudice to RCL that would result from the exclusion of all testimony concerning the value or quality of RCL's research is baseless.

## CONCLUSION

Testimony of Valerie Crane, other RCL employees, and Meredith employees concerning the value or quality of research studies performed by RCL fits squarely within the scope of Federal Rule of Evidence 701. Statements made by Meredith employees constitute admissions by a party opponent and, therefore, are admissible under Federal Rule of Evidence 801(d)(2). Accordingly, there are no legitimate grounds for excluding such testimony. For the forgoing reasons, RCL respectfully requests that the Court deny Meredith's Lay Opinion Preclusion Motion and that the Court award such further relief including attorneys' fees and costs as the Court deems appropriate.

Respectfully submitted,

RESEARCH COMMUNICATIONS, LTD. AND
VALERIE CRANE
By their Attorneys,

_____
Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated: May 17, 2004

CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that on May 17, 2004 a true copy of the above document was served upon the attorneys of record for each other party by overnight mail:

>James G. Sawtelle, Esq.
>Duncan, Green, Brown,
>  Langeness & Eckley
>600 Seventeenth Street
>Suite 2800 South
>Denver, Colorado 80202-5402
>
>Robert M. Callagy, Esq.
>Satterlee Stephens Burke & Burke LLP
>230 Park Avenue
>New York, New York 10169-0079
>
>James Sicilian, Esq.
>Day, Berry & Howard LLP
>CityPlace I
>Hartford, Connecticut 06103-3499

_____
David B. Mack