UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 MAY 21  A 11: 20

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br>    Plaintiff and )<br>    Counterclaim Defendant, )<br>v. )<br> )<br>MEREDITH CORPORATION, )<br>    Defendant and )<br>    Counterclaim Plaintiff, )<br>  and )<br> )<br>MEREDITH CORPORATION, )<br>    Third-Party Plaintiff, )<br>v. )<br> )<br>VALERIE CRANE, )<br>    Third-Party Defendant. ) | CASE NO 3:00CV2179-DFM |

**RESEARCH COMMUNICATIONS, LTD.'S AND VALERIE CRANE'S REPLY TO MEREDITH CORPORATION'S OPPOSITION TO MOTION IN LIMINE TO PRECLUDE EVIDENCE OR REFERENCES TO RATINGS OF MEREDITH TELEVISION STATIONS**

In opposition to Research Communications, Ltd.'s and third-party defendant Valerie Crane's (collectively, "RCL") motion *in limine* to preclude Meredith Corporation ("Meredith") from introducing at trial any evidence concerning the Nielsen ratings of Meredith's television stations, Meredith makes two arguments. First, Meredith contends that "RCL has placed ratings squarely at issue by seeking to recover in quantum meruit for the purported value of its services." Meredith Opposition, p. 1. Second Meredith contends that "RCL deliberately and repeatedly avoided taking proper steps to obtain Nielsen ratings reports." Meredith Opposition, p. 2. Each of these arguments is without merit.

BOS1383631.1

I. **RCL Has Not Placed Ratings in Issue.**

    A. **RCL Has Not Alleged And Does Not Intend to Prove that RCL is Entitled to Recover Because Meredith's Ratings Improved.**

Meredith asserts that RCL has placed ratings at issue in this litigation because in several potential exhibits RCL touts RCL's research as a tool which could lead to ratings gains. As RCL stated in its initial papers (see note 6), in the event RCL's motion is allowed, RCL is prepared to redact any reference to ratings of a Meredith television station from any document RCL desires to offer into evidence. Further, RCL has not placed ratings at issue in this litigation.

RCL has not argued in this litigation that there was any causal connection between Meredith's ratings performance and RCL's research. Meredith cannot point to a single pleading in which RCL has contended that RCL is responsible for ratings gains (or alleged losses) at the Meredith stations. Indeed, the very contract between the parties exculpates RCL from responsibility for ratings. Paragraph 9 of the contract states, in part: "[RCL] will not be held accountable for how [Meredith] uses the [research] reports." See Ratings Motion, Ex. A. This provision confirms that Meredith and RCL agreed that RCL would not be responsible for what happens at Meredith's stations.[1] RCL intends to prove its case, for breach of contract or in the alternative under quantum meruit, by demonstrating that RCL provided the research services called for by the contract and/or requested by Meredith. RCL did not agree to improve Meredith's station's ratings and does not intend to prove as part of its case that Meredith's station's ratings improved. RCL has never introduced ratings as an element of its claims and does not intend to introduce any such evidence at trial.

---

[1] RCL will contend at trial that ratings evidence is irrelevant by virtue of the contractual exculpation.

B.  **Meredith's Argument Based On References to Ratings in Potential RCL Exhibits is without merit.**

Meredith is not correct when it states that several RCL documents referenced by Meredith "demonstrate RCL's view that ratings were the key *measure* of [RCL's] performance." Meredith Opposition, p. 5 (emphasis added). To the contrary, the documents (attached to the Callagy Affidavit) underscore the notion that research is but one arrow in a station's quiver by which to seek to improve ratings and that a station is also a target for a competitor's arrows. For example, in the January 8, 1998 letter to Mr. Loughlin (Callagy Aff., Ex. B) Ms. Crane simply stated that "RCL studies generate meaningful and useful data to improve sales and ratings performance." RCL did not state that its research would improve the ratings. Rather, Ms. Crane stated that the goal of the data is to improve ratings performance. Similarly, the March 3, 1998 memorandum (Callagy Aff., Ex. D) demonstrates that research is only a tool by which seek to improve ratings: "The challenge of translating the strategic thinking into ratings gains comes from *executing it* and *executing it* consistently." (Emphasis added.) What Ms. Crane said is that research may help the station improve its ratings if the stations' newscasts take the research and use it, i.e. "execute" it, the right way more effectively than the station's competitors. The RCL newsletter (Callagy Aff., Ex. E) refers to the research paying off in light of the ratings gains. That simply shows that the research can be helpful if used properly. Indeed, that is exactly what the general manager of Meredith's Kansas City station, John Rose, stated: "RCL's guidance in branding KCTV has given us *the tools and knowledge* to compete and thrive in the fragmented media landscape." Id. (Emphasis added).

The status report prepared by Ms. Crane for Meredith Broadcasting Group's incoming President, Cary Jones (Callagy Aff., Ex. F), if anything, shows the myriad of factors that can influence ratings. Among other things, Ms. Crane mentioned programming lead-ins,

understaffing, and promotion problems in Kansas City; competitors' actions, the lack of any unclaimed, identifiable brand in the market, staffing problems, anchor problems and management problems in Phoenix; the poor network performance, the youth of the on-air talent in Orlando; disdain for ownership, poor writing and union issues in Hartford; poor execution and weak and stumbling anchors in Atlanta, and so on and so on. RCL in this status report mentioned ratings not as a measure of RCL's research, but to advise Meredith's incoming president (Cary Jones) whether and how the stations were using the research and the many obstacles to ratings gains at the stations. RCL implores the Court to read the status report (and the other documents attached to the Callagy affidavit). In its opposition papers, Meredith has taken the discussion therein of ratings completely out of context.

It is Meredith, not RCL, who has squarely put ratings in issue by alleging in its counterclaims and third-party claims that it is entitled to recover millions of dollars from RCL and Ms. Crane because the research caused the ratings of its television stations to decline. Having asserted such defenses and claimed such damages on account of alleged ratings declines, Meredith was required to produce the documents in support of its allegations. Meredith's failure to do so puts RCL and Ms. Crane in the untenable position of countering Meredith's defenses and defending against multi-million dollar claims minus important evidence.

## II.      No Party in its Right Mind Would Have Agreed to the Proposed Nielsen Stipulation.

Meredith argues that its "good faith" effort to produce the ratings reports subject to the proposed stipulation of Nielsen warrants the introduction of oral testimony and/or summaries of ratings performance. Meredith's good faith *vel non*, however, is not the pertinent issue. The relevant question is whether a party should be permitted to elicit hearsay testimony or submit

summary evidence to prove its damages when it has refused for whatever reason to produce the underlying information upon which such hearsay and summaries is based. The answer is no.

In any event, RCL's execution of the proposed stipulation of Nielsen would have substantially prejudiced RCL. THE STIPULATION (PART OF RATINGS MOTION, EX. E) WOULD HAVE REQUIRED RCL, *PRIOR TO EVEN SEEING THE RATINGS,* TO WAIVE ANY OBJECTION TO THE ADMISSIBILITY OF THE NIELSEN RATINGS REPORTS and would have prohibited RCL from asking Nielsen any questions pertaining to the reports. Meredith is seeking to recover from RCL and Valerie Crane millions of dollars on the basis that RCL's research allegedly led to ratings declines. It would have been malpractice for RCL's counsel to agree to the Nielsen stipulation.

Contrary to Meredith's suggestion, Nielsen ratings are more than just a bunch of numbers. They are complex, sometimes invalid and subject to a wide range of interpretation. The manner in which the ratings are collected is hotly criticized and debated in the industry. Indeed, that is why Nielsen does not permit its subscribers to use the ratings in any litigation (which is why Meredith refused to produce them during discovery). Nielsen may be the only company out there which measures ratings. That does not mean that the ratings are reliable. And it certainly does not follow that ratings are a reliable measure of the value of research. Meredith's argument that it was acting in good faith by offering to produce the Nielsen reports subject to Nielsen's stipulation does not justify ignoring the Rules of Evidence and Meredith's discovery obligations.

Even if Meredith were acting in good faith, our rules of evidence prohibit hearsay testimony or summaries of voluminous records where the underlying data has not been made available during discovery. The rules of evidence also prohibit an expert from relying upon

documents in forming his or her opinions where the documents have not been produced to the party against whom the opinion is offered.[2]

## Conclusion

For the foregoing reasons, and those stated in its original motion, RCL requests that the Court preclude Meredith from introducing any evidence of ratings -- testimonial, documentary or otherwise -- and/or referring to ratings.

Dated:   May 20, 2004

RESEARCH COMMUNICATIONS, LTD.

By its Attorneys,

Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY, LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Charles W. Pieterse   Ct. 01577
WHITMAN, BREED, ABBOTT & MORGAN
100 Field Point Road
P.O. Box 2250
Greenwich, CT 06836
(203) 869-3800

---

[2]   Meredith's argument that RCL's failure to subpoena Nielsen warrants Meredith's use of ratings information at trial misses the point. It is Meredith, not RCL, that desires to submit evidence of ratings. A party is not required to subpoena from third parties the evidence the party's opponent seeks to use at trial. This is particularly the case where Meredith has the Nielsen ratings reports in its possession and RCL requested such documents during discovery.

## CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that a true copy of the above document was served upon the attorneys of record for each other party as follows:

>James G. Sawtelle, Esq.
>Duncan, Green, Brown,
>  Langeness & Eckley
>600 Seventeenth Street
>Suite 2800 South
>Denver, Colorado 80202-5402
>
>Robert M. Callagy, Esq.
>Satterlee Stephens Burke & Burke LLP
>230 Park Avenue
>New York, NY 10169-0079
>
>James Sicilian, Esq.
>Day Berry & Howard
>Cityplace I
>185 Asylum Street
>Hartford, CT 06103-3449

by overnight mail on May 20, 2004.

_____
David B. Mack

UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT

2004 MAY 21  A 11: 20

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br>  Plaintiff and )<br>  Counterclaim Defendant, )<br>v. )<br>MEREDITH CORPORATION, )<br>  Defendant and )<br>  Counterclaim Plaintiff, )<br>  and )<br> )<br>MEREDITH CORPORATION, )<br>  Third-Party Plaintiff, )<br>v. )<br> )<br>VALERIE CRANE, )<br>  Third-Party Defendant. ) | CASE NO 3:00CV2179-DFM |

Please take notice that Plaintiff, Research Communications, Ltd., and Third-party-Defendant, Valerie Crane, have manually filed the following document:

Research Communications, Ltd.'s and Valerie Crane's Reply to Meredith Corporation's Opposition to Motion in Limine to Preclude Evidence or References to Ratings of Meredith Television Stations.

This document has not been filed electronically because

[ ]   the document or thing cannot be converted to an electronic format
[X]   the electronic file size of the document exceeds 1.5 megabytes
[ ]   the document or thing is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
[ ]   Plaintiff/Defendant is excused from filing this document or thing by Court order.

The document or thing has been manually served on all parties.

Respectfully submitted,

Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000