UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br>)<br>Plaintiff/Counterclaim-Defendant, )<br>)<br>v. )<br>)<br>MEREDITH CORPORATION, )<br>)<br>Defendant/Counterclaim-Plaintiff, )<br>)<br>)<br>)<br>MEREDITH CORPORATION, )<br>)<br>v. )<br>)<br>VALERIE CRANE, )<br>)<br>Third-Party Defendant. ) | CASE NO.: 3:00CV2179-DFM<br><br><br><br>MAY 26, 2004 |

**MEREDITH CORP.'S OPPOSITION TO EMERGENCY MOTION TO PERMIT
DISCLOSURE OF "ATTORNEYS-EYES" DOCUMENTS TO VALERIE CRANE**

Defendant Meredith Corp. ("Meredith") submits this memorandum of law in opposition to the emergency motion of Plaintiff Research Communications, Ltd. and third-party defendant Valerie Crane (collectively, "RCL") to allow Ms. Crane to review research reports prepared for Meredith by vendors other than RCL. For the reasons discussed below, RCL's emergency motion should be denied.

RCL does not dispute that the research reports were properly designated "Confidential-Attorneys' Eyes Only" pursuant to the terms of the Stipulation and Order Governing Confidential Information and Documents ("Stipulation"). A copy of the Stipulation is annexed as Exhibit A to RCL's emergency motion. Thus, RCL concedes

1

that the reports contain "highly sensitive trade secrets, or other highly commercially sensitive, confidential or proprietary information including, but not limited to, information such as unpublished financial data, technological information, pricing or cost information, production or sales information, or personnel matters." Stipulation ¶ 7.

By letter dated April 23, 2004, see Emergency Motion, Exhib. B, RCL purported to give 14 days notice, as required under the terms of the Stipulation before disclosure of highly confidential documents "to any person described in . . . subparagraphs c. or d." See Stipulation ¶ 9(e). Counsel's misleading summary of that notice requirement illuminates why disclosure to Ms. Crane would violate the Stipulation. According to counsel, "[t]he Confidentiality Order requires that fourteen days notice be given prior to disclosing any documents marked attorneys eyes only to certain people, including a party or a party's expert." Emergency Motion, Exhib. B (emphasis added). Contrary to counsel's representation, the Stipulation does not generally permit production of "highly confidential" documents to a party. Indeed, the highly confidential designation operates precisely to avoid such disclosure. Cf. Stipulation ¶ 6 (permitting, with respect to documents designated confidential, but not highly confidential, disclosure to "[d]irectors, officers and employees of any party to this action").

Subparagraph c does permit disclosure of highly confidential documents, subject to the notice provision, to "consultants and experts, retained for the purpose of assisting with the prosecution or defense of this action." Stipulation ¶ 9(c). Ms. Crane, however, does not fall within that subparagraph, because she has never been designated as an expert in this matter. Cf. Emergency Motion at 2 ("Whether Ms. Crane has been

2

designated as an expert witness or will testify to the contents of the reports is irrelevant.").

Subparagraph d provides for disclosure, subject to the notice provision, to "persons or entities . . . designated as trial witnesses . . . <u>only</u> to the extent reasonably and in good faith deemed necessary by counsel for any of the parties adequately to prepare such . . . witnesses to testify." Stipulation ¶ 7(d) (emphasis added). Subparagraph d thus permits disclosure only where necessary for witness preparation. RCL moves the Court to allow Ms. Crane to access the documents not to prepare for her own testimony but to "provide invaluable assistance to RCL's expert and RCL's counsel." Emergency Motion at 3. Thus, counsel's attempt to give notice was not effective, because, by counsel's own admission, Ms. Crane is not a person to whom disclosure would be proper with notice – she is not designated as an expert, and the documents are not sought for the narrow purpose of witness preparation.

If the Stipulation could be defeated simply by asserting that Ms. Crane's experience "providing research services to Meredith" would allow her to evaluate the highly confidential documents, the Stipulation would have no meaning. RCL cannot justify its attempt to ignore an agreement it willingly entered by asserting that "[i]t would be more expensive, and less effective, for RCL's expert to have to conduct this analysis herself." Emergency Motion at 3. The Stipulation was designed to protect the parties' confidential and highly-confidential documents, and that protection cannot be overcome with vague and conclusory allegations concerning whether it would be "helpful" for a party to see the documents or whether it would be more cost-effective.

3

Contrary to RCL's assertions, disclosure would prejudice Meredith, because RCL offers its research services to Meredith's direct competitors and its awareness of Meredith's highly sensitive business information could damage Meredith, even if the information were not directly disclosed to competitors. Whether or not RCL is currently providing research services in the same markets as Meredith television stations that were the subject of the research reports at issue here is beside the point because RCL holds itself out as being in the business of providing this very same sort of research and consulting services to the broadcast television industry, which, by definition, would include Meredith's competitors.

## CONCLUSION

For the foregoing reasons, Valerie Crane should not be permitted to review the documents which Meredith has designated highly confidential under the Stipulation.

Respectfully submitted,

MEREDITH CORPORATION

By:_____
James Sicilian
(ct05608)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut  06103-3499
Phone:  (860) 275-0100
Fax:     (860) 275-0343
email:   jsicilian@dbh.com

and

4

        Robert M. Callagy (*pro hac vice*)
(ct24386)
SATTERLEE STEPHENS BURKE &
    BURKE LLP
230 Park Avenue
New York, New York  10169
Phone:  (212) 818-9200
Fax:    (212) 818-9606
email:  rcallagy@ssbb.com

Attorneys for Defendant/Counterclaim-Plaintiff
Meredith Corporation

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 26th day of May, 2004, by first class mail to all counsel and pro se parties as follows:

| | |
|---|---|
| Joseph C. Tanski, Esq. | Charles W. Pieterse, Esq. |
| David B. Mack, Esq. | Whitman, Breed, Abbott & Morgan |
| Nixon Peabody, LLP | 100 Field Point Road |
| 100 Summer Street | P.O. Box 2250 |
| Boston, Massachusetts 02110-2131 | Greenwich, CT  06836 |

James G. Sawtelle, Esq.
Duncan, Green, Brown, Langeness & Eckley
600 Seventeenth Street
Suite 2800 South
Denver, CO  80202-5402

_____
James Sicilian