UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN 21  A 10: 18
U.S. DISTRICT COURT
HARTFORD, CT.

)
RESEARCH COMMUNICATIONS, LTD., )
)
        Plaintiff, )
)
v. )
)
MEREDITH CORPORATION, )
)   CASE NO 3:00CV2179-DFM
        Defendant, )
)
and )
)
MEREDITH CORPORATION, )
)
        Plaintiff, )
)
v. )
)
VALERIE CRANE, )
)
        Defendant. )
)

## AFFIDAVIT OF JOSEPH C. TANSKI

Joseph C. Tanski, being duly sworn, deposes and says as follows:

1. I am a partner in Nixon Peabody LLP ("NP") having become a partner in NP in 2003 when Hutchins, Wheeler & Dittmar P.C. ("HW&D") merged into NP. Prior to such merger I was a stockholder of HW&D. My discussion herein of NP's billing practices applies equally to the billing practices at HWD.

2. I have represented Research Communications, Ltd. ("RCL") at all times in the above-captioned action (the "Litigation").

3. I have been responsible for rendering statements to RCL for services rendered and disbursements during the course of the Litigation.

4. At all times during the course of the Litigation, the regular and customary practice has been for attorneys, paralegals and other timekeepers involved in providing services to RCL, including myself, to submit to the accounting department a

BOS1389577.1

statement of the amounts of time devoted to such services and a description of the services performed, as such services were performed.

5. It has also been the regular and customary practice at NP for charges for expenses incurred in connection with the Litigation, including expenses for outside vendors and internal expenses of NP, to be submitted to the accounting department as such expenses were incurred. Such expenses include expenses for the following categories: copying; express delivery services; fax; computer research; long distance calls; messenger service; filing fees, travel; and meals.

6. During the course of the Litigation the accounting department prepared on a monthly basis statements setting forth the time charges of attorneys, paralegals and other timekeepers based on the time reports submitted as described above and the hourly rates of such individuals then in effect and expenses incurred in connection with the Litigation as described above. I reviewed such statements as prepared each month and after such review forwarded statements to RCL.

7. The hourly rates charged to RCL for my time and the time of associates and paralegals whose time was charged to RCL, including the time of David Mack, were identical to the hourly rates which I have charged to a number of other clients in comparable cases during the time period of the Litigation.

8. Attached hereto as Exhibit A are copies of the bills for attorneys' fees and costs sent to RCL with respect to the Litigation.

9. Attached hereto as Exhibit B is a chart prepared at my request based on the information in Exhibit A showing the attorneys, paralegals and other staff who provided services to RCL in the Litigation, the number of hours worked by each person, the billing rates charged during the period services were performed and the amount charged RCL for such services.

Signed under the penalties of perjury this 18th day of June, 2004.

*Joseph C. Tanski*
Joseph C. Tanski