UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 JUN 21  A 10: 18
U.S. DISTRICT COURT
HARTFORD. CT.

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEREDITH CORPORATION, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> MEREDITH CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VALERIE CRANE, ) <br> ) <br> Defendant. ) | CASE NO 3:00CV2179-DFM |

## AFFIDAVIT OF LEE MICHAEL

I, Lee Michael, upon oath and affirmation, depose and state as follows:

1. I am Collections Analyst (part of the accounting department) at Nixon Peabody LLP ("NP"). I became employed by NP in 2003 when Hutchins, Wheeler & Dittmar ("HWD") merged into NP. Prior to such merger I was employed in the accounting department of HWD as Accounts Receivable Manager for seven years.

2. My duties at HWD and NP include managing client accounts. Part of such duties requires me to be familiar with the manner in which the firms record and track hours spent by

BOS1389783.1

attorneys, paralegals and other time keepers on a particular matter, and the expenses incurred on such matters. The accounting practices of NP during the period NP has represented Research Communication, Ltd. ("RCL") are the same as they were during the period HWD represented RCL. The discussion of NP's practices below applies equally to HWD's practices prior to the merger of the firms.

3. Each litigation matter handled by NP is assigned a client and matter number. Expenses incurred in connection with all matters handled by the firm, including litigation matters, are divided into certain categories. The most common categories are photocopying, fax, telephone, messenger or delivery, computer research, outside copying, transcripts, meals and travel. Each category is assigned a code. Whenever an expense is incurred, the person overseeing or performing the particular task (i.e. copying, fax, telephone) enters the client and matter number at the time the task is performed. Some expenses are recorded electronically. For example, prior to making a photocopy, the person enters the client and matter number into a computer attached to the photocopier. Similarly, prior to sending a fax or placing a telephone call, the client and matter numbers are entered into the computer attached to the fax machine and by dialing the client and matter number prior to the phone number. Other expenses are recorded by hand. For example, if something is hand delivered, the messenger is told the client and matter numbers and records them on a log. Federal express or overnight deliveries are tracked in the same manner. When an outside vendor performs services for the firm pertaining to a particular matter, the invoice from the vendor is paid by the firm and the amount is assigned to the client and matter number to which the invoice related. In the ordinary course, the information hand recorded at the time of the task is entered into the firm's accounting system by the accounting department.

4. Consistent with the firm's policies, at all times during HWD's and NP's representation of RCL, costs charged by RCL were charged at the actual cost charged the firm by the vendor. The in-house photocopying charge at HWD was 10 cents per page and at NP it is 20 cents per page. Faxes were charged to RCL at the cost charged by the telephone company (HWD) and at $1.00 per page (NP).

5. All of the expenses are tracked by a computer program and categorized as noted above. When a bill for a client is prepared, the accounting department prepares a pre-bill showing the time spent by professionals and the expenses incurred on the particular matter. The accounting department sends the bill to the attorney responsible for billing the client. The attorney then reviews the pre-bill, makes adjustments if necessary (for example, the attorney may write-off or discount certain time or expenses) and sends the bill to the client.

6. Attached hereto as <u>Exhibit A</u> is a true and accurate copy of the itemized expenses incurred by HWD on the Research Communications/Meredith Corporation matter for the time period commencing October 5, 2000 through January 31, 2003 (the time of the merger of HWD and NP). Attached hereto as <u>Exhibit B</u> is a true and accurate copy of the itemized expenses incurred by NP on the Research Communications/Meredith Corporation matter for the time period commencing February 1, 2003 through May 31, 2004. The usual practice is for the attorney to list in the bill the total expenses and show the subtotals by category of expense. It is not the usual practice for the firm to send the itemized back-up of the expenses. Some of the expenses incurred on the RCL/Meredith matter, although of the type routinely charged to the firm's clients, were written-off by Mr. Tanski and therefore do not appear in the bills sent to RCL during the course of the litigation. Therefore, the total expenses listed in Exhibits A and B are greater than actually charged to RCL.

Signed under the penalties of perjury this 17th day of June, 2004.

_____
Lee Michael