UNITED STATES DISTRICT COURT   **FILED**

DISTRICT OF CONNECTICUT

2004 JUN 21  A 10: 19

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br>Plaintiff and )<br>Counterclaim Defendant, )<br>v. )<br> )<br>MEREDITH CORPORATION, )<br>Defendant and )<br>Counterclaim Plaintiff, )<br>and )<br> )<br>MEREDITH CORPORATION, )<br>Third-Party Plaintiff, )<br>v. )<br> )<br>VALERIE CRANE, )<br>Third-Party Defendant. ) | CASE NO 3:00CV2179-DFM |

## RESEARCH COMMUNICATIONS, LTD.'S EMERGENCY MOTION TO COMPEL PRODUCTION OF DOCUMENTS PERTAINING TO ATTORNEYS' FEES AND COSTS INCURRED BY MEREDITH CORPORATION

Pursuant to Fed. R. Civ. P. 37(a), 45(c) and Local Rule 9, Research Communications, Ltd. ("RCL") moves to compel production of documents pertaining to the time spent and services performed by Meredith's counsel and other professionals in this litigation, and the fees and costs incurred by Meredith. RCL served a subpoena duces tecum ("Subpoena") on Meredith, which is attached as Exhibit A to the Affidavit of David Mack filed herewith. Meredith's counsel has raised certain objections, including relevancy and that its bills are protected by the attorney-client privilege, and has agreed to produce information only relating to three out of many law firms used by Meredith in this litigation, including Meredith's lead counsel from 2000 through 2002. See Mack Aff., Ex. B. For the reasons that follow, Meredith

**ORAL ARGUMENT NOT REQUESTED**

should be ordered to produce the documents responsive to the Subpoena forthwith and to pay RCL's fees and costs incurred in bringing this motion.[1]

## Introduction

The parties to the above-captioned matters reached an agreement on May 26, 2004, in which they stipulated that RCL is the prevailing party on all of its claims in this action and that Meredith is the non-prevailing party on all of Meredith's claims. The parties further agreed that the Court would adjudicate RCL's claim for attorneys' fees and costs under paragraph 10 of a 1998 contract between Meredith and RCL. See Mack Aff. attaching a transcription of such agreement (Ex. C). In furtherance of RCL's claim for attorneys' fees and costs, RCL issued a subpoena to Meredith seeking all documents concerning the attorneys' fees and costs incurred by Meredith in connection with this action, the time spent by Meredith's counsel and other professionals (including without limitation paralegals, private investigators and expert witnesses) and the tasks performed by such professionals. See Mack Aff., Ex. A. On June 11, 2004, Meredith served an objection to the subpoena, refusing to produce any documents except for "documents sufficient to indicate the legal fees of Satterlee Stephens Burke & Burke LLP and Duncan Green Brown Langeness & Eckley in connection with the Action." See Subpoena Objection, ¶6 (Mack Aff., Ex. B). Subsequent to such Objection counsel for RCL advised Attorney Callagy that Meredith could redact from the documents to be produced any material which involved attorney-client communications provided that such documents in unredacted form are provided to the Court in camera. Following this conversation Meredith has agreed to provide documents limited to Day Berry & Howard, Duncan Green Brown Langeness and

---

[1] RCL requests that the Court shorten the time Meredith has to respond to this motion. The information sought by the Subpoena is relevant to RCL's fee application filed contemporaneously herewith.

Eckley and Satterlee Stephens Burke & Burke and experts, redacting from such documents any information that would qualify as attorney/client privileged material. See Mack Aff., ¶5. Meredith continues to refuse to produce the other documents sought by the Subpoena.

Meredith intends to object to RCL's claim for attorneys' fees and costs on the basis that such fees and costs were not reasonable. As discussed in detail below, it is well-settled that the time spent, and the fees and costs charged, by counsel to the non-prevailing party challenging the prevailing party's claim for fees and costs are probative of the reasonableness of the prevailing party's claim. Meredith has refused to produce documents pertaining to any fees charged by its lead counsel (the Belin firm, Des Moines, IA), which represented Meredith from commencement through the end of 2002, nor the fees of several additional firms retained by Meredith throughout this action, including the firm of Sullivan & Ward, which played a role in Meredith's defense, especially with respect to Meredith's fraudulent inducement defense. Meredith has refused to produce any documents pertaining to any of the costs incurred by Meredith's private investigator, which RCL believes to be substantial.

If Meredith intends to challenge the reasonableness of RCL's fees, RCL is entitled to review the documents pertaining to the fees and costs incurred by Meredith in defense of RCL's claims. RCL requests that the Court order Meredith promptly to produce all documents responsive to the Subpoena.

### Meredith's Defense Team

To say that this case was vigorously defended by Meredith would be a gross understatement. A review of the pleadings and correspondence alone reveals the names of eighteen attorneys who provided services on Meredith's behalf. The names of the firms, the attorneys and the role they played in the case are as follows:

| Name | Firm | Role |
|---|---|---|
| James G. Sawtelle | Duncan Green Brown Langeness (Des Moines, IA and Denver, CO) | Lead counsel from commencement through the present |
| Robert M. Callagy<br>Benjamin Means | Satterlee Stephens Burke & Burke (NY, NY) | co-lead counsel, Mr. Callagy, on information and belief, also performed services in connection with Meredith's motion to transfer venue |
| Roger Stetson<br>Steven M. Colloton<br>Michael R. Reck<br>Christopher Miller | Belin Lamson McCormick Zumbach Flynn (Des Moines, IA) | Lead counsel from commencement through 2002; Mr. Stetson (partner) and Mr. Miller (associate) played significant roles in discovery including depositions; Mr. Reck attended depositions |
| Ralph G. Elliot<br>Elizabeth Mott Smith | Tyler Cooper & Alcorn (Hartford, CT) | Local counsel |
| Lawrence F. Scalise<br>Harlan Hockenberg | Sullivan & Ward (Des Moines, IA) | Mr. Scalise played an active role for Meredith during discovery and attended the depositions in California pertaining to Meredith's fraudulent inducement defense |
| David Ralston | Foley & Lardner (Washington, DC) | Foley and Lardner was retained by Meredith to represent Bonita Soley, a former RCL employee, in connection with her deposition |
| Michael Pfeifer | Law Offices of Michael Pfeifer | Role uncertain |
| Elizabeth Kennedy | Ahlers, Cooney, Dorweiler, Haynie, Smith & Albee | Ms. Kennedy was retained by Meredith to represent Wayne Cunningham, a former RCL employee, in connection with his deposition |

There may be other lawyers who worked on the case who were not identified in correspondence or the pleadings. (The Subpoena seeks information as to all attorneys). In addition to retaining the above attorneys, Meredith also retained a private investigator, Robert Mazur, for, *inter alia*, obtaining information used by Meredith in support of its defenses. Mr. Mazur obtained such information by contacting former RCL employees and independent contractors and current and former RCL clients.

Meredith also identified several expert witnesses, including six individuals who were not employed by Meredith. Their names and the anticipated subject of their testimony, were as follows[2]:

| Name | Subjects of Testimony |
|---|---|
| A. Dwayne Ball | RCL research methodology |
| Jerry Gumbert | Frequency and value of RCL research |
| John Quarderer | Value of RCL research |
| Richard Haynes | Value of RCL research |
| Seth Geiger | Value of RCL research |
| David Smith | Value of RCL research |

As explained in the memorandum supporting RCL's claim for attorneys' fees and costs (filed contemporaneously herewith), Meredith dramatically raised the stakes, and costs, of this litigation through its flawed research and fraudulent inducement defenses. Meredith, a company with reported revenues exceeding $1 billion, forced RCL, a company with approximately 15

---

[2] Meredith also identified two employees, Kevin O'Brien and Douglas Lowe, as expert witnesses.

BOS1390369.5                                        5

employees, to spend substantial attorneys' fees and related expenses rebutting these defenses. While obviously not dispositive, information concerning Meredith's fees and costs is directly relevant to RCL's claim for attorneys' fees and costs and Meredith's anticipated challenge to the reasonableness of such fees and costs.

## Argument

Meredith raises three principle objections to the Subpoena. First, that the information sought is irrelevant to the reasonableness of the hours spent by RCL's counsel. Second, that the information sought is protected from disclosure by the attorney-client privilege and/or work product doctrine. Third, Meredith objects on the basis that duplication was necessary when Satterlee Stephens Burke & Burke (Mr. Callagy's firm) became involved after Roger Stetson of the Belin firm passed away. None of these objections has merit.

### I. Because Meredith Will be Challenging the Reasonableness of RCL's Fees and Costs, the Time Spent by Meredith's Counsel, Experts and Investigator is Discoverable.

The overwhelming weight of authority supports the proposition that the fees and costs incurred by the party challenging the reasonableness of the prevailing party's fee application are relevant to a determination of the reasonableness of the prevailing party's fees and costs. See, e.g., Stasny v. Southern Bell Telephone & Telegraph, 77 F.R.D. 662, 663-64 (W.D.N.C 1978) ("In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative."); Naismith v. The Professional Golfers Ass'n, 85 F.R.D. 552, 563 (N.D. Ga. 1979) (finding Stasny persuasive and noting differences in time spent goes to weight, not relevance); Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985) ("In light of the concerns the district court expressed regarding the reasonableness of the hours claimed in Henson's petition, it would seem most appropriate for the court to have allowed discovery of"

defendant's attorney's fees); Mitroff v. XOMOX Corp., 631 F. Supp. 25, 28 (S.D. Ohio 1985) ("Pertinent to any consideration of a reasonable amount of time expended in the prosecution of a law suit is the amount expended by the defendant in defending that law suit."); Coalition to Save our Children v. State Bd. of Educ. of the State of Delaware, 143 F.R.D. 61, 64-66 (D. Del. 1992) (ordering defendant to disclose its attorneys' billing rates and time spent on the case in part because defendant challenged the reasonableness of the hours spent by plaintiff's counsel); Blowers v. Lawyers Cooperative Publishing Co., 526 F. Supp. 1324, 1327 (W.D.N.Y. 1981) ("The amount of time spent by defendants' attorney on a particular matter may have significant bearing on the question whether plaintiff's attorney expended a reasonable time on the same matter"); Cohen v. Brown Univ., 1999 WL 695235, *1, 6 (D.R.I. 1999) (granting plaintiffs' motion for limited discovery where defendants challenged the number of hours and the rates); Murray v. Stuckey's Inc., 153 F.R.D. 151, 152-53 (N.D. Iowa 1993) (ordering disclosure of number of hours spent where defendant has objected to the reasonableness of the fee petition); Grumman Corp. v. LTV Corp., 533 F. Supp. 1385, 1391 (E.D.N.Y. 1982) (same).[3]

Thus, unless Meredith agrees that it will not challenge the reasonableness of RCL's fees and costs, the information sought in the Subpoena is relevant and reasonably calculated to lead to the discovery of admissible evidence.[4]

---

[3] Two contrary cases are Mirabal v. General Motors Acceptance Corp., 576 F.2d 729 (7th Cir. 1978), and Samuel v. University of Pittsburgh, 80 F,R.D. 293 (W.D. Pa. 1978). These courts refused to allow discovery on the basis that counsel's approach on one side may differ from that on the other side. RCL respectfully submits that the reasoning of these cases is not persuasive and that the courts' arguments go to the weight of the information sought, not its relevance.

[4] Meredith has represented to RCL's counsel that the fees and expenses of Day Berry & Howard were $44,168, those of Duncan Green Brown Langeness and Eckley LLP were $534,114 and those of Satterlee Stephens Burke & Burke were $275,343; a total of $853,625. See Mack Aff., ¶7. When the likely amount of the Belin firm's fees and

(Footnote continued on next page)

## II.     Meredith's Attorney-Client Privilege and Work Product Objections are Without Merit.

Meredith is incorrect in its assertion that the information contained in counsel's bills is protected from disclosure by the attorney-client privilege. The information presumably in Meredith's bills, such as the hours spent and the rates of the attorneys, are not confidential communications between the attorney and client. See, e.g., Stasny, 77 F.R.D. at 663; Grand Jury Proceedings Subpoena to Testify to Wine, 841 F.2d 230, 233-34 (8th Cir. 1988)("Absent special circumstances, client identity and fee arrangements are not confidential professional communications protected by the attorney-client privilege."); In re Semel, 411 F.2d 195, 197 (3d. Cir. 1969)(absent unusual circumstances, conditions of employment and amount of fee not privileged); Pollard v. E.I. DuPont de Nemours & Co., 2004 U.S. Dist. LEXIS 6345, at *10-*11 (W.D. Tenn. 2004) (general rule is that "attorney fees are not deemed privileged and are subject to discovery."); Cohen v. Brown Univ., 1999 WL 695235, at *5 (D.R.I. 1999) ("generally the number of hours billed, the parties fee arrangement, costs and total fees paid do not constitute privileged information."); Schacher v. American Acad. of Ophthalmologists, Inc., 106 F.R.D 187, 192 (N.D. Ill. 1985)("Such communications do not relate to confidential matters and are clearly unprivileged."); Blowers, 526 F. Supp. at 1326, n.4 ("General information such as the number of hours worked by an attorney in connection with a particular case is not a privileged 'communication' between client and attorney."); In re LTV Securities Litigation, 89 F.R.D. 595, 603 (N.D. Tex. 1981) (terms and conditions of attorney's employment not privileged).

---

*(Footnote continued from previous page)*
    expenses (see below) and other attorneys and Meredith's investigator are disclosed it appears certain that Meredith's fees and expenses, and number of hours spent, will far exceed those of RCL.

Moreover, if Meredith seeks to challenge the reasonableness of RCL's fees Meredith must waive its attorney-client privilege. As for the tasks performed, simply describing the services being provided (e.g. preparation of summary judgment memorandum) is not a confidential communication warranting protection from disclosure. To the extent the description of services reveals legal advice provided by Meredith's counsel to its client, RCL has advised Meredith that it may redact such information from the bills provided the unredacted bills are provided to the Court *in camera*. See Mack Aff., ¶5.

The work-product objection, although a valid objection while the merits of the claims are pending, is not valid objection in the context in which RCL seeks the documents. The merits of this case are no longer in dispute. RCL and Meredith have stipulated that RCL has prevailed on its claims. Meredith's claims and defenses as to the merits would not be prejudiced by disclosing the tasks it performed in this litigation. Moreover, to the extent there is work product information in the bills that should be kept confidential, RCL is prepared to accept redacted bills provided the unredacted bills are available for inspection by the court *in camera* if the need arises. See Pollard, 2004 U.S. Dist. LEXIS at *10-11 (noting that, to the extent detailed information contained in the bills might include text related to defense counsel's thought processes, etc., redaction of that information renders a claim of work product protection moot).

### III. Meredith's Objections to Producing the Belin Firm's Records and that of Other Counsel is Specious.

Meredith has refused to produce the Belin firm's bills on the ground that certain of the time spent by Duncan Green and Mr. Callagy's firm was duplicative of time spent by the Belin firm. The Belin firm (Des Moines, IA), along with Mr. Sawtelle's firm (Duncan Green), served as Meredith's lead counsel in this case for more than two years. The Belin firm represented Meredith from commencement of the case through the close of discovery. (Mr. Sawtelle

appeared in this case on August 9, 2000 and was heavily involved thereafter.) Multiple attorneys from the Belin firm were intimately involved in every aspect of the case prior to Mr. Callagy's arrival on the scene as trial counsel in January 2003. The Belin firm's participation involved many matters which necessarily could not have involved duplication by Duncan Green or Mr. Callagy, including without limitation, the following (see Mack Aff. ¶9):

- Meredith's motion to transfer the case to Iowa (December 2000).
- Meredith's answer with counterclaims (December 2000).
- Meredith's Rule 26 disclosures (December 2001).
- Meredith's response to RCL's request for production of documents (August 2001).
- Meredith's answers to interrogatories (August 2001).
- Meredith's amended answer with counterclaim and third-party complaint (August 2001).
- Meredith's request for production of documents (September 2001).
- Meredith's first set of interrogatories (September 2001).
- Meredith's motions for leave to amend interrogatories (September and October 2001).
- Meredith's supplemental answers to interrogatories (September 2001).
- Meredith's motion for summary judgment on all claims against Meredith (December 2001).
- Meredith's subpoena of Valerie Crane's hotel records (January 2002).
- Meredith's responses to RCL's second request for production of documents (February 2002).
- Meredith's answers to RCL's second set of interrogatories (February 2002).
- Meredith's opposition to RCL's cross motion for summary judgment (February 2002).
- Meredith's subpoenas of Strategic Marking Group LLC and Advanced Marketing Concepts (March 2002).
- Meredith's opposition to RCL's motion to strike affidavits (March 2002).
- Meredith's designation of expert witnesses (March 2002).

- Meredith's subpoena of RJ Gerald & Co. (April 2002).

- Meredith's second supplemental answers to interrogatories (April 2002).

- Meredith's third request for production of documents (May 2002).

- Meredith's second set of interrogatories (May 2002).

- Meredith's request for admissions (May 2002).

- Meredith's second set of supplemental answers to interrogatories (May 2002).

- Meredith's opposition to RCL's motion to supplement summary judgment record (June 2002).

- Meredith's answers to third set of interrogatories (June 2002).

- Meredith's fourth request for production of documents (June 2002).

- Meredith's third set of interrogatories (June 2002).

- Meredith's motion to amend answer and counterclaim (June 2002).

- Meredith's opposition to RCL's motion for protective order (June 2002).

- Meredith's supplemental answers to third set of interrogatories (September 2002).

- Meredith's answers to RCL's fourth set of interrogatories (September 2002).

- Meredith's opposition to RCL's motion for summary judgment on counterclaims and RCL's affirmative defenses (September 2002).

- Meredith's offer of judgment (November 2002).

In addition, attorneys from the Belin firm appeared at the following depositions (Mack. Aff., ¶10):

| John Loughlin    | 4/26/02 and 4/29/02 |
|------------------|---------------------|
| Kevin O'Brien    | 6/12/02             |
| Linda Sherman    | 7/0/02              |
| Thomas J. Simon  | 7/16/02             |

BOS1390369.5                                    11

| Kathleen Gaughan | 7/30/02 |
|---|---|
| William Howe | 7/19/02 |
| Valerie Crane | 5/22/02 |
| Perry Bradshaw | 6/13/02 |
| Wayne Cunningham | 6/11/02 |

In light of the pervasive participation of the Belin firm, Meredith's refusal to produce Belin records on the ground that there was some duplication is frivolous. Neither Mr. Callagy nor any other attorney had to duplicate any of the efforts of the Belin firm in connection with (a) preparing the pleadings in this case and investigating the facts alleged in such pleadings, (b) propounding and responding to interrogatories and document requests, (c) participating in nine depositions in this case and (d) the extensive work in connection with Meredith's and RCL's motions for summary judgment. These tasks were completed prior to Mr. Callagy's entrance as trial counsel. He could not duplicate what was already done. Although Mr. Callagy may have had to familiarize himself with discovery responses and working with experts and witnesses in preparation for trial of this case, such efforts are not duplicative but rather are the sorts of efforts in which trial counsel involved from the beginning of any case (including Belin attorneys) would have to undertake in the immediate run up to trial.

Meredith should be required to produce the billing records of all attorneys hired by Meredith, including those of the Belin firm. If Meredith wants to persist in its argument that certain of Mr. Callagy's and Mr. Sawtelle's efforts were duplicative Meredith should make its case to the Court (based on the facts disclosed in the billing records as opposed to unsubstantiated conclusory statements of counsel) as to what particular services (if any) were

duplicative. Furthermore, to the extent there was duplication of the Belin firm's services, such fact would go to the weight of such information. The time spent by the Belin firm in any event is relevant.

RCL is also entitled to review the records of the several other firms retained by Meredith pertaining to the work conducted in this case, however minimal Meredith contends their role in the case may have been. Furthermore, RCL is entitled to review the bills of Meredith's private investigator, which RCL believes to be significant. RCL believes that Meredith's private investigator was the source of many of Meredith's allegations of improper RCL services and the Disney defense. A substantial portion of RCL's fees related to opposing the defenses based on such allegations. Meredith's investigative efforts forced RCL to incur fees (RCL did not have its own private investigator). Accordingly the costs of Meredith's investigator should be weighed in the balance. The number of hours spent by Meredith's counsel and private investigator (and other professionals retained by Meredith) goes to the heart of Meredith's challenge to the reasonableness of RCL's fees and costs. Meredith cannot pick and choose the information to disclose.

## Conclusion

For the foregoing reasons, RCL requests that the Court order Meredith to produce the documents responsive to the Subpoena and that Meredith be ordered to pay RCL's reasonable attorneys' fees and costs incurred in bringing this motion.

Dated:     June 18, 2004

RESEARCH COMMUNICATIONS, LTD.

By its Attorneys,

Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY, LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000

Charles W. Pieterse   Ct. 01577
WHITMAN, BREED, ABBOTT & MORGAN
100 Field Point Road
P.O. Box 2250
Greenwich, CT 06836
(203) 869-3800