UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**FILED**

2004 JUN 21  A 10: 19

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br> Plaintiff and )<br> Counterclaim Defendant, )<br>v. )<br> )<br>MEREDITH CORPORATION, )<br> Defendant and )<br> Counterclaim Plaintiff, )<br> and )<br> )<br>MEREDITH CORPORATION, )<br> Third-Party Plaintiff, )<br>v. )<br> )<br>VALERIE CRANE, )<br> Third-Party Defendant. ) | ) CASE NO 3:00CV2179-DFM |

## AFFIDAVIT OF DAVID B. MACK IN SUPPORT OF MOTION TO COMPEL

I, David B. Mack, upon oath and affirmation, state as follows:

1.      I am an associate at Nixon Peabody, LLP, which represents Research Communications Ltd. ("RCL") in this matter.  Pursuant to Local Rule 9(d), I submit this Affidavit in support of RCL's Emergency Motion to Compel Production of Documents Pertaining to Attorneys' Fees and Costs Incurred by Meredith Corporation ("Meredith").

2.      Attached hereto as Exhibit A is a true and accurate copy of the subpoena duces tecum ("Subpoena") issued by RCL to Meredith on or about June 4, 2004.

3.      Attached hereto as Exhibit B is a true and accurate copy of Meredith's Objections to the Subpoena ("Objection") served on or about June 11, 2004.

4.      Attached hereto as Exhibit C is a true and accurate copy of a transcription of the Agreement dated May 26, 2004 between RCL, Meredith and Valerie Crane, amended to keep the amount paid by Meredith confidential per the parties' agreement.

BOS1391777.1

5.    Pursuant to Local Rule 9, upon receipt of Meredith's Objection, I contacted Robert Callagy, counsel to Meredith, in an effort to narrow the areas of dispute with respect to the Subpoena and avoid filing a motion to compel.  In response to Meredith's assertion of the attorney/client privilege as a basis for not producing the documents requested I offered (without admitting that the attorney/client privilege applies) that Meredith could redact from the documents requested any information which Meredith contends is protected by the attorney/client privilege and produce such redacted documents to RCL, provided Meredith provides unredacted copies of such documents to the Court for the Court's in camera inspection. Mr. Callagy agreed in a June 16 letter "to provide information limited to trial counsel and experts, redacting any information from the bills which qualify as attorney/client privileged material."

6.    In response to discussions concerning records pertaining to time spent by Meredith's in-house attorneys on this action I suggested to Mr. Callagy that he provide me with a written statement of what, if any, records of Meredith exist with respect to time spent by its in-house attorneys and that we would consider such response.

7.    I had been advised by Mr. Callagy that the fees and expenses of Day Berry & Howard in this action are $44,168.16, the legal fees of Duncan Green Brown Langeness and Eckley in this action were $467,515.25 and their expenses were $66,598.77 and that the legal fees of Satterlee Stephens Burke & Burke in this action were $258,351.75 and its expenses were $16,991.82.

8.    Meredith has refused to produce any documents or information from any other firm retained by Meredith in this litigation, including its lead counsel from 2000 through 2002,

the Belin firm. Meredith has also refused to produce documents or information concerning the time spent, services provided or fees charged by its private investigator.

9.    The Belin firm, along with Mr. Sawtelle, served as lead counsel to Meredith from the commencement of this action through 2002, and was involved in the preparation of the following documents served in this action, among others:

- Meredith's motion to transfer the case to Iowa (December 2000).

- Meredith's answer with counterclaims (December 2000).

- Meredith's Rule 26 disclosures (December 2001).

- Meredith's response to RCL's request for production of documents (August 2001).

- Meredith's answers to interrogatories (August 2001).

- Meredith's amended answer with counterclaim and third-party complaint (August 2001).

- Meredith's request for production of documents (September 2001).

- Meredith's first set of interrogatories (September 2001).

- Meredith's motions for leave to amend interrogatories (September and October 2001).

- Meredith's supplemental answers to interrogatories (September 2001).

- Meredith's motion for summary judgment on all claims against Meredith (December 2001).

- Meredith's subpoena of Valerie Crane's hotel records (January 2002).

- Meredith's responses to RCL's second request for production of documents (February 2002).

- Meredith's answers to RCL's second set of interrogatories (February 2002).

- Meredith's opposition to RCL's cross motion for summary judgment (February 2002).

- Meredith's subpoenas of Strategic Marking Group LLC and Advanced Marketing Concepts (March 2002).

- Meredith's opposition to RCL's motion to strike affidavits (March 2002).

- Meredith's designation of expert witnesses (March 2002).

- Meredith's subpoena of RJ Gerald & Co. (April 2002).

- Meredith's second supplemental answers to interrogatories (April 2002).

- Meredith's third request for production of documents (May 2002).

- Meredith's second set of interrogatories (May 2002).

- Meredith's request for admissions (May 2002).

- Meredith's second set of supplemental answers to interrogatories (May 2002).

- Meredith's opposition to RCL's motion to supplement summary judgment record (June 2002).

- Meredith's answers to third set of interrogatories (June 2002).

- Meredith's fourth request for production of documents (June 2002).

- Meredith's third set of interrogatories (June 2002).

- Meredith's motion to amend answer and counterclaim (June 2002).

- Meredith's opposition to RCL's motion for protective order (June 2002).

- Meredith's supplemental answers to third set of interrogatories (September 2002).

- Meredith's answers to RCL's fourth set of interrogatories (September 2002).

- Meredith's opposition to RCL's motion for summary judgment on counterclaims and RCL's affirmative defenses (September 2002).

- Meredith's offer of judgment (November 2002).

10.    In addition, attorneys from the Belin firm appeared at the following depositions:

| John Loughlin | 4/26/02 and 4/29/02 |
|---|---|
| Kevin O'Brien | 6/12/02 |
| Linda Sherman | 7/0/02 |
| Thomas J. Simon | 7/16/02 |
| Kathleen Gaughan | 7/30/02 |
| William Howe | 7/19/02 |
| Valerie Crane | 5/22/02 |
| Perry Bradshaw | 6/13/02 |
| Wayne Cunningham | 6/11/02 |

11.    I believe that I have conferred with Meredith's counsel in detail in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution, but have been unable to reach a mutually satisfactory resolution.

Signed under the penalties of perjury this 18th day of June, 2004.

David B. Mack



6/4
280

# United States District Court
## FOR THE DISTRICT OF CONNECTICUT

RESEARCH COMMUNICATIONS, LTD.,
    Plaintiff and Counterclaim Defendant

v.

MEREDITH CORPORATION
    Defendant and Counterclaim Plaintiff.

and

MEREDITH CORPORATION
    Third-Party Plaintiff,

v.

VALERIE CRANE
    Third-Party Defendant.

U.S.D.C. District of Connecticut
Civil Action No: 3:00CV2179-DFM

SUBPOENA ISSUED PURSUANT TO
FED. R. CIV. P. 45

**TO:** Keeper of Records Meredith Corporation
    c/o Satterlee, Stephen, Burke & Burke
    230 Park Avenue
    New York, NY 10169

    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case and to give testimony regarding the items set forth in Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

**X**    **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): All documents listed on the attached Schedule A.**

| PLACE<br>Nixon Peabody, LLP<br>100 Summer Street<br>Boston, MA 02110 | DATE AND TIME<br>June 11, 2004, 1:00 p.m. |
|---|---|

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE June 4, 2004 |
|---|---|
| ATTORNEY FOR RESEARCH COMMUNICATIONS, LTD. AND VALERIE CRANE. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David B. Mack, NIXON PEABODY LLP, 100 Summer Street, Boston, MA 02110 – (617) 345-1000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on reverse.)

ACCEPTANCE OF SERVICE

I, Robert M. Callagy, hereby accept service of this subpoena on behalf of Meredith Corporation.

Robert M. Callagy

DATE:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:  June _____, 2004

SIGNATURE OF SERVER

ADDRESS OF SERVER

B1243852.1

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

**Definitions**

For purposes of this subpoena and schedule A, the following terms shall have the following meanings:

1.    "RCL" means Research Communications, Ltd.

2.    "Ms. Crane" means Valerie Crane.

3.    "Meredith" means Meredith Corporation, Meredith's subsidiaries, Meredith's divisions, television stations owned or controlled by Meredith, their respective predecessors or successors, and their present or former officers, employees, agents, servants, representatives, attorneys or other persons acting for or on their behalf.

4.    The "Action" means the matter captioned *Research Communications, Ltd. v. Meredith Corp., Meredith Corp. v. Research Communications, Ltd. and Meredith Corp. v. Valerie Crane, U.S. District Court (D. Conn.) Case No. 3:00CV2179-DFM,* and any claims, defenses, counterclaims or third-party claims that were raised therein or as to which consideration was given in connection therewith.

5.    "Document" is used in the broadest sense and includes all written or graphic matter of every kind and description however produced or reproduced, whether draft or final, original or reproduction, and all tangible things within Federal Rule of Civil Procedure 34 and any other data compilations from which information can be obtained or on which information may be stored, including but not limited to documents stored in tangible, electronic, mechanical or electric form or representation of any kind, including materials on or in computer tapes, disks and memories, back up copies and deleted files or files marked for overwriting on a computer or computer storage device or media whether located on site or off site. It includes all matter that relates or refers, in whole or in part, to the subject referred to in this Request, including, but not limited to, letters, correspondence, reports, e-mail, agreements, interoffice correspondence, notes, telegrams, minutes or records of meetings, notes of meetings, notes of telephone conversations, reports and/or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts, original preliminary notes, and electronic mail.  If a document has been prepared in draft or in several copies, or several versions, even if only in electronic form, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), then each non-identical copy is a separate document.

6.    "Concerning" means any and all documents which relate to the subject matter of the request, including, without limitation, documents containing a reference thereto, documents consisting in and of themselves of the item requested, or documents which reflect, evidence or show any information directly relating to the subject matter of the request.

7.     "And" and "or" mean and/or and shall be interpreted so as to maximize the scope of the request.

## Documents Requested

·1.     All bills, invoices and records of payment concerning amounts charged to or paid by Meredith for services rendered and/or expenses incurred in connection with the Action (whether performed or incurred prior to or after commencement of the Action) by the following law firms or such firms' attorneys, paralegals, employees, independent contractors, agents or any other person acting on behalf of or at the request of such firm:

(a) Day Berry & Howard (Hartford, CT);
(b) Satterlee, Stephens, Burke & Burke (New York, NY);
(c) Belin Lamson McCormick Zumbach Flynn (Des Moines, IA);
(d) Tyler Cooper & Alcorn (Hartford, CT)
(e) Duncan Green Brown Langeness (Des Moines, IA and Denver, CO);
(f) Sullivan & Ward (Des Moines, IA)
.(g) Foley & Lardner (Washington, DC);
(h) Ahlers, Cooney, Dorweiler, Haynie, Smith & Albee (Des Moines, IA);
(i) Law Offices of Michael Pfeifer (Santa Ana, CA); and
(j) any other law firm or attorney not specifically identified above that provided services in connection with the Action.

2.     All documents, including without limitation bills and invoices, reflecting the number of hours worked and the tasks performed by the following attorneys for or on behalf of Meredith or at Meredith's request in connection with the Action (whether performed or incurred prior to or after commencement of the Action):

Day Berry & Howard

Mario R. Borelli
Valicia D. Harmon
James Sicilian
Albert Zakarian

Satterlee, Stephens, Burke & Burke

Robert M. Callagy
Benjamin Means

Belin Lamson McCormick Zumbach Flynn

Roger Stetson
Steven M. Colloton
Michael R. Reck
Christopher Miller

Tyler Cooper & Alcorn

Ralph G. Elliot
Elizabeth Mott Smith

Duncan Green Brown Langeness

James G. Sawtelle

Sullivan & Ward

Lawrence F. Scalise
Harlan Hockenberg

Foley & Lardner

David Ralston

Law Offices of Michael Pfeifer

Michael Pfeifer

Ahlers, Cooney, Dorweiler, Haynie, Smith & Albee

Elizabeth Kennedy

Any other attorneys not identified above

3.    All documents, including without limitation bills and invoices, reflecting the number of hours worked, the tasks performed by and/or the amounts charged for services rendered and/or expenses incurred for, to or on behalf of Meredith by Robert Mazur and/or any other person retained for the purpose of investigating, confirming or otherwise gathering information concerning the Action, RCL, Ms. Crane, any potential lay or expert witness in the Action (whether such work was performed prior to or after commencement of the Action).

4.    All documents reflecting time spent and/or tasks performed (whether prior to or after commencement of the Action) by attorneys who are or were employees of Meredith (including without limitation John Zeiser and Perry Bradshaw) and/or Meredith's designated employee experts concerning the Action, including without limitation time sheets.

5.    All bills, invoices and records of payment of any person retained by or on behalf of Meredith or its attorneys as an expert witness or consultant concerning the Action, including without limitation the following:

(a) A. Dwayne Ball;
(b) Jerry Gumbert;
(c) John Quarderer;
(d) Richard Haynes;
(e) David Smith;
(f) Seth Geiger; and
(g) any other person not specifically identified above that provided expert or consultant services in connection with the Action.

6.    All documents reflecting expenses incurred by or charged to Meredith concerning the Action, including without limitation for any of the following tasks: photocopying (in-house or by outside vendors), facsimile, travel, transcription, services of process, bates-numbering, long distance telephone, lodging, airfare, car rental, computer research, and any other task performed in connection with the Action (whether performed or incurred prior to or after commencement of the Action).

7.    To the extent not produced in response to requests 1 through 6 above, all documents reflecting amounts charged to or paid by Meredith (whether directly or through Meredith's counsel, private investigator(s) or expert witnesses or consultant(s)) in connection with the Action.

Exhibit
B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) | | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEREDITH CORPORATION, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff, | ) | |
| | ) | CASE NO.: 3:00CV2179-AVC |
| | ) | |
| MEREDITH CORPORATION, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALERIE CRANE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEREDITH CORPORATION'S OBJECTIONS TO SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(b), defendant Meredith Corporation ("Meredith"), by its attorneys, hereby objects to plaintiff's Subpoena to Keeper of Records Meredith Corporation dated June 4, 2004 (the "Subpoena") upon the following grounds:

1.    The Subpoena calls for the production of, among other things, all documents reflecting the number of hours worked and the tasks performed by Meredith's counsel. Meredith objects that the Subpoena requests are overly broad, unduly burdensome, seek documents irrelevant to plaintiff's pending application for attorneys'

563956_1

fees, and would require production of records that are protected by the attorney-client privilege and/or the work product privilege.

2.    Attorney billing records are privileged, because, among other things, those records indicate the legal and factual issues researched by counsel, and the time and subject matter of internal discussions concerning legal strategy. Production of those records would reveal the confidential thought processes of counsel in developing a defense strategy in the Action.

3.    Meredith further objects that the Subpoena requests bills, invoices and records of payment concerning law firms who were not involved in this action or had only minimal and tangential involvement. Those requests are overly broad, unduly burdensome, seek documents irrelevant to plaintiff's pending application for attorneys' fees, and would require production of records that are protected by the attorney-client privilege and/or the work product privilege.

4.    Meredith further objects to production of bills, invoices and records of payment of Belin Lamson McCormick Zumbach Flynn, because that firm was replaced by Satterlee Stephens Burke & Burke LLP after the untimely death of lead counsel, requiring a great deal of duplication of effort. Any effort to separate non-duplicative billing, if any, would be unduly burdensome in light of the lack of relevance of those records to plaintiff's fee application. Meredith additionally objects that such request is overly broad and would require production of records that are protected by the attorney-client privilege and/or the work product privilege.

5.    The Subpoena further requests documents that do not relate to attorneys' fees at all, including bills and invoices of investigators, expert witnesses and

consultants, and the internal time records of Meredith employees. Meredith objects that those requests are overly broad, unduly burdensome, seek documents irrelevant to plaintiff's pending application for attorneys' fees, and would require production of records that are protected by the attorney-client privilege.

6.    Without waiver of any of the above objections, Meredith will agree to produce documents sufficient to indicate the legal fees of Satterlee Stephens Burke & Burke LLP, Day Berry & Howard, LLP, and Duncan Green Brown Langeness & Eckley, in connection with the Action.

Dated: June 11, 2004

Respectfully submitted,

SATTERLEE STEPHENS BURKE & BURKE LLP

By: _____
Robert M. Callagy Ct. 24386 (*pro hac vice*)
230 Park Avenue
New York, New York 10169
Tel: (212) 818-9200
Fax: (212) 818-9606
E-mail: rcallagy@ssbb.com

Attorneys for Defendant/Counterclaim-Plaintiff
    Meredith Corporation

Local Counsel:

James Sicilian, Esq.
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0303

Attorneys for Defendant/Counterclaim-Plaintiff
    Meredith Corporation

563956_1

Exhibit

C

## AGREEMENT

This agreement is entered into by and between Research Communications, Ltd., Valerie Crane and Meredith Corporation. The agreement is as follows:

1.    Meredith will pay RCL [confidential amount] on June 30, 2004 by check delivered to RCL's counsel.

2.    The parties will execute mutual general releases as per ¶7 below.

3.    The parties shall try before USMJ Martinez RCL's claim under paragraph 10 of the agreement. Such claim will be tried during the week of June 14, 2004, in the manner prescribed by the court, subject to Judge Martinez's discretion as to timing, and if not then as soon thereafter as possible, without prejudice to Meredith's right to challenge the amount of the fees and costs sought.

4.    The attorneys' fees and legal expenses claim will take place based on the following stipulations:

a.)    RCL is the prevailing party on its claims and Meredith is the non-prevailing party on RCL's claim and on its counterclaims and third-party claims.

b.)    Valerie Crane will not seek reimbursement for her personal attorneys' fees.

c.)    The amount of the settlement will not be disclosed to Judge Martinez nor taken into account in the trial for attorneys' fees and expenses.

5.    No deposition discovery shall take place in connection with the attorneys' fees trial.

6.    The parties shall keep the amount of this settlement (i.e. [confidential amount]) confidential.

7.    This is a binding agreement between the parties. Meredith's counsel represent that they have authority to sign this agreement on behalf of Meredith. The parties will execute customary, general releases on or before Friday, May 28, 2004, or as soon as reasonably

BOS1388892.1                                                                807908/125695

practicable thereafter, but not later than June 7, 2004. RCL's claim under paragraph 10 of the agreement shall be excluded from such releases.

8.    The attorneys' fees provision of the contract (¶10) is reformed as follows: the word "prevailing" is changed to non-prevailing.

Meredith Corporation

_____/s/_____                    By: Robert M. Callagy

_____/s/_____                    By: David Sawtelle

Valerie Crane and

Research Communications, Ltd.

_____/s/_____                    By: Valerie Crane

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JUN 21  A 10: 19

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., )<br>      Plaintiff and )<br>      Counterclaim Defendant, )<br>v. )<br>  )<br>MEREDITH CORPORATION, )<br>      Defendant and )<br>      Counterclaim Plaintiff, )<br>   and )<br>  ) CASE NO 3:00CV2179-DFM<br>MEREDITH CORPORATION, )<br>      Third-Party Plaintiff, )<br>v. )<br>  )<br>VALERIE CRANE, )<br>      Third-Party Defendant. ) | |

## CERTIFICATE OF SERVICE

I, David B. Mack, hereby certify that a true copy of the following documents were served upon the listed attorneys of record for Meredith by overnight mail. In addition, copies of all of the following (without exhibits) were faxed to Mr. Callagy on this date:

1. Research Communications, Ltd.'s Motion For Judgment On Its Claim For Attorneys' Fees And Costs

2. Affidavit Of Daniel J. Gleason In Support Of Fee Application Submitted By Research Communications Ltd

3. Affidavit Of David B. Mack

4. Affidavit Of Lee Michael

5. Affidavit Of Joseph C. Tanski

6. Affidavit of Kathleen Gaughan

7. Research Communications, Ltd.'s Emergency Motion To Compel Production Of Documents Pertaining To Attorneys' Fees And Costs Incurred By Meredith Corporation

8. Affidavit Of David B. Mack In Support Of Motion To Compel

VIA OVERNIGHT MAIL:

James G. Sawtelle, Esq.
Duncan, Green, Brown,
  Langeness & Eckley
600 Seventeenth Street
Suite 2800 South
Denver, Colorado 80202-5402

VIA OVERNIGHT MAIL:

James Sicilian, Esq.
Day Berry & Howard
Cityplace I
185 Asylum Street
Hartford, CT  06103-3449

VIA OVERNIGHT MAIL (with exhibits)
AND FACSIMILE (without exhibits):

Robert M. Callagy, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169-0079

June 18, 2004.

David B. Mack