UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RESEARCH COMMUNICATIONS, LTD., )
          Plaintiff and         )
          Counterclaim Defendant,   )
v.                        )
                         )
MEREDITH CORPORATION,   )
          Defendant and      )
          Counterclaim Plaintiff,   )
     and                 )
                         ) CASE NO 3:00CV2179-DFM
MEREDITH CORPORATION,   )
          Third-Party Plaintiff,   )
v.                        )
                         )
VALERIE CRANE,         )
          Third-Party Defendant.  )

## STIPULATION

Pursuant to the Court's Order dated May 27, 2004, the parties to the above-captioned matter hereby submit a true and accurate transcription of the May 26, 2004 Agreement between Research Communications, Ltd. ( "RCL"), Meredith Corporation ("Meredith") and Valerie Crane, redacted in accordance with the terms of said Agreement.

MEREDITH CORPORATION,

By its attorneys:

Robert M. Callagy Ct. 24386 (*pro hac vice*)
230 Park Avenue
New York, New York 10169
(212) 818-9200

James Sawtelle, Esq.
Duncan Green Brown Langeness & Eckley
600 Seventeenth Street
Suite 2800 South
Denver, CO 80202-5402
(303) 634-2280

James Sicilian, Esq. Ct. 05608
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0303

RESEARCH COMMUNICATIONS, LTD.
and VALERIE CRANE

By their Attorneys,

Joseph C. Tanski   Ct. 22211
David B. Mack   Ct. 23151
NIXON PEABODY, LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Charles W. Pieterse   Ct. 01577
WHITMAN, BREED, ABBOTT & MORGAN
100 Field Point Road
P.O. Box 2250
Greenwich, CT 06836
(203) 869-3800

## AGREEMENT

This agreement is entered into by and between Research Communications, Ltd., Valerie Crane and Meredith Corporation.  The agreement is as follows:

1.    Meredith will pay RCL [confidential amount] on June 30, 2004 by check delivered to RCL's counsel.

2.    The parties will execute mutual general releases as per ¶7 below.

3.    The parties shall try before USMJ Martinez RCL's claim under paragraph 10 of the agreement.  Such claim will be tried during the week of June 14, 2004, in the manner prescribed by the court, subject to Judge Martinez's discretion as to timing, and if not then as soon thereafter as possible, without prejudice to Meredith's right to challenge the amount of the fees and costs sought.

4.    The attorneys' fees and legal expenses claim will take place based on the following stipulations:

   a.)    RCL is the prevailing party on its claims and Meredith is the non-prevailing party on RCL's claim and on its counterclaims and third-party claims.

   b.)    Valerie Crane will not seek reimbursement for her personal attorneys' fees.

   c.)    The amount of the settlement will not be disclosed to Judge Martinez nor taken into account in the trial for attorneys' fees and expenses.

5.    No deposition discovery shall take place in connection with the attorneys' fees trial.

6.    The parties shall keep the amount of this settlement (i.e. [confidential amount]) confidential.

7.    This is a binding agreement between the parties.  Meredith's counsel represent that they have authority to sign this agreement on behalf of Meredith.  The parties will execute customary, general releases on or before Friday, May 28, 2004, or as soon as reasonably

practicable thereafter, but not later than June 7, 2004.  RCL's claim under paragraph 10 of the agreement shall be excluded from such releases.

8.     The attorneys' fees provision of the contract (¶10) is reformed as follows:  the word "prevailing" is changed to non-prevailing.


Meredith Corporation

_____/s/_____     By:  Robert M. Callagy

_____/s/_____     By:  David Sawtelle


Valerie Crane and

Research Communications, Ltd.

_____/s/_____     By:  Valerie Crane