```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RESEARCH COMMUNICATIONS, LTD.,         :
                                       :
    Plaintiff/Counterclaim Defendant,  :
                                       :
    v.                                 : CASE NO. 3:00CV2179(DFM)
                                       :
MEREDITH CORPORATION,                  :
                                       :
    Defendant/Counterclaim Plaintiff,  :
                                       :
                                       :
MEREDITH CORPORATION,                  :
                                       :
    Third Party Plaintiff,             :
                                       :
    v.                                 :
                                       :
VALERIE CRANE,                         :
                                       :
    Third Party Defendant.             :
```

## RULING ON PLAINTIFF'S MOTION TO COMPEL

Pending before the court is the plaintiff's motion to compel production of documents. (Doc. #222.) The motion is granted in part and denied in part.

I.   Procedural Background

This case arose out of a contract ("research contract") between the parties regarding the provision of research services by the plaintiff, Research Communications, Ltd ("RCL"), to the defendant Meredith Corporation Communications, Ltd ("Meredith"). On November 13, 2000, the plaintiff commenced this diversity action against the defendant alleging breach of contract and in the alternative, quantum meruit. Meredith, in turn, asserted counterclaims of breach

of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, fraudulent nondisclosure and fraudulent misrepresentation. Meredith also lodged a third party complaint against Valerie Crane ("Crane"), the President, Treasurer and sole owner of RCL, alleging fraudulent misrepresentation and fraudulent nondisclosure. In May 2004, the parties reached a settlement agreement. Pursuant to this agreement, Meredith agreed to pay RCL a confidential amount of money on RCL's claims. The parties further agreed to try to the court RCL's claim for attorney's fees pursuant to the underlying research contract, which provided that "the prevailing party in the litigation shall pay the other party's court costs and reasonable attorney's fees." (Research Contract ¶10.) Meredith retained the "right to challenge the amount of the fees and costs sought." (Settlement Agreement ¶4.) The parties stipulated in the settlement agreement that: (1) "RCL is the prevailing party on its claims and Meredith is the non-prevailing party on RCL's claim and on its counterclaims and third-party claims;" (2) "Valerie Crane will not seek reimbursement for her personal attorneys' fees;" and (3) "[t]he amount of the settlement will not be disclosed . . . nor taken into account in the trial for attorneys' fees and expenses." (Settlement Agreement ¶4.) Thereafter, RCL filed a "motion for judgment on its claim for attorneys' fees and costs." (Doc. #216.) The defendant asserts numerous challenges to the plaintiff's fee application, including that the plaintiff's claim is

unreasonable and overstated, so much so as to justify a complete denial of fees.

In conjunction with its fee application, the plaintiff served a subpoena duces tecum seeking documents concerning the defendant's attorneys' fees and costs, the time spent by the defendant's counsel and other professionals and the tasks performed by such individuals. The defendant objected on the grounds that the requests were, <u>inter alia</u>, overly broad, unduly burdensome, irrelevant and required the production of privileged information. Notwithstanding, the defendant produced billing records concerning fees, disbursements and hours for three of the law firms that had represented it -- Satterlee Stephens Burke & Burke LLP, Day Berry & Howard and Duncan Green Brown Langeness. The records included expert witness costs. (Doc. #229, Callagy Aff. Ex. C.) The defendant redacted information from the bills that was privileged. (<u>Id.</u>) The defendant objected to producing information regarding any of the other law firms involved. This motion followed.

II. <u>Discussion</u>

The plaintiff seeks the billing records of all attorneys hired by the defendant in connection with this action. (Document Requests 1 and 2.) The plaintiff argues the defendant's attorney's fees and costs are relevant in light of the defendant's challenge to the plaintiff's fee application. The defendant responds that the requested information is not relevant and in any event, the motion

3

is "largely moot" because it has produced documents "sufficient to indicate the legal fees" of its trial counsel -- Satterlee Stephens Burke & Burke LLP, Day Berry & Howard and Duncan Green Brown Langeness. (Doc. #226, Def's Opp'n at 2-3.)

"The scope of permissible discovery is quite broad." Klein v. AIG Trading Group Inc., 228 F.R.D. 418, 422 (D. Conn. 2005). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "[D]iscovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information." Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 167 (D. Conn. 2005).

Evidence of fees and expenditures of opposing parties may be relevant to the issue of reasonableness of the prevailing party's fees. See, e.g., In re Fine Paper Antitrust Litigation, 751 F.2d 562, 586 (3rd Cir. 1984); Craik v. Minnesota State Univ. Bd., 738 F.2d 348, 249 (8th Cir. 1984). The amount of preparation and expense expended by the non-prevailing party may bear on the amount of effort reasonably expended by the successful party in overcoming that opposition. See, e.g., Cohen v. Brown Univ., No. CA 92-197L, 1999 WL 695235, at *1 (D.R.I. May 19, 1999) (rejecting defendant's argument that "what they spent and how long their attorneys spent on this matter is irrelevant to a determination of what number of hours were reasonable for plaintiffs' attorneys to spend"). The

4

plaintiff, as the prevailing party, may be permitted to discover the defendant's records concerning expenses, billing rates, total fees and hours worked. <u>See</u> 21A Federal Procedure: Lawyers Edition, § 51:125 (2005). "When the fee applicant's hours or rates are challenged, the applicant will commonly seek discovery of the opposing party's hours expended and rates charged in the litigation to seek to prove the reasonableness of the applicant's fee request." 2 Alba Conte, Attorney Fee Awards § 6.07 (3rd ed. 2004). It is within the court's discretion to permit discovery of such information. <u>Id.</u>

The plaintiff first seeks documents pertaining to the fees of Belin Lamson McCormick Zumbach Flynn ("the Belin firm"), the firm that represented the defendant from the commencement of the litigation through 2002. Satterlee Stephens Burke & Burke LLP subsequently replaced the Belin firm. The defendant objects to producing billing information as to the Belin firm because the substitution resulted a great deal of duplication of effort. Although the replacement resulted in some redundancy, the court is not persuaded that this renders the Belin firm's fees irrelevant. Document Requests 1 and 2 as to the Belin firm are granted.

The plaintiff next seeks documents pertaining to fees charged by the law firms of Foley & Lardner; Ahlers Cooney Dorweiler Haynie Smith & Albee; and the Law Offices of Michael Pfeifer. The defendant states that it retained these firms to represent former

5

RCL employees at depositions. Based on the record that currently exists, it does not appear this information is relevant to resolving the plaintiff's fee application. The plaintiff's requests as to these firms are denied without prejudice.

The plaintiff also seeks documents regarding the law firm of Sullivan & Ward. The defendant objects to the plaintiff's request, contending that the court would not be aided by consideration of these records because the firm had little involvement in this case. However, the defendant does not say that the firm had no involvement. The court is not persuaded that a limited amount of involvement renders the records at issue irrelevant. The plaintiff's request is granted.

The plaintiff also seeks documents reflecting the time spent and/or tasks performed by in-house attorneys. (Document Request 4.) The defendant responds that time records and information regarding in-house counsel are not maintained. (Doc. #226, Def's Opp'n at 6 n. 4.) The defendant shall provide a sworn statement to that effect.

The plaintiff seeks bills, invoices and records of payment regarding the defendant's private investigator. (Document Request 3.) The plaintiff contends that Meredith's private investigator was the source of many of the allegations behind the defendant's claims alleging flawed research and fraudulent inducement that caused the plaintiff to incur substantial attorney's fees and expenses. (Doc.

6

#222, Pl's Mtn at 13.) On the present record, the court is not persuaded that information as to the defendant's private investigator is relevant. The motion to compel this information is denied without prejudice.

The plaintiff next seeks bills, invoices and records of payment for the defendant's experts. (Document Request 5.) It appears that the defendant already has produced this information. (Doc. #229, Callagy Aff. Ex. C.) The plaintiff's request is denied as moot.

As a final matter, the defendant suggests that it should not be compelled to produce the requested information because the documents may contain privileged information.[1] As a general rule, such materials are not protected by the attorney-client privilege. Blowers v. Lawyers Cooperative Publishing, 526 F. Supp. 1324, 1326 (W.D.N.Y. 1981); Cohen v. Brown University, No. CA 92-197 L, 1999 WL 695235, at *4 (D.R.I. May 19, 1999). However, the plaintiff does not seek privileged communications and proposes that the defendant redact any privileged information. (Doc. #222, Pl's Mtn at 9.)

III. Conclusion

For these reasons, plaintiff's motion to compel (doc. #222) is granted in part and denied in part. The undersigned shall conduct a telephonic status on November 8, 2005 at 9:30 a.m. to discuss the

---

[1] The defendant did not submit a privilege log or any evidentiary submissions in support of this assertion.

pending fee application.  Plaintiff's counsel shall initiate the conference call to chambers.

    SO ORDERED this 13th day of October, 2005 at Hartford, Connecticut.

```
            _____/s/_____
            Donna F. Martinez
            United States Magistrate Judge
```