IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., ) <br> ) <br> Plaintiff/Counterclaim-Defendant, ) <br> ) <br> v. ) <br> ) <br> MEREDITH CORPORATION, ) <br> ) <br> Defendant/Counterclaim-Plaintiff. ) <br> ) <br> ) <br> MEREDITH CORPORATION, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VALERIE CRANE, ) <br> ) <br> Third-Party Defendant. ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 3:00CV2179-DFM <br><br><br><br><br><br><br><br><br><br><br><br><br><br> DECEMBER 12, 2005 |

**<u>RESPONSE TO MOTION TO EXPEDITE HEARING AND DISPOSITION</u>**

Defendant Meredith Corporation ("Meredith") submits this response to the Motion to Expedite Hearing and Disposition filed by Research Communications, Ltd. ("RCL"), stating further:

1.  In connection with the settlement of this matter, RCL is seeking an award of attorneys' fees and costs in the amount of $1,093,484.

2.      As discussed more fully in Meredith's Opposition to RCL's Motion for Judgment on its Claim for Attorneys' Fees and Costs, RCL is entitled to no such award, and has grossly overstated the amount of its claim in any event. *See* Farrar v. Hobby, 506 U.S. 103, 115 (1992) ("In some circumstances, even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all.").

3.      As one example of such overstatement, RCL's controller (Kathleen Gaughan) testified by Affidavit, sworn to June 15, 2004, submitted as part of RCL's application that the company has paid a total of $651,616.75 in fees and expenses, which is ***$441,867 less*** than the amount it is seeking in its application for judgment against Meredith.

4.      The Gaughan Affidavit warrants careful review. Although paragraph four of the Affidavit suggests that RCL has "incurred" costs of $1,097,590.20, the attached exhibit to the Affidavit reveals that RCL has actually only paid slightly more than one-half of this amount, or $651,616.75. Further, there has been no effort made by RCL in its application to distinguish between legal fees and expenses incurred by the company in the prosecution of its contract claims as distinguished those fees paid or incurred by RCL on behalf of Valerie Crane in connection with the defense of the third-party claims arising from her conduct. *See* Thelen Oil Company, Inc. v. Fina Oil & Chemical Company, 962 F.2d 821, 824 (8th Cir. 1992) (where fee applicant has failed to separate attorneys fees incurred in connection with breach of lease claim from those incurred in connection with other claims, "it is not inappropriate to deny fees completely when the fee request is outrageously excessive and unsupported by adequate documentation.").

5.  During the status conference of November 8, 2005, counsel for RCL represented that his client has paid nothing further in the ensuing seventeen (17) months since Ms. Gaughan submitted her Affidavit. Counsel further represented that he would confirm this fact by filing his own Affidavit with the Court.

6.  No such Affidavit was ever filed. Instead, on November 22, 2005, counsel for RCL submitted an Affidavit containing an attached fifteen-month-old bill for services in connection with preparing the pending application for attorneys fees. As a preliminary matter, it is questionable whether this latest bill should even be considered in connection with the subject application. *See* West v. Aetna Life Insurance Co., 188 F.Supp.2d 1096, 1102 (N.D. Iowa 2002) ("[P]reparation of the fee claim is a routine, largely clerical task for which $110 per hour is reasonable compensation.") Moreover, even this bill reflects an unpaid "balance" of $272,456.05. Is it RCL's assertion that this unpaid amount of $272,456.05 is in addition to the $441,867 that was being claimed, yet unpaid, as of the filing of the subject application? It is apparent that no efforts have been made to collect these amounts during the past seventeen (17) months. Meredith submits that the absence of further payment by RCL to its counsel is compelling evidence that the claimed fees are excessive and the obligation less than legitimate. *See* City of Riverside v. Rivera, 477 U.S. 561, 580-81 (1986) (discussion of need to avoid "windfalls" to attorneys through fee awards); Polk v. New York State Department of Correctional Services, 722 F.2d 23, 25 (2d Cir. 1983) (district judges retain broad discretion in determining "reasonable" attorneys fees "so long as unwarranted windfalls are not awarded"); Peter v. Jax, 187 F.3d 829, 838 (8th Cir. 1999) (party seeking attorneys fees must be mindful "of

the Supreme Court's admonition that fee awards are not intended to produce windfalls to attorneys").

      7.      In short, the Affidavit sworn to November 22, 2005 submitted by counsel for RCL fails to address the very issue that was discussed, namely that the claim for attorneys' fees appears *on its face* to have been overstated by approximately sixty-eight percent (68%). *See* Kane v. Martin Pain Stores, Inc., 439 F.Supp. 1054, 1058 (S.D.N.Y. 1977), *aff'd without opinion*, 578 F.2d 1368 (2d Cir. 1978) (the actual fee arrangement between the movant and their counsel is an important consideration in determining the reasonableness of a fee application); Planned Parenthood of Minnesota v. Citizens for Community Action, 558 F.2d 861, 871 (8th Cir. 1977) ("an award of attorneys fees is compensatory, not punitive, and we will not allow a threat of paying the opposing party's unreasonable legal fees to chill" the assertion of a defense to a claim).

## CONCLUSION

      For the foregoing reasons, Meredith respectfully asks that the Court require counsel for RCL to recertify the amount actually paid by RCL to its counsel, exclusive of any amounts due or paid for the representation of Third-party Defendant, Valerie Crane, individually.

MEREDITH CORPORATION


By:_____
Robert M. Callagy (*pro hac vice*)
(ct24386)
SATTERLEE STEPHENS BURKE &
BURKE LLP
230 Park Avenue
New York, New York  10169
Phone:  (212) 818-9200
Fax:      (212) 818-9606
email:   rcallagy@ssbb.com



_____/s/_____
James Sicilian (ct05608)
Albert Zakarian (ct04201)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, Connecticut  06103-3499
Phone:  (860) 275-0100
Fax:      (860) 275-0343
email:   jsicilian@dbh.com
email:   azakarian@dbh.com

Attorneys for Defendant/Counterclaim-Plaintiff
Meredith Corporation

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed on this 12th day of December, 2005, by first-class mail to all counsel and pro se parties as follows:

Joseph C. Tanski, Esq.                           Charles W. Pieterse, Esq.
Nixon Peabody, LLP                             Whitman, Breed, Abbott & Morgan
100 Summer Street                                100 Field Point Road
Boston, Massachusetts 02110-2131          P.O. Box 2250
                                                  Greenwich, CT  06836

                                                  /s/
                                           Albert Zakarian