```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RESEARCH COMMUNICATIONS, LTD.,    :
                                  :
    Plaintiff and                 :
    Counterclaim Defendant,       :
                                  :
    v.                            :
                                  :
MEREDITH CORPORATION,             :
                                  :
    Defendant and                 :
    Counterclaim Plaintiff,       :
                                  :   Civil No. 3:00CV2179(DFM)
    and                           :
                                  :
MEREDITH CORPORATION,             :
                                  :
    Third-Party Defendant,        :
                                  :
    v.                            :
                                  :
VALERIE CRANE,                    :
                                  :
    Third-Party Defendant.        :
_____    :
```

RULING ON MOTION FOR ATTORNEYS' FEES AND COSTS

Pending before the court is the plaintiff's motion for attorneys' fees and costs. (Doc. #216.)

I. Background

This diversity case arises out of a contract ("research contract") between the plaintiff, Research Communications, Ltd. ("RCL"), a Massachusetts corporation, and the defendant, Meredith Corporation Communications, Ltd ("Meredith"), an Iowa corporation. Pursuant to the contract, the parties agreed that the plaintiff would conduct market research and related services for the

defendant's broadcasting stations. In 2000, the plaintiff commenced this lawsuit, alleging that the defendant breached the contract by failing to make certain required payments and improperly terminating the contract. The complaint also contained a claim for quantum meruit. (Doc. #102.) The defendant, in turn, asserted counterclaims of breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, fraudulent nondisclosure and fraudulent misrepresentation. The defendant also lodged a third-party complaint against Valerie Crane ("Crane"), the owner of RCL, alleging fraudulent nondisclosure and fraudulent misrepresentation. (Doc. #118.) The case was mired in pretrial proceedings for four years. When it was trial ready, the parties then consented to the jurisdiction of a United States Magistrate Judge and the case was transferred to the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. #179.)

The parties subsequently reached a settlement agreement resolving the liability aspect of the case and reserving the issue of attorneys' fees and costs for the undersigned to adjudicate. (Doc. #225.) Pursuant to the settlement agreement, the plaintiff retained its right to try its claim under "paragraph 10" of the parties' Research Contract. (Doc. #219, Mack Aff., ex. 6, Settlement Agreement at ¶3.) Paragraph 10 of the Research Contract states: "In the event that [RCL] institutes legal action to collect

any sum(s) due under this Agreement, the [non-]prevailing[1] party in the litigation shall pay the other party's court costs and reasonable attorney's fees." (Doc. #216, Mack Aff., ex. 7, Research Contract.) The parties stipulated in the Settlement Agreement that:

> 4. The attorneys' fees and legal expenses claim will take place based on the following stipulations:
>
> a.) RCL is the prevailing party on its claims and Meredith is the non-prevailing party on RCL's claim and on its counterclaims and third-party claims.
>
> b.) Valerie Crane will not seek reimbursement for her personal attorneys' fees.
>
> c.) The amount of the settlement will not be disclosed to [the court] nor taken into account in the trial for attorneys' fees and expenses.

(Settlement Agreement ¶4.) Thereafter, the plaintiff filed the instant motion.

## II. Discussion

The plaintiff seeks an award of $1,088,695.40 in attorneys' fees and costs incurred through May 31, 2004 when the case was settled.[2] (Doc. #216 at 1.) The plaintiff also seeks additional

---

[1] The research contract originally stated that the "prevailing" party would pay costs and attorneys' fees. The parties subsequently corrected this scrivener's error in the settlement agreement. See doc. #219, ex. 6, Settlement Agreement at ¶8 ("The attorneys' fees provision of the contract (¶10) is reformed as follows: the word 'prevailing' is changed to 'non-prevailing'.")

[2] The plaintiff seeks $1,088,695.40 in fees and costs, broken down as follows: (1) Lead Counsel attorneys' fees, $948,495.50; (2) Lead Counsel costs, $63,502.02; (3) Local Counsel attorneys' fees, $12,254.00; (4) Local Counsel costs, $1,019.21; and (5) Costs

costs and fees incurred after the case settled. (Id. at 1.) The defendant opposes the plaintiff's request, contending that the plaintiff should not be awarded any fees or, in the alternative, the plaintiff should be awarded a significantly reduced fee. The court heard oral argument on the motion (doc. #250) and has carefully considered the parties' voluminous submissions.[3]

The parties' settlement agreement explicitly provides that the plaintiff is the prevailing party and as such is entitled to an award of attorneys' fees and costs. Notwithstanding this plain language, the defendant argues that the court should not award the plaintiff any attorneys' fees.

A. <u>Defendant's arguments in support of no award</u>

The defendant first argues that the plaintiff is barred from recovery because it failed to comply with the requirements of Iowa Code § 625.25, which the defendant claims governs the attorneys'

---

paid directly by RCL, $63,424.75. (Doc. #216 at 5.)

[3]In support of its motion (doc. #216), the plaintiff filed affidavits of: Daniel Gleason (doc. #217); Joseph Tanski (doc. #218); David Mack (doc. #219); Lee Michael (doc. #220) and Kathleen Gaughan (doc. #221). The defendant submitted in support of its memorandum in opposition (doc. #227) an appendix (doc. #230) and affidavit of Fran Brady (doc. #228). The plaintiff filed a reply brief (doc. #231) and affidavits of James Clifford (doc. #232); Marisa Jaffe (doc. #233); Deborah Burton (doc. #234); Daniel Gleason (doc #235); Joseph Tanski (doc. #236), David Mack (doc. #237) and Valerie Crane (doc. #239). After the plaintiff filed its motion, the plaintiff then filed a motion to expedite (doc. #242) to which the defendant responded (doc. #243). Thereafter the plaintiff filed an affidavit of Joseph Clasen (doc. #246).

fee provision in the research contract.[4]  (Doc. #227, Def's Mem. in Opp'n at 6.)

> Iowa Code § 625.25 provides in relevant part:
>
> No such attorney fee shall be taxed if the defendant is a resident of the county and the action is not aided by an attachment, unless it shall be made to appear that such defendant had information of and a reasonable opportunity to pay the debt before action was brought.

The defendant argues that the plaintiff failed to provide it with the necessary information concerning the amount owed and a reasonable opportunity to pay in compliance with § 625.25.  This alleged noncompliance, the defendant contends, precludes the plaintiff from recovering attorneys' fees.

"The manifest design of [§ 625.25] is that as a condition precedent to the taxation of attorney's fees a debtor must be afforded a reasonable opportunity to discharge his debt." Moore v. Crandall, 124 N.W. 812, 815 (Iowa 1910).  There is scant case law regarding § 625.25.  By its terms, the statute applies to situations where "the defendant is a resident of the county."  The defendant offers no explanation for the phrase "resident of the county" or how it applies to the defendant in the case at bar.[5] The court must give meaning to the terms in a statute and cannot

---

[4]The research contract, which contains the attorneys' fee provision, is silent as to which state law governs.  The court need not resolve this issue to decide this motion.

[5]In fact, the defendant omitted the phrase in its citation of the statute in its in brief.  See doc. #227 at 7.

ignore the plain language of the statute.  See Miller v. Marshall County, 641 N.W.2d 742, 749 (Iowa 2002) ("Each term [in a statute] is to be given effect, so that no single part is rendered insignificant or superfluous.")  The court construes "the county" to refer to the county in Iowa in which the lawsuit was brought.  This construction gives effect to the terms in the statute and has some support in the caselaw.  See Home Savings and Loan Ass'n v. Iowa City Inn, Inc., 152 N.W.2d 588 (Iowa 1967) (state court considering whether the defendant is a resident of "Johnson County," Iowa where the lawsuit was brought).  The defendant has not persuaded the court that § 625.25 applies to this case.  The cases mustered by the defendant in support of the statute's applicability⁶ do not support that § 625.25 applies to cases commenced outside of Iowa.  To the contrary, the cases -- mortgage foreclosure actions brought in Iowa state court -- support construing the statute as limited to actions brought in Iowa state court.  The defendant has not offered, nor has the court's research identified, any courts outside of Iowa that have applied § 625.25, much less denied attorneys' fees on the grounds of a party's noncompliance.

In any event, even if § 625.25 applied, it would not undermine

---

⁶Peoples Trust & Sav. Bank v. Baird, 346 N.W.2d 1 (Iowa 1984); Home Savings and Loan Ass'n v. Iowa City Inn, Inc., 152 N.W.2d 588 (Iowa 1967); Federal Land Bank v. Wilmarth, 252 N.W. 508 (Iowa 1934); Moore v. Crandall, 124 N.W. 812 (1910).

the plaintiff's right to recover attorneys' fees because the plaintiff provided the defendant with information regarding the amounts owed and a reasonable opportunity to pay before it brought suit. The record reflects that the parties engaged in correspondence regarding outstanding payments but disagreed regarding the amounts due under the research contract. See doc. #230, def's appendix, ex. 7 (letter from plaintiff's counsel to defense counsel dated 9/18/00); ex. 8 (letter from defense counsel to plaintiff's counsel dated 9/21/00); doc. #236, Tanski Aff, ex. B (letter from plaintiff's counsel to defense counsel dated 9/28/00); doc. #230, def's appendix, ex. 10 (letter from defense counsel to plaintiff's counsel dated 10/6/00); ex. 12 (letter from plaintiff's counsel to defense counsel dated 11/1/00).

The defendant next argues that the plaintiff is not entitled to fees because it has not provided information regarding its fee arrangement with counsel as required by Iowa Code § 625.24.

Iowa Code § 625.24 provides in relevant part:

> [A]ttorney's fee[s]. . . shall not be taxed in any case unless it appears by affidavit of the attorney that there is not and has not been an agreement between the attorney and the attorney's client or any other person, express or implied, for any division or sharing of the fee to be taxed.

The defendant argues that the plaintiff's motion should be denied because it has failed to explain its fee arrangement with counsel and in particular, the disparity between the amount of fees and expenses that it has paid to its counsel and the amount of fees

being sought.

The defendant's argument is not well taken. The record reflects that the fee arrangement between the plaintiff and its counsel is on an hourly basis. (Doc. #236, Tanski Aff. ¶3.) The plaintiff has filed an affidavit of Valerie Crane in which she avers that RCL has incurred all of the attorneys' fees and costs sought in the motion, is liable for these fees and is making payments towards its outstanding balance. (Doc. #239, Crane Aff. ¶2.)

The defendant next argues that the court should not award any fees because the plaintiff's claim is "significantly overstated." (Doc. #227, Def's Mem. in Opp'n at 25.) According to the defendant, the fee request is overstated because (1) it is disproportionate to the amount in controversy, which the defendant asserts was contract damages of approximately $120,000 and (2) the plaintiff drove up litigation costs. (Doc. #227 at 25.) The plaintiff disputes the defendant's characterization of its claimed damages, which it alleges approached a million dollars, (doc. #237, Tanski Aff., ex. B.) and the defendant's assertion that the plaintiff escalated the litigation.

The record reflects that in response to the plaintiff's breach of contract claim, the defendant filed counterclaims and a third-party complaint against Crane alleging that, <u>inter alia</u>, the plaintiff made fraudulent misrepresentations to induce the

defendant to enter the research contract. As relief, the defendant sought to recoup all the payments it had made to the plaintiff during the life of the contract - some $4 million dollars. (Doc. #177, JTM at 9.) The defendant's defenses and counterclaims also called into question the propriety of the plaintiff's research conducted over a period of years. On this record, the court declines to deny the fee petition on the grounds that the attorneys' fees do not bear a reasonable relationship to the damages at stake.

The defendant also argues that the plaintiff's motion should be denied because plaintiff's counsel has not adequately delineated the time devoted to Valerie Crane's ("Crane") representation. (Doc. #227 at 32.) The parties' settlement agreement provides that "Valerie Crane will not seek reimbursement for her personal attorneys' fees." (Settlement Agreement ¶7.) According to the plaintiff, approximately 7.2 hours were spent solely on the defense of Meredith's third-party claims against Crane. (Doc. #237, Mack Aff. ¶5.) The plaintiff explains that the small amount of time was because the claims against RCL were identical to those asserted against Crane individually.[7] (Doc. #231 at 19.) As a result, time spent defending the third-party claims against Crane is largely inseparable from the time spent rebutting the defendant's defenses

---

[7] The defendant does not dispute that the factual allegations against RCL and Crane were the same. See doc. #118, Amended Answer with Counterclaims and Third-Party Complaint.

and counterclaims against Crane. On the record before the court, the defendant's argument is not a basis upon which to deny the fee application. However, the hours devoted to Crane will be deducted from the plaintiff's award.[8]

B.  Reasonable Fees

Having determined that the plaintiff is not barred from receiving attorneys' fees, the court next considers the amount which constitutes a reasonable award. A determination of an appropriate award of attorneys' fees rests soundly within the discretion of the district court. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The parties agree that a reasonable fee is determined by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433.

Applicable Rates

The plaintiff seeks $948,495.50 in attorneys' fees for its lead counsel, Hutchins, Wheeler & Dittmar and Nixon Peabody of Boston, Massachusetts.[9] The plaintiff requests that it be awarded fees typically charged in the Boston legal community. See doc. #216 at 13. The defendant objects and contends that the rates for Connecticut, the forum district, apply to the plaintiff's fee application.

---

[8]These hours were billed by Attorney Mack. Doc. #218, ex. B.

[9]Hutchins, Wheeler & Dittmar P.C. merged into Nixon Peabody in 2003. For ease of reference, lead counsel shall hereinafter be referred to as Nixon Peabody.

The plaintiff concedes that generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits. (Doc. #231, Pl's Reply Br. at 12; Tr. at 39.) Notwithstanding, the plaintiff contends that its lead counsel should be awarded Boston rates because (1) the award of fees is pursuant to ¶10 of the research contract, the intent of which was to make RCL whole in the event that it was forced to litigate and (2) the plaintiff, a Massachusetts company, "naturally retained counsel in Boston" with whom it had a relationship. (Doc. #231, Pl's Reply Br. at 12; Tr at 48.). The plaintiff also reasons that the court should consider the relevant legal community not to be Connecticut attorneys in Connecticut but "Boston attorneys coming down to Hartford to practice." (Tr. at 45.)

The court is not persuaded. A district court may use an out-of-district hourly rate

> if it is clear that a reasonable, paying client would have paid those higher rates. We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted - albeit only in the unusual case - if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill.

<u>Arbor Hill Concerned Citizens v. County of Albany</u>, 522 F.3d 182, 191 (2d Cir. 2008). The plaintiff has not shown that a reasonable, paying client would have paid the higher rates of Boston counsel.

Although this contentious business dispute was vigorously litigated, the court concludes, and the plaintiff does not dispute, that the issues presented were not beyond the ken of experienced Connecticut counsel.  The court can discern no overriding reason to conclude that a reasonable client would have been compelled to seek the services of a more expensive Boston attorney to litigate this matter.  Accordingly, the court will apply rates of the forum district.

Attorneys Joseph Tanski, a partner and David Mack, a senior associate, performed the lion's share of the litigation.[10]  Based on the court's familiarity with the fees charged by attorneys with comparable experience in Connecticut[11] as well as the parties' submissions, the court concludes a reasonable, paying client in this district would be willing to pay lawyers with the skill and experience of Attorneys Tanski and Mack hourly rates of $400 and $275 respectively for their work on this case.  The court further finds that $300 is a reasonable hourly rate for work performed by Attorneys Karis and Messenger; $180 per hour for attorneys Clifford, Jaffe, Deady, Burton and Yen.  See doc. #232, Clifford Aff.; doc. #233 Jaffe Aff.; doc. #234, Burton Aff.; doc. #236,

---

[10]Attorney Tanski billed 605.20 hours and attorney Mack billed 1257.80 hours.

[11]A district court may "use its knowledge of the relevant market when determining the reasonable hourly rate." McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 97 (2d Cir. 2006).

12

Tanski Aff.; doc. #237, Mack Aff.; doc. #246, Clasen Aff.

Other Staff

The plaintiff also seeks $34,022.50 as compensation for the time spent by six paralegals ($32,988), three librarians ($967) and a computer technician ($67.50). (Doc. #218, ex. B.) The defendant argues that fees for these individuals are not compensable under the fee provision in the research contract, which provides that "[i]n the event that [RCL] institutes legal action to collect any sum(s) due under this Agreement, the [non-]prevailing party in the litigation shall pay the other party's court costs and reasonable attorney's fees." (Research Contract ¶10.) The court is not persuaded that this provision excludes compensation for paralegals. See Missouri v. Jenkins, 491 U.S. 274 (1989)(construing term "reasonable attorney's fee" in 42 U.S.C. § 1988 to permit award of paralegal fees).

The court nonetheless declines to award fees for paralegal services because the record is bereft of any evidence as to the prevailing rates for similarly situated paralegals in this district. The plaintiff may refile this portion of the fee application within 30 days of this court's order.

The court also declines to award fees for library and computer services because such fees are general overhead expenses of the law firm and should not be charged to the defendant in this case. In light of the foregoing, the attorney fee award is reduced by

13

$34,022.50.

Local Counsel

The plaintiff was represented by local counsel, Whitman Breed Abbott & Morgan, for which it seeks fees of $12,254. (Doc. #221, Gaughan Aff., ex. B.) The defendant does not contest the requested rates. The court finds the rates charged by local counsel to be reasonable.

Hours Reasonably Spent

The plaintiff claims that its lead counsel of Nixon Peabody reasonably spent 2656.75 hours on this case through the date of execution of the Settlement Agreement.[12] (Doc. #218, ex. B.) The defendant argues that the requested hours are unreasonable because the plaintiff engaged in "frivolous motion practice" (doc. #227 at 33) and overstaffed the case, spending an excessive number of hours on virtually every phase.

In analyzing an application for attorney fees, only those hours "reasonably expended" are to be awarded. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court can reduce the "lodestar figure for overstaffing as well as for other forms of duplicative or inefficient work." In re Agent Orange Product Liability Litigation, 818 F.2d 226, 237 (2d Cir. 1987). To establish time reasonably expended, a claimant must document the

---

[12]This figure represents the number of hours billed by attorneys from Nixon Peabody and does not incorporate the hours of additional staff such as paralegals.

14

application with contemporaneous time records that specify the date, the hours expended, and the nature of the work done. New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). In this case, plaintiff's attorneys have submitted four years' worth of detailed billing records and other documents. See, e.g., doc. #218, Tanski Aff.; doc. #221, Gaughan Aff.; doc. #219, Mack Aff. ex. 1.

When presented with an extensively documented claim such as this, the court need not address in writing each and every entry; attorneys' fees requests should not become mini-trials. See Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.") Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," a court may apply an across-the-board percentage cut "as a practical means of trimming fat from a fee application." Carey, 711 F.2d at 1146. See Copeland v. Marshall, 641 F.2d 880, 903 (D.C. Cir. 1980) ("It is neither practical nor desirable to expect the trial court judge to have reviewed each paper in this massive case file to decide, for example, whether a particular motion could have been done in 9.6 hours instead of 14.3.")

The defendant's concerns are exaggerated. Although the requested number of hours is a large number, it is not outlandish

in light of the nature of the litigation, which was a very large, complicated and extensive endeavor.[13] The apparently excessive time spent by plaintiff's counsel on some tasks often was the result of the aggressiveness with which defendant's counsel litigated the case.[14] On the other hand, in some instances the time spent by plaintiff's counsel appears more than necessary and therefore must be reduced. The court finds appropriate a reduction of five percent to the hours submitted by attorneys Tanski and Mack, plaintiff's lead counsel, to reflect the extent to which they devoted more time than was reasonably necessary to the litigation.

The plaintiff claims that its local counsel, Whitman Breed Abbott & Morgan, reasonably spent 66 hours on this case through the date of execution of the Settlement Agreement. See doc. #221. Upon review and absent objection by the defendant, the court agrees

---

[13] The court notes that the amount that plaintiff seeks in fees favorably compares to that expended by the defense. See Doc. #237, Mack Aff. ¶7 (averring that defense counsel expended approximately 4000 hours). See Hnot v. Willis Group Holdings Ltd., No. 01 Civ. 6558(GEL), 2008 WL 1166309, at *2 (S.D.N.Y. Apr. 7, 2008) (Defendant's fees are "a useful cross-check indicating that plaintiffs' request is not out of proportion to the magnitude of the litigation.")

[14] The defendant suggests that the plaintiff's motion practice was frivolous because a significant percentage of its motion were not granted. (Doc. #227 at 32.) Based on its review of the pleadings, the court is not persuaded that this is the case. Moreover, a court should not necessarily disallow fees for every motion that a prevailing party did not win. Reasonable paying clients may agree to "pay[] their lawyers for advancing plausible though ultimately unsuccessful arguments." Rozell v. Ross-Holst, No. 05 Civ. 2936(JGK)(JCF), 2008 WL 2229842, at *6 (S.D.N.Y. May 29, 2008).

16

that the claimed hours are reasonable.

### Fees Incurred after the Settlement Agreement

The plaintiff also seeks fees incurred by Nixon Peabody after the settlement agreement in connection with the instant fee petition. (Doc. #250, tr. at 73; doc. #242, ex. B.) Plaintiff's counsel contends that it spent approximately 120 hours in the two months after the settlement agreement was executed. (Doc. #250, tr. at 73.) However, plaintiff's counsel made an agreement with its client to cap its bill for services in connection with the fee petition to $20,000. (Doc. #236, Tanski Aff. ¶3; doc. #250, tr. at 73.) Notwithstanding this agreement, plaintiff's counsel requests that the court award fees in excess of the cap. (Doc. #250, tr. at 8.) The request is unavailing. Because plaintiff's counsel agreed to be paid $20,000 for their work, they cannot now seek reimbursement in excess of that amount. See Blumenschine v. Professional Media Group, LLC, No. 3:02CV2244(HBF), 2007 WL 988192, at *18 (D. Conn. Mar. 30, 2007) (court held that where attorney agreed to be paid a specified hourly rate for his work, he could not seek reimbursement at a higher rate). The court awards the plaintiff $20,000 for fees incurred after the settlement agreement was executed.

### Costs

The plaintiff seeks $127,945.98 in costs. (Doc. #216 at 5; doc. #218, Tanski Aff. ex. A; doc. #236, Tanski Aff. ex. D; doc.

17

#221, Gaughan Aff.). The defendant has not advanced any objection to the plaintiff's claimed costs. The plaintiff's request for costs is granted.

Interest

The plaintiff requests in the opening paragraph of its motion that it be awarded interest. (Doc. #216 at 1.) The plaintiff cursorily asks in the conclusion section of its motion that the interest be "at the rate specified by the Research Contract (18% per annum)" on the amount of fees and costs RCL has paid. (Doc. #216 at 14.) The research contract provides that "nonpayment [of monies for research studies] will result in a service charge of 1.5% (18% per annum) for fees due." (Research Contract ¶7.) This contractual provision is inapplicable to the instant motion for attorneys' fees and accordingly the court denies the plaintiff's request.

III. Conclusion

Based on the foregoing, the plaintiff's motion for attorneys' fees and costs (doc. #216) is granted in part. The court awards the plaintiff $733,049.50 for attorneys' fees as follows: $700,795.50 for fees lead counsel incurred before the settlement agreement[15], $20,000 for fees lead counsel incurred after the

---

[15] After deducting 7.2 hours billed by attorney Mack for time devoted to Crane, deducting 5% from the hours billed by attorneys Tanski and Mack and adjusting the rates for all timekeepers to reflect a reasonable hourly rate, fees for lead counsel prior to the settlement agreement are:

settlement agreement, and $12,254 for fees for local counsel.[16] The court finds no adjustment in this presumptively reasonable fee is warranted.

The plaintiff is awarded $127,945.98 in costs for a total award of $860,995.48.

SO ORDERED at Hartford, Connecticut this 10th day of September, 2008.

```
            _____/s/_____
                     Donna F. Martinez
                     United States Magistrate Judge
```

---

```
Attorney Tanski:     574.9 hours at $400/hr=  $229,960
Attorney Mack:      1188.1 hours at $275/hr=  $326,727.5
Attorney Messenger:    1.5 hours at $300 /hr=      $450
Attorney Karis:        8.7 hours at $300/hr=      $2610
Attorney Clifford:   247.1 hours at $180/hr=    $44,478
Attorney Jaffe:      336.2 hours at $180/hr=    $60,516
Attorney Clark:        3.0 hours at $180/hr=       $540
Attorney Deady:       22.2 hours at $180/hr=      $3996
Attorney Rostock:      9.1 hours at $180/hr=      $1638
Attorney Burton:     127.7 hours at $180/hr=    $22,986
Attorney Yen:         38.3 hours at $180/hr=      $6894
                                              _____
                                              $700,795.50
```

[16]This reflects 44.9 hours at $250/hr billed by Charles Pieterse and 20.3 hours at $150/hr billed by Matt Piatkowski, reduced by a "courtesy discount." (Doc. #221, Gaughan Aff. ex. B.)