UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RESEARCH COMMUNICATIONS, LTD., : | |
| Plaintiff, : | |
| v. : | Civil No. 3:00CV2179(DFM) |
| MEREDITH CORPORATION, : | |
| Defendant. : | |

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Pending before the court is the plaintiff's motion for reconsideration of the court's September 10, 2008 order on the plaintiff's motion for attorneys' fees and costs. (Doc. #253.)

This diversity action involves claims of breach of contract, breach of the duty of good faith and fair dealing, negligent misrepresentation, fraudulent nondisclosure and fraudulent misrepresentation. Before trial, the parties reached a settlement agreement resolving the liability aspect of the case and reserving the issue of attorneys' fees and costs for the undersigned to adjudicate. After extensive briefing and oral argument, the court awarded the plaintiff $860,995.48 in fees and costs. (Doc. #251.) The court addressed the plaintiff's request for prejudgment interest as follows:

Interest

The plaintiff requests in the opening paragraph of its motion that it be awarded interest. (Doc. #216 at 1.) The plaintiff cursorily asks in the conclusion section of its motion that the interest be "at the rate specified by the Research Contract (18% per annum)" on

> the amount of fees and costs [the plaintiff] has paid. (Doc. #216 at 14.) The research contract provides that "nonpayment [of monies for research studies] will result in a service charge of 1.5% (18% per annum) for fees due." . . . This contractual provision is inapplicable to the instant motion for attorneys' fees and accordingly the court denies the plaintiff's request.

(Doc. #251 at 18.)

In the instant motion made pursuant to D. Conn. L. Civ. R. 7(c),[1] the plaintiff "requests that the Court reconsider that portion of the Order which denied [its] request for prejudgment interest and award [the plaintiff] statutory prejudgment interest based on Massachusetts General Laws, Chapter 231, Section 6C." (Doc. #253 at 1.) The plaintiff seeks an award of $330,771,72 in prejudgment interest on its attorneys' fees. The defendant argues that the plaintiff's motion should be denied because, inter alia, it raises an issue that was not presented in the plaintiff's underlying motion.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader

---

[1] The Second Circuit has held that motions for reconsideration under the local rule "are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e) - each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." City of Hartford v. Chase, 942 F.2d 130, 133 (2d Cir. 1991).

v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.  The grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  The decision on such a motion "is committed to the sound discretion of the district judge."  McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

The plaintiff does not state the ground upon which its motion is based.  Because it does not identify "an intervening change of controlling law" or "the availability of new evidence," the court surmises that the plaintiff's motion is premised on "the need to correct a clear error or prevent manifest injustice."

The court finds no error in its decision warranting reconsideration.  The plaintiff's claim that is entitled to prejudgment interest pursuant to Mass. Gen. Laws ch. 231 § 6C comes too late and is inappropriate for a motion for reconsideration. The relief sought by the motion to reconsider was not sought in the underlying motion which resulted in the September 10, 2008 Order. "Motions for reconsideration are not designed to allow parties to make arguments that they could have and should have made before the court ruled."  Packer v. SN Servicing Corp., 250 F.R.D. 108, 112

(D. Conn. 2008). See also Palmer v. Sena, 474 F. Supp.2d 353, 355 (D. Conn. 2007) ("A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion."); J-Square Marketing, Inc. v. Sipex Corp., No. 3:97CV0924, 2001 WL 536734, at *4 n.2 (D. Conn. May 21, 2001)(a motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court").

The plaintiff claims, however, that it raised this issue in oral argument on its motion for attorneys fees. Plaintiff's counsel discussed prejudgment interest as follows:

> I ask for interest on all amounts that have been paid out on [the plaintiff], on such fees and expenses, at the 18 percent contract rate . . . I know that's mentioned in the context of her suing . . . them and recovering for amounts they owe her for services, but I think that would be a fair rate, since that's the rate the parties have in mind for that kind of thing. I think that would be a fair prejudgment rate.
> If that doesn't fly, I would suggest that you use a Massachusetts statutory contractual rate, which is twelve percent, and I would run that rate on the bills that RCL paid, which amount to six hundred and-some-odd thousand dollars, from the date of payment[2] until whenever they find -- until the judgment's entered.

(Doc. #250, Tr. at 72.)

The court did not commit "clear error" by not addressing this fleeting reference in oral argument to an unspecified

---

[2] The court notes that this inception date appears to differ from the inception date in the plaintiff's motion for reconsideration of June 18, 2004.

4

Massachusetts' statute.  See Packer v. SN Servicing Corp., 250 F.R.D. 108, 112 (D. Conn. 2008) (denying motion for reconsideration where "[t]he Court cannot identify any discussion of this issue in Plaintiffs' Memorandum . . . . noting that "[i]t is well settled that a failure to brief an issue is grounds to deem the claim abandoned.")

Because the plaintiff has satisfied the strict standard for granting a motion for reconsideration, the motion (doc. #253) is denied.

SO ORDERED at Hartford, Connecticut this 13th day of April, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge