```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RESEARCH COMMUNICATIONS, LTD.,         :
                                       :
     Plaintiff/Counterclaim Defendant, :
                                       :
     v.                                : CASE NO. 3:00cv2179(DFM)
                                       :
MEREDITH CORPORATION,                  :
                                       :
     Defendant/Counterclaim Plaintiff, :
                                       :
                                       :
MEREDITH CORPORATION,                  :
                                       :
     Third Party Plaintiff,            :
                                       :
     v.                                :
                                       :
VALERIE CRANE,                         :
                                       :
     Third Party Defendant.
```

RULING ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Pending before the court is the plaintiff's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment to add prejudgment interest. (Doc. #265.) For the reasons set forth below, the motion is denied.

I. Background

The plaintiff, Research Communications, Ltd., a Massachusetts corporation, and Meredith Corporation Communications, Ltd , an Iowa corporation, entered into a contract ("research contract") whereby the defendant agreed to pay the plaintiff to conduct market research and related services. The research contract contained an attorneys' fees provision:

> In the event that [Research Communications] institutes legal action to collect any sum(s) due under this Agreement, the [non-]prevailing[1] party in the litigation shall pay the other party's court costs and reasonable attorney's fees.

(Doc. #219, Mack Aff., Ex. 7, Research Contract, ¶10.)

The plaintiff commenced this diversity action alleging that the defendant breached the research contract by failing to pay it for research services. The complaint also contained a claim for quantum meruit. (Doc. #102.) On May 26, 2004, the parties reached a settlement that resolved the liability aspect of the case but reserved for adjudication the issue of attorneys' fees and costs. (Doc. #225.) The parties' settlement agreement provided in pertinent part:

> The attorneys' fees and legal expenses claim will take place based on the following stipulations:
>
> a.) [Plaintiff] is the prevailing party on its claims and [defendant] is the non-prevailing party on [plaintiff's] claim and on its counterclaims and third-party claims. . . .
>
> c.) The amount of the settlement will not be disclosed to [the court] nor taken into account in the trial for attorneys' fees and expenses.

(Doc. #225, Settlement Agreement, ¶4.)

On June 18, 2004, the plaintiff filed a motion seeking

---

[1] The research contract originally stated that the "prevailing" party would pay costs and attorneys' fees. The parties subsequently corrected this scrivener's error in the settlement agreement. See doc. #219, ex. 6, Settlement Agreement at ¶8 ("The attorneys' fees provision of the contract (¶10) is reformed as follows: the word 'prevailing' is changed to 'non-prevailing'.")

$1,088,695.40 in attorneys' fees and costs. (Doc. #216.) Voluminous briefing followed. On September 10, 2008, the court granted the motion in part, awarding the plaintiff $860.995.48. (Doc. #251). On September 16, 2008, the plaintiff filed a motion pursuant to D. Conn. L. Civ. R. 7(c)[2] for reconsideration of the court's ruling insofar as it did not award the plaintiff prejudgment interest on the award of attorneys' fees. (Doc. #253.) In its motion for reconsideration, the plaintiff sought prejudgment interest under Massachusetts state law, Mass. Gen. L. ch. 231, § 6C, as of June 18, 2004, the date the plaintiff filed its motion for attorneys' fees and costs. (Doc. #253 at 4.) The court denied the plaintiff's motion on the grounds that the plaintiff had not met the requisite standards for reconsideration and had "waived its argument that the Massachusetts statute should be applied to award it prejudgment interest by failing to develop this argument in its briefs." (Doc. #261 at 4.) Thereafter, on April 14, 2009, final judgment entered as to the award of attorneys' fees and costs.[3] (Doc. #264.) This motion followed.

---

[2]Local Rule 7(c) provides that motions for reconsideration shall be filed within ten days of the filing of the decision or order from which such relief is sought.

[3]On September 10, 2008, the court awarded the plaintiff attorneys' fees and costs of $860.995.48. (Doc. #251.) Thereafter the plaintiff filed, and the court granted, an application for an award of $31,931 for paralegal fees. (Doc. ##255, 262.) The final judgment entered on April 14, 2009 was in the amount of $892,926.48 in attorneys' fees and costs, the aggregate of the awards.

II. Discussion

The plaintiff seeks to amend the judgment pursuant to Fed. R. Civ. P. 59(e) to add prejudgment interest pursuant to Massachusetts state law on its award of attorneys' fees and costs. The plaintiff maintains that it did not waive its right to request prejudgment interest and points to authority that Fed. R. Civ. P. 59(e) is a proper vehicle for requesting prejudgment interest. See e.g., Stanford Square, L.L.C. v. Nomura Asset Capital Corp., 232 F. Supp. 2d 289, 291 (S.D.N.Y. 2002).

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to move to alter or amend a judgment. The decision whether to grant or deny a Fed. R. Civ. P. 59(e) motion "is committed to the sound discretion of the district judge." McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). As the plaintiff notes, a party may request prejudgment interest by way of a postjudgment motion. Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989). See also U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, No. 98-CV-3099, 2005 WL 736149, at *1 (S.D.N.Y. Mar. 29, 2005) ("the Second Circuit has concluded that the prevailing party's failure to request interest in its pleadings does not constitute waiver of the right to prejudgment interest.")

The defendant does not dispute that prejudgment interest may be requested in a postjudgment motion. The defendant, however, objects to the plaintiff's request on both procedural and

4

substantive grounds.

The defendant first argues that the plaintiff's motion is untimely. (Doc. #271, Def's Opp'n at 4.) At the time the plaintiff filed this motion, Fed. R. Civ. P. 59(e) provided: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."[4] As prescribed by the rule, the plaintiff filed this motion within ten days after judgment was entered. Notwithstanding, the defendant claims that the clock runs from the date of the court's order awarding fees, that is, September 10, 2008, as opposed to the date the court entered judgment, April 14, 2009. (Doc. #271, Def's Opp'n at 5-6.) The defendant points out that after the court ruled on the plaintiff's motion for attorneys' fees and costs on September 10, 2008, the plaintiff moved for reconsideration, which the court denied on April 13, 2009. The defendant reasons that the court's April 13, 2009 order "did not constitute a new judgment or create a new ten day period to file a motion under Rule 59" and that as a result, the plaintiff's motion was due within ten days of the original order. In support of its argument that the court should deny the plaintiff's motion as untimely, the defendant cites <u>Andrews v. E. I. Du Pont De Nemours & Co.</u>, 447 F.3d 510 (7th Cir. 2006).

In <u>Andrews</u>, the plaintiff filed a Rule 59(e) motion to alter

---

[4]Effective December 1, 2009, Rule 59(e) was amended to allow 28 days for motions to alter a judgment. Fed. R. Civ. P. 59(e).

5

or amend the judgment within ten days of the judgment. The court subsequently denied the plaintiff's motion. Rather than file an appeal, the plaintiff filed a second postjudgment Rule 59(e) motion. The district court rejected this second motion as untimely, finding that its previous order did not create a new judgment and the plaintiff's motion was brought forty-three days after the court entered judgment. Id. at 514. Thereafter, more than thirty days after the court's ruling on his initial postjudgment motion, the plaintiff filed a notice of appeal. On appeal, the Court of Appeals concluded that the plaintiff's second Rule 59(e) motion did not toll the time for appeal and as a result, his appeal "was timely only as to the order denying the second Rule 59(e) motion." Id. at 514. The court noted that although a "timely Rule 59(e) motion - one filed within ten days of the entry of judgment - suspends the time for taking an appeal . . . . Once the Rule 59(e) motion has been ruled on, the thirty day appeal clock begins to run. . . . [A] party may not continue to file motions to alter or amend judgment in order to forestall the time for appealing; only the first motion stops the clock." Id. at 515..

The authority offered by the defendant is inapposite. Andrews and the other cases cited by the defendant question the timeliness of serial postjudgment Rule 59 motions. That is not the issue presented. In this case, the plaintiff filed only one postjudgment

6

motion and filed it within ten days after judgment entered, as required by Fed. R. Civ. P. 59(e). The plaintiff's motion is not untimely. See <u>New Shows, S.A. de C.V. v. Don King Productions, Inc.</u>, Nos. 99-9019, 9069, 2000 WL 354214, at *5 (2d Cir. Apr. 6, 2000)(where jury returned verdict on December 1, 1998 but final judgment did not enter until March 12, 1999, Rule 59(e) motion for prejudgment interest filed within ten days of the entry of that judgment was timely "[u]nder a literal reading of the Rules").

The defendant next argues that the court should deny the motion because it contains an argument – that is, that Rule 59(e) is an appropriate vehicle by which to request prejudgment interest - that the plaintiff should have raised in its earlier motion. (Doc. #271, Def's Opp'n at 6-7.) The defendant does not dispute that a postjudgment motion pursuant to Rule 59(e) is an appropriate procedural vehicle to seek prejudgment interest. Under the circumstances of this case, the court declines to deny the plaintiff's motion on the grounds that it did not previously brief this issue and proceeds to address the merits of the motion.

The plaintiff seeks prejudgment interest in this diversity action pursuant to Massachusetts state law.

"The awarding of prejudgment interest is considered a question of substantive law. . . . Federal courts exercising diversity jurisdiction must apply the choice of law rules of the forum state . . . to determine which state's substantive law applies."

7

Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999).

The plaintiff argues that under Connecticut's choice of law rules, Massachusetts law applies.[5] The defendant, while not conceding that Massachusetts law applies, contends that the plaintiff's motion fails because under Massachusetts law, an award of attorneys' fees is not entitled to prejudgment interest. (Doc. #271, Def's Opp'n at 9.)

The applicable Massachusetts prejudgment interest statute, Mass. Gen. Laws ch. 231, § 6C, "provides that, after finding a breach of contract, prejudgment interest at the rate of twelve percent per annum is to be calculated from the date of the breach or demand, if established." Bowers v. Baystate Technologies, Inc., 112 F. Supp.2d 185, 187 (D. Mass. 2000). The statute states in pertinent part:

> In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action . . . .

Mass. Gen. Laws ch. 231, § 6C.

---

[5]The plaintiff argues that "if the court should decline to apply Massachusetts law, the court should apply Iowa law and award it prejudgment interest under Iowa's state statute." Because the court, assuming arguendo that Massachusetts law governs, addresses the applicability of the Massachusetts statute, the court need not reach the plaintiff's alternative argument.

The parties dispute whether the attorneys' fees awarded the plaintiff are contract damages for purposes of Mass. Gen. Laws ch. 231, § 6C. The court concludes that they are not and therefore the plaintiff is not entitled to prejudgment interest.

The plaintiff was awarded attorneys' fees because it prevailed on its underlying contract claim. The operative contract contained an attorneys' fee provision and the parties stipulated in their settlement agreement that the plaintiff was the prevailing party for purposes of the fee provision. The plaintiff does not submit, nor does the court's research reveal, case law in which attorneys' fees awarded pursuant to a contractual fee-shifting provision are entitled to prejudgment interest under Mass. Gen. Laws ch. 231, § 6C. To the contrary, the district court in <u>Interstate Brands Corp. v. Lily Transp. Corp.</u>, 256 F. Supp.2d 58 (D. Mass. 2003) concluded that such fees are not considered contract damages for purposes of the statute.

In <u>Interstate Brands Corp.</u>, the jury awarded the defendant lost profits on its breach of contract counterclaim and attorneys' fees pursuant to a provision in the contract calling for reimbursement of enforcement costs. Thereafter the defendant sought prejudgment interest pursuant to Mass. Gen. Laws ch. 231, § 6C on its attorneys' fees award. The district court denied the defendant's request, finding that the "recovery of fees in this case follows from an indemnity provision of the contract.

9

[Plaintiff] never breached this provision and [defendant's] right to recover fees did not even vest until the jury returned its verdict and [defendant] prevailed on the underlying breach claim." Id. at 63.

The plaintiff's recovery of fees in this case follows from a similar provision in the parties' contract. The underlying breach of contract claim was for nonpayment of fees for services, not a failure to reimburse attorneys' fees. The plaintiff's right to recover fees did not vest until the parties resolved the underlying breach of contract claim. As in Interstate Brands, the attorneys' fees were "not an element of 'damages' flowing from breach but rather an additional contractual right of recovery incident to that breach which vests when a party successfully takes action to enforce its rights." Id. at 63 n.3. The plaintiff is not entitled to prejudgment interest on its award of attorneys' fees.

III. Conclusion

For these reasons, the plaintiff's motion to alter or amend the judgment (doc. #265) to add prejudgment interest is denied.

SO ORDERED at Hartford, Connecticut this 6th day of January, 2011.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge